# EXHIBIT 1

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Mar-06-2018 1:22 pm

Case Number: CGC-18-564833

Filing Date: Mar-06-2018 1:15

Filed by: NEYL WEBB

Image: 06242638

COMPLAINT

CENTER POINT, INC. VS. MCKESSON CORPORATION ET AL

001C06242638

**Instructions:**
Please place this sheet on top of the document to be scanned.

ORIGINAL

BY FAX

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Little Fawn Boland (SBN 240181)
Ceiba Legal, LLP
35 Madrone Park Circle
Mill Valley, CA 94941
TELEPHONE NO.: (415) 684-7670 FAX NO.: (415) 684-7273
ATTORNEY FOR (Name): Center Point, Inc.

FOR COURT USE ONLY

FILED
San Francisco County Superior Court
MAR 06 2018
CLERK OF THE COURT
BY: ______ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil

CASE NAME: Center Point, Inc. v. McKesson Corporation, et al.

# CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: CGC-18-564833
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[✓] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*):
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 3·6·18
Little Fawn Boland
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

McKesson Corporation
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Center Point, Inc.

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER: *(Número del Caso):* CGC-18-564833

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Little Fawn Boland (SBN 24081), Ceiba Legal, LLP, 35 Madrone Park Circle, Mill Valley, CA 94941

DATE: 3/6/2018 MAR 06 2018
*(Fecha)*

**Clerk of the Court**

Clerk, by *(Secretario)* ______, Deputy *(Adjunto)*

NEYL WEBB

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Center Point, Inc. v. McKesson Corporation, et al | |

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

Cardinal Health, Inc.
Amerisourcebergen Corporation;
CVS Health Corporation;
Walgreens Boots Alliance, Inc.;
Wal-Mart Stores, Inc.,
Purdue Pharma L.P.;
Purdue Pharma, Inc.;
The Purdue Frederick Company, Inc.;
Teva Pharmaceutical Industries, Ltd.;
Teva Pharmaceuticals USA, Inc.;
Cephalon, Inc.;
Johnson & Johnson;
Janssen Pharmaceuticals, Inc.;
Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.;
Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc.;
Endo Health Solutions, Inc.;
Endo Pharmaceuticals, Inc.;
Allergan PLC f/k/a Actavis PLC;
Watson Pharmaceuticals, Inc. n/k/a Actavis, Inc.;
Watson Laboratories, Inc.;
Actavis LLC;
Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.;
Mallinckrodt, PLC d/b/a Mallinckrodt Pharmaceuticals,
Does 1 Through 100, Inclusive

Page 1 of 1



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

BY FAX

ORIGINAL

LITTLE FAWN BOLAND (SBN 240181)
CEIBA LEGAL, LLP
35 Madrone Park Circle
Mill Valley, CA 94941
Telephone: (415) 684-7670
Facsimile: (415) 684-7273

CENTER POINT, INC.
Attorneys for Plaintiff,

FILED
San Francisco County Superior Court
MAR 06 2018
CLERK OF THE COURT
BY: Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

CENTER POINT, INC.

Plaintiff,

vs.

MCKESSON CORPORATION;
CARDINAL HEALTH, INC.;
AMERISOURCEBERGEN CORPORATION;
CVS HEALTH CORPORATION;
WALGREENS BOOTS ALLIANCE, INC.;
WAL-MART STORES, INC.,
PURDUE PHARMA L.P.;
PURDUE PHARMA, INC.;
THE PURDUE FREDERICK COMPANY, INC.;
TEVA PHARMACEUTICAL INDUSTRIES, LTD.;
TEVA PHARMACEUTICALS USA, INC.;
CEPHALON, INC.;
JOHNSON & JOHNSON;
JANSSEN PHARMACEUTICALS, INC.;
ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.;
JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO

Case No.: CGC-18-564833

**COMPLAINT FOR:**
1. **Nuisance;**
2. **Negligence & Gross Negligence;**
3. **Unjust Enrichment;**
4. **Common Law Fraud; and**
5. **Civil Conspiracy**

**JURY TRIAL DEMANDED**

HEALTH SOLUTIONS INC.; )
ENDO PHARMACEUTICALS, INC.; )
ALLERGAN PLC f/k/a ACTAVIS PLC; )
WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; )
WATSON LABORATORIES, INC.; )
ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; )
MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, )
DOES 1 THROUGH 100, INCLUSIVE, )

Defendants.

---

Comes now the Plaintiff, CENTER POINT, INC., a California not-for-profit corporation, (hereinafter referred to as "Center Point"), by and through its attorneys, and files suit against the Defendants and would show as follows:

## INTRODUCTION

1. The addiction epidemic of prescription opioid abuse in the United States has caused health care providers, including Center Point, extraordinary economic damages, substantial loss of resources, and capital costs. This epidemic is the largest health care crisis in U.S. history, and it has financially harmed Center Point to the point that it has hampered its ability to provide health and addiction services.

2. Prescription opioids are deadlier than heroin. According to the National Institutes of Health, prescription opioids kill almost twice as many people in the United States as heroin. Prescription opioids and related drug overdose deaths surpass car accident deaths in the U.S. The costs to health care are overwhelming.

3. This epidemic and its consequences could have been, and should have been,

prevented by the Defendants who control the U.S. drug distribution industry and the Defendants who manufacture the prescription opioids. These Defendants have profited greatly by allowing the geographic areas that Center Point serves to become flooded with prescription opioids.

4. The drug distribution industry is supposed to serve as a "check" in the drug delivery system, by securing and monitoring opioids at every step of the stream of commerce, protecting them from theft and misuse, and refusing to fulfill suspicious or unusual orders by downstream pharmacies, doctors, clinics, or patients. Defendants woefully failed in this duty, instead consciously ignoring known or knowable problems and data in their supply chains.

5. Defendants thus intentionally and negligently created conditions in which vast amounts of opioids have flowed freely from drug manufacturers to innocent patients who became addicted, to opioid abusers, and even to illicit drug dealers - with distributors regularly fulfilling suspicious orders from pharmacies and clinics, who were economically incentivized to ignore "red flags" at the point of sale and before dispensing the pills.

6. Defendants' wrongful conduct has allowed millions of opioid pills to be diverted from legitimate channels of distribution into the illicit black market in quantities that have fueled the opioid epidemic in the patient demographic area of Center Point. This is characterized as "opioid diversion." Acting against their common law and statutory duties, Defendants have created an environment in which opioid diversion is rampant. As a result, unknowing patients and unauthorized opioid users have ready access to illicit sources of diverted opioids.

7. For years, Defendants and their agents have had the ability to substantially reduce the death toll and adverse economic consequences of opioid diversion, including the deaths and health ruination of hundreds of thousands of citizens. Substantial expenditures by Center Point in dealing with the problem have gone un-recouped and unreimbursed. All the Defendants in this action share responsibility for perpetuating the epidemic.

8. Defendants have foreseeably caused damages to Center Point including the

unreimbursed and/or un-recouped costs of providing: (a) opioid addiction treatment; (b) counseling and rehabilitation services; (b) lost opportunity costs; (c) the diversion of assets from the provision of other needed health treatments; and (d) increased human resources costs.

9. Center Point brings this Complaint for injunctive relief, compensatory damages, statutory damages, and any other relief allowed by law against the Defendant opioid drug distributors, retailers, and manufacturers that, by their actions and omissions, knowingly or negligently have distributed and dispensed prescription opioid drugs in a manner that foreseeably injured, and continues to injure Center Point.

## PARTIES

10. The Plaintiff, Center Point, Inc. ("Center Point"), is a California not-for-profit corporation with its principal place of business in San Rafael, California. Center Point was formed in 1971 to provide comprehensive social, educational, vocational, medical, psychological, housing and rehabilitation services to combat social problems such as substance abuse, poverty, unemployment and homelessness. Center Point's services include clinically structured and designed assistance for individuals and families struggling to overcome addiction. The opioid epidemic has flooded Center Point with patients who require Center Point's services. These services often times go unpaid and has consequently resulted in a massive accumulation of unreimbursed costs.

11. McKesson Corporation ("McKesson") has its principal place of business in San Francisco, California and is incorporated under the laws of Delaware. During all relevant times, McKesson has distributed substantial amounts of prescription opioids to providers and retailers in the geographic areas served by Center Point.

12. Cardinal Health, Inc. ("Cardinal") has its principal place of business in Ohio and is incorporated under the laws of Ohio. During all relevant times, Cardinal has distributed substantial amounts of prescription opioids to providers and retailers in the geographic areas served by Center Point.

13. AmerisourceBergen Corporation has its principal place of business in Pennsylvania and is incorporated under the laws of Delaware. During all relevant times, AmerisourceBergen has distributed substantial amounts of prescription opioids to providers and retailers in the geographic areas served by Center Point.

14. McKesson, Cardinal, and AmerisourceBergen are collectively referred to hereinafter as "Distributor Defendants."

15. CVS Health Corporation is a Delaware corporation with its principal place of business in Rhode Island. During all relevant times, CVS Health has sold and continues to sell prescription opioids in close proximity to Center Point.

16. Walgreens Boots Alliance, Inc., a/k/a Walgreen Co. ("Walgreens") is a Delaware corporation with its principal place of business in Illinois. At all relevant times, Walgreens has sold and continues to sell prescription opioids in close proximity to Center Point.

17. Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business in Arkansas. At all relevant times, Wal-Mart has sold and continues to sell prescription opioids at locations in close proximity to Center Point.

18. CVS Health, Walgreens, and Wal-Mart are collectively referred to hereinafter as the "Pharmacy Defendants."

19. Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware. Purdue Pharma, Inc. is a New York corporation with its principal place of business in Stamford, Connecticut, and The Purdue Frederick Company is a Delaware corporation with its principal place of business in Stamford, Connecticut (collectively, "Purdue"). Purdue manufactures, promotes, sells, and distributes opioids such as OxyContin, MS Contin, Dilaudid/Dilaudid HP, Butrans, Hysingla ER, and Targiniq ER in the U.S. and California. OxyContin is Purdue's best-selling opioid. Since 2009, Purdue's annual sales of OxyContin have fluctuated between $2.47 billion and $2.99 billion, up four-fold from its 2006 sales of $800 million. OxyContin constitutes roughly 30%

of the entire market for analgesic drugs (painkillers).

20. Cephalon, Inc. ("Cephalon") is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. Cephalon manufactures, promotes, sells, and distributes opioids such as Actiq and Fentora in the U.S. and California. Actiq and Fentora have been approved by the FDA only for the "management of breakthrough cancer pain in patients 16 years of age and older who are already receiving and who are tolerant to opioid therapy for their underlying persistent cancer pain." In 2008, Cephalon pled guilty to a criminal violation of the Federal Food, Drug and Cosmetic Act for its misleading promotion of Actiq and two other drugs and agreed to pay $425 million.

21. Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.") is an Israeli corporation with its principal place of business in Petah Tikva, Israel. Teva Pharmaceuticals USA, Inc. ("Teva USA") is a wholly- owned subsidiary of Teva Ltd. and is a Delaware corporation with its principal place of business in Pennsylvania. Teva USA acquired Cephalon in October 2011.

22. Teva Ltd., Teva USA, and Cephalon collaborate to market and sell Cephalon products in the U.S. Teva Ltd. conducts all sales and marketing activities for Cephalon in the U.S. through Teva USA. Teva Ltd. and Teva USA publicize Actiq and Fentora as Teva products. Teva USA sells all former Cephalon branded products through its "specialty medicines" division. The FDA-approved prescribing information and medication guide, which is distributed with Cephalon opioids marketed and sold in California, discloses that the guide was submitted by Teva USA, and directs physicians to contact Teva USA to report adverse events. Teva Ltd. has directed Cephalon to disclose that it is a wholly-owned subsidiary of Teva Ltd. on prescription savings cards distributed in California, indicating Teva Ltd. would be responsible for covering certain co-pay costs. All of Cephalon's promotional websites, including those for Actiq and Fentora, prominently display Teva Ltd.'s logo. Teva Ltd.'s financial reports list Cephalon's and Teva USA's sales as its own. Through interrelated operations like these, Teva Ltd. operates in California and the rest of the U.S.

through its subsidiaries Cephalon and Teva USA. The U.S. is the largest of Teva Ltd.'s global markets, representing 53% of its global revenue in 2015, and, were it not for the existence of Teva USA and Cephalon, Inc., Teva Ltd. would conduct those companies' business in the United States itself. Upon information and belief, Teva Ltd. directs the business practices of Cephalon and Teva USA, and their profits inure to the benefit of Teva Ltd. as controlling shareholder. (Teva Ltd., Teva USA, and Cephalon, Inc. are hereinafter collectively referred to as "Cephalon").

23. Janssen Pharmaceuticals, Inc. is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey, and is a wholly owned subsidiary of Johnson & Johnson (J&J), a New Jersey corporation with its principal place of business in New Brunswick, New Jersey. Ortho-McNeil-Janssen Pharmaceuticals, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. Janssen Pharmaceutica Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. J&J is the only company that owns more than 10% of Janssen Pharmaceuticals' stock, and corresponds with the FDA regarding Janssen's products. Upon information and belief, J&J controls the sale and development of Janssen Pharmaceuticals' drugs and Janssen's profits inure to J&J's benefit. (Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc., and J&J hereinafter are collectively referred to as "Janssen"). Janssen manufactures, promotes, sells, and distributes drugs in the U.S. and California, including the opioid Duragesic. Before 2009, Duragesic accounted for at least $1 billion in annual sales. Until January 2015, Janssen developed, marketed, and sold the opioids Nucynta and Nucynta ER. Together, Nucynta and Nucynta ER accounted for $172 million in sales in 2014.

24. Endo Health Solutions Inc. is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. Endo Pharmaceuticals Inc. is a wholly- owned subsidiary of Endo Health Solutions Inc. and is a Delaware corporation with its principal place of business in

Malvern, Pennsylvania. (Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. hereinafter are collectively referred to as "Endo.") Endo develops, markets, and sells prescription drugs, including the opioids Opana/Opana ER, Percodan, Percocet, and Zydone, in the U.S. and California. Opioids made up roughly $403 million of Endo's overall revenues of $3 billion in 2012. Opana ER yielded $1.15 billion in revenue from 2010 and 2013, and it accounted for 10% of Endo's total revenue in 2012. Endo also manufactures and sells generic opioids such as oxycodone, oxymorphone, hydromorphone, and hydrocodone products in the U.S. and California, by itself and through its subsidiary, Qualitest Pharmaceuticals, Inc.

25. Allergan PLC is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. Actavis PLC acquired Allergan PLC in March 2015, and the combined company changed its name to Allergan PLC in January 2013. Before that, Watson Pharmaceuticals, Inc. acquired Actavis, Inc. in October 2012, and the combined company changed its name to Actavis, Inc. as of January 2013, later to Actavis PLC in October 2013. Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Corona, California, and is a wholly-owned subsidiary of Allergan PLC (f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.). Actavis Pharma, Inc. (f/k/a Actavis, Inc.) is a Delaware corporation with its principal place of business in New Jersey and was formerly known as Watson Pharma, Inc. Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. Each of these defendants is owned by Allergan PLC, which uses them to market and sell its drugs in the United States. Upon information and belief, Allergan PLC exercises control over and derives financial benefit from the marketing, sales, and profits of Allergan/Actavis products. (Allergan PLC, Actavis PLC, Actavis, Inc., Actavis LLC, Actavis Pharma, Inc., Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, Inc. hereinafter are referred to collectively as "Actavis."). Actavis manufactures, promotes, sells, and distributes opioids, including the branded drugs Kadian and Norco, a generic version of Kadian, and generic versions of

Duragesic and Opana, in the U.S. and California. Actavis acquired the rights to Kadian from King Pharmaceuticals, Inc. on December 30, 2008, and began marketing Kadian in 2009.

26. Mallinckrodt, PLC ("Mallinckrodt"), an alien company doing business as Mallinckrodt Pharmaceuticals with its principal place of business in the United States in St. Louis, Missouri, is one of the largest manufacturers of the generic opioid oxycodone.

27. Purdue, Cephalon, Janssen, Endo, Actavis, and Mallinckrodt are collectively referred to hereinafter as the "Pharmaceutical Defendants."

28. The Plaintiff presently lacks information sufficient to specifically identify the true names or capacities, whether individual, corporate or otherwise, of the Defendants sued herein under the fictitious names DOES 1 through 100 inclusive. The Plaintiff will amend this Complaint to show their true names and capacities if and when they are ascertained. The Plaintiff is informed and believes, and on such information and belief alleges, that each of the Defendants named as a DOE is responsible in some manner for the events and occurrences alleged in this Complaint and is liable for the relief sought herein.

**JURISDICTION AND VENUE**

29. This Court has subject matter jurisdiction over this action because the Defendants' actions were in violation of California law.

30. Defendants have engaged in conduct and activities over a long time, systematically, individually, jointly, and severally, in California and particularly the geographic areas served by Center Point that have caused all of the Plaintiff's damages and all of which form the bases of the causes of action in this Complaint as against Defendants. Defendants have committed multiple torts and breaches within the geographic areas Center Point serves, repeatedly and systematically.

31. Defendants have systematic and substantial contacts and business relationships within the geographic areas served by Center Point.

32. This Court has personal jurisdiction over Defendants, each of which has substantial

contacts and business dealings throughout California by virtue of their distribution, dispensing, and sales of prescription opioids within California. All causes of action herein relate to Defendants' wrongful actions, conduct, and omissions within California and consequences and damages related to said wrongful actions, conduct, and omissions.

33. Venue is proper in this judicial district because many of the Defendants' acts and omissions that gave rise to the causes of action of this Complaint occurred in San Francisco. Additionally, Defendant McKesson is headquartered in San Francisco and all of the Defendants are doing business in San Francisco.

## BACKGROUND FACTS

34. Opioid means "opium - like" and the term includes all drugs derived in whole or in part from the opium poppy.

35. The United States Food and Drug Administration's website describes this class of drugs as follows: "Prescription opioids are powerful pain-reducing medications that include prescription oxycodone, hydrocodone, and morphine, among others, and have both benefits as well as potentially serious risks. These medications can help manage pain when prescribed for the right condition and when used properly. But when misused or abused, they can cause serious harm, including addiction, overdose, and death."

36. Prescription opioids with the highest potential for addiction are categorized under Schedule II of the Controlled Substances Act. They include non-synthetic derivatives of the opium poppy (such as codeine and morphine, which are also called "opiates"), partially synthetic derivatives (such as hydrocodone and oxycodone), or fully synthetic derivatives (such as fentanyl and methadone).

37. Before the epidemic of Defendants' prescription opioids, the generally accepted standard of medical practice was that opioids should only be used short-term for acute pain, pain relating to recovery from surgery, or for cancer or palliative (end-of-life) care. Due to the lack of

evidence that opioids improved patients' ability to overcome pain and function, coupled with evidence of greater pain complaints as patients developed tolerance to opioids over time and the serious risk of addiction and other side effects, the use of opioids for chronic pain was discouraged or prohibited. As a result, doctors generally did not prescribe opioids for chronic pain.

## PHARMACEUTICAL DEFENDANTS' WRONGFUL CONDUCT

38. To establish and exploit the lucrative market of chronic pain patients, each Pharmaceutical Defendant developed a well-funded, sophisticated, and deceptive marketing and/or distribution scheme targeted at consumers and physicians. These Defendants used direct marketing, as well as veiled advertising by seemingly independent third parties to spread false and deceptive statements about the risks and benefits of long-term opioid use – statements that created the "new" market for prescription opioids, upended the standard medical practice, and benefited other Defendants and opioid manufacturers. These statements were unsupported by and contrary to the scientific evidence. These statements were also contrary to pronouncements by and guidance from the FDA and CDC based on that evidence. They also targeted susceptible prescribers and vulnerable patient populations, including those in the geographic areas served by Center Point.

39. The Pharmaceutical Defendants spread their false and deceptive statements by marketing their branded opioids directly to doctors and patients in California. Defendants also deployed seemingly unbiased and independent third parties that they controlled to spread their false and deceptive statements about the risks and benefits of opioids for the treatment of chronic pain throughout Center Point's geographic areas and patient demographics.

40. The Pharmaceutical Defendants' direct and branded ads deceptively portrayed the benefits of opioids for chronic pain. For example, Endo distributed and made available on its website opana.com a pamphlet promoting Opana ER with photographs depicting patients with physically demanding jobs, misleadingly implying that the drug would provide long-term pain-relief and functional improvement. Purdue ran a series of ads, called "Pain Vignettes," for

OxyContin that featured chronic pain patients and recommended OxyContin for each. One ad described a "54-year-old writer with osteoarthritis of the hands" and implied that OxyContin would help the writer work more effectively. While Endo and Purdue agreed in 2015-16 to stop these particularly misleading representations in New York, they continued to disseminate them in California.

41. The Pharmaceutical Defendants also promoted the use of opioids for chronic pain through "detailers" – sophisticated and specially trained sales representatives who visited individual doctors and medical staff, and fomented small-group speaker programs. In 2014, for instance, these Defendants spent almost $200 million on detailing branded opioids to doctors.

42. The FDA has cited at least one of these Defendants for deceptive promotions by its detailers and direct-to-physician marketing. In 2010 an FDA-mandated "Dear Doctor" letter required Actavis to inform doctors that "Actavis sales representatives distributed . . . promotional materials that . . . omitted and minimized serious risks associated with [Kadian]," including the risk of "[m]isuse, [a]buse, and [d]iversion of [o]pioids" and, specifically, the risk that "[o]pioid[s] have the potential for being abused and are sought by drug abusers and people with addiction disorders and are subject to criminal diversion."

43. The Pharmaceutical Defendants invited doctors to participate, for payment and other remuneration, on and in speakers' bureaus and programs paid for by these Defendants. These speaker programs were designed to provide incentives for doctors to prescribe opioids, including recognition and compensation for being selected as speakers. These speakers give the false impression that they are providing unbiased and medically accurate presentations when they are, in fact, presenting a script prepared by these Defendants. On information and belief, these presentations conveyed misleading information, omitted material information, and failed to correct Defendants' prior misrepresentations about the risks and benefits of opioids.

44. The Pharmaceutical Defendants' detailing to doctors was highly effective in the

national proliferation of prescription opioids. Defendants used sophisticated data mining and intelligence to track and understand the rates of initial prescribing and renewal by individual doctors, allowing specific and individual targeting, customizing, and monitoring of their marketing.

45. The Pharmaceutical Defendants have had unified marketing plans and strategies from state to state, including California. This unified approach ensures that Defendants' messages were and are consistent and effective across all their marketing efforts.

46. The Pharmaceutical Defendants deceptively marketed opioids in California through unbranded advertising that promoted opioid use generally, yet silent as to a specific opioid. This advertising was ostensibly created and disseminated by independent third parties, but funded, directed, coordinated, edited, and distributed, in part or whole, by these Defendants and their public relations firms and agents.

47. The Pharmaceutical Defendants used putative third-party, unbranded advertising to avoid regulatory scrutiny as such advertising is not submitted to or reviewed by the FDA. These Defendants used third-party, unbranded advertising to create the false appearance that the deceptive messages came from an independent and objective source.

48. The Pharmaceutical Defendants' deceptive unbranded marketing also contradicted their branded materials reviewed by the FDA.

49. The Pharmaceutical Defendants marketed opioids through a small circle of doctors who were vetted, selected, funded, and promoted by these Defendants because their public positions supported the use of prescription opioids to treat chronic pain. These doctors became known as "key opinion leaders" or "KOLs." These Defendants paid KOLs to serve in a number of doctor-facing and public-facing capacities, all designed to promote a pro-opioid message and to promote the opioid industry pipeline, from manufacture to distribution to retail.

50. These Defendants entered into and/or benefitted from relationships with seemingly unbiased and independent organizations or groups that generated treatment guidelines, unbranded

materials, and programs promoting chronic opioid therapy, including the American Pain Society ("APS"), American Geriatrics Society ("AGS"), the Federation of State Medical Boards ("FSMB"), American Chronic Pain Association ("ACPA"), American Society of Pain Education ("ASPE"), National Pain Foundation ("NPF"), and Pain & Policy Studies Group ("PPSG").

51. The Pharmaceutical Defendants collaborated, through the aforementioned organizations and groups, to spread deceptive messages about the risks and benefits of long-term opioid therapy.

52. To convince doctors and patients in California that opioids can and should be used to treat chronic pain, these Defendants had to persuade them that long-term opioid use is both safe and helpful. Knowing that they could do so only by deceiving those doctors and patients about the risks and benefits of long-term opioid use, these Defendants made claims that were not supported by or were contrary to the scientific evidence and which were contradicted by data.

53. To convince doctors and patients that opioids are safe, the Pharmaceutical Defendants deceptively trivialized and failed to disclose the risks of long-term opioid use, particularly the risk of addiction, through a series of misrepresentations that have been conclusively debunked by the FDA and CDC. These misrepresentations – which are described below – reinforced each other and created the dangerously misleading impression that: (a) starting patients on opioids was low- risk because most patients would not become addicted, and because those who were at greatest risk of addiction could be readily identified and managed; (b) patients who displayed signs of addiction probably were not addicted and, in any event, could easily be weaned from the drugs; (c) the use of higher opioid doses, which many patients need to sustain pain relief as they develop tolerance to the drugs, do not pose special risks; and (d) abuse-deterrent opioids both prevent abuse and overdose and are inherently less addictive. Defendants have not only failed to correct these misrepresentations, they continue to make them today.

54. The Pharmaceutical Defendants falsely claimed that the risk of opioid addiction is

low, and that addiction is unlikely to develop when opioids are prescribed, as opposed to obtained illicitly; and failed to disclose the greater risk of addiction with prolonged use of opioids. Some examples of these false and deceptive claims by opioid manufacturers are: (a) Actavis employed a patient education brochure that falsely claimed opioid addiction is "less likely if you have never had an addiction problem;" (b) Cephalon and Purdue sponsored APF's *Treatment Options: A Guide for People Living with Pain*, falsely claiming that addiction is rare and limited to extreme cases of unauthorized doses; (c) Endo sponsored a website, Painknowledge.com, which falsely claimed that "[p]eople who take opioids as prescribed usually do not become addicted"; (d) Endo distributed a pamphlet with the Endo logo entitled *Living with Someone with Chronic Pain*, which stated that: "most people do not develop an addiction problem;" (e) Janssen distributed a patient education guide entitled *Finding Relief: Pain Management for Older Adults* which described as "myth" the claim that opioids are addictive; (f) a Janssen website falsely claimed that concerns about opioid addiction are "overestimated;" and (g) Purdue sponsored APF's *A Policymaker's Guide to Understanding Pain & Its Management* – that falsely claims that pain is undertreated due to "misconceptions about opioid addiction."

55. These claims are contrary to longstanding scientific evidence, as the FDA and CDC have conclusively declared. As noted in the 2016 CDC Guideline endorsed by the FDA, there is "extensive evidence" of the "possible harms of opioids (including opioid use disorder [an alternative term for opioid addiction])." The Guideline points out that "[o]pioid pain medication use presents serious risks, including . . . opioid use disorder" and that "continuing opioid therapy for three (3) months substantially increases risk for opioid use disorder."

56. The FDA further exposed the falsity of the Pharmaceutical Defendants' claims about the low risk of addiction when it announced changes to the labels for certain opioids in 2013 and for other opioids in 2016. In its announcements, the FDA found that "most opioid drugs have 'high potential for abuse'" and that opioids "are associated with a substantial risk of misuse, abuse,

NOWS [neonatal opioid withdrawal syndrome], addiction, overdose, and death." According to the FDA, because of the "known serious risks" associated with long-term opioid use, including "risks of addiction, abuse, and misuse, even at recommended doses, and because of the greater risks of overdose and death," opioids should be used only "in patients for whom alternative treatment options" like non-opioid drugs have failed. The FDA further acknowledged that the risk is not limited to patients who seek drugs illicitly; addiction "can occur in patients appropriately prescribed [opioids]."

57. The State of New York, in a 2016 settlement agreement with Endo, found that opioid "use disorders appear to be highly prevalent in chronic pain patients treated with opioids, with up to 40% of chronic pain patients treated in specialty and primary care outpatient centers meeting the clinical criteria for an opioid use disorder." Endo had claimed on its www.opana.com website that "[m]ost healthcare providers who treat patients with pain agree that patients treated with prolonged opioid medicines usually do not become addicted," but the State of New York found no evidence for that statement. Consistent with this, Endo agreed not to "make statements that . . . opioids generally are non-addictive" or "that most patients who take opioids do not become addicted" in New York. This agreement, however, did not extend to California.

58. The Pharmaceutical Defendants falsely instructed doctors and patients that the signs of addiction are actually signs of undertreated pain and should be treated by prescribing more opioids. Defendants called this phenomenon "pseudo-addiction" – a term used by Dr. David Haddox, who went to work for Purdue, and Dr. Russell Portenoy, a KOL for Cephalon, Endo, Janssen, and Purdue. Defendants falsely claimed that pseudo-addiction was substantiated by scientific evidence. Some examples of these deceptive claims are: (a) Cephalon and Purdue sponsored *Responsible Opioid Prescribing*, which taught that behaviors such as "requesting drugs by name," "demanding or manipulative behavior," seeing more than one doctor to obtain opioids, and hoarding, are all signs of pseudo-addiction, rather than true addiction; (b) Janssen sponsored,

funded, and edited the *Let's Talk Pain* website, which in 2009 stated: "pseudo-addiction . . . refers to patient behaviors that may occur when pain is under-treated;" (c) Endo sponsored a National Initiative on Pain Control (NIPC) CME program titled *Chronic Opioid Therapy: Understanding Risk While Maximizing Analgesia*, which promoted pseudo-addiction by teaching that a patient's aberrant behavior was the result of untreated pain; (d) Purdue sponsored a deceptive CME program entitled *Path of the Patient, Managing Chronic Pain in Younger Adults at Risk for Abuse* in which a clinician notes that because of pseudo-addiction, a doctor should not assume the patient is addicted.

59. The 2016 CDC Guideline rejects the concept of pseudo-addiction, explaining that "[p]atients who do not experience clinically meaningful pain relief early in treatment . . . are unlikely to experience pain relief with longer- term use," and that physicians should "reassess[] pain and function within 1 month" in order to decide whether to "minimize risks of long-term opioid use by discontinuing opioids" because the patient is "not receiving a clear benefit."

60. The Pharmaceutical Defendants falsely instructed doctors and patients that addiction risk screening tools, patient agreements, urine drug screens, and similar strategies were very effective to identify and safely prescribe opioids to even those patients predisposed to addiction. These misrepresentations were reckless because Pharmaceutical Defendants directed them to general practitioners and family doctors who lack the time and expertise to closely manage higher-risk patients on opioids. Pharmaceutical Defendants' misrepresentations were intended to make doctors more comfortable in prescribing opioids. Some examples of these deceptive claims are: (a) an Endo supplement in the *Journal of Family Practice* emphasized the effectiveness of screening tools to avoid addictions; (b) Purdue's webinar, *Managing Patient's Opioid Use: Balancing the Need and Risk*, claimed that screening tools, urine tests, and patient agreements prevent "overuse of prescriptions" and "overdose deaths;" (c) Purdue represented in scientific conferences that "bad apple" patients – and not opioids – were the source of the addiction crisis, when in fact the "bad apples" were the Defendants.

61. The 2016 CDC Guideline exposes the falsity of these misrepresentations, noting that there are no studies assessing the effectiveness of risk mitigation strategies – such as screening tools, patient contracts, urine drug testing, or pill counts widely believed by doctors to detect and deter abuse – "for improving outcomes related to overdose, addiction, abuse, or misuse." The Guideline emphasizes that available risk screening tools "show insufficient accuracy for classification of patients as at low or high risk for [opioid] abuse or misuse" and counsels that doctors "should not overestimate the ability of these tools to rule out risks from long-term opioid therapy."

62. To underplay the risk and impact of addiction and make doctors feel more comfortable starting patients on opioids, Pharmaceutical Defendants falsely claimed that opioid dependence can easily be solved by tapering, that opioid withdrawal was not difficult, and that there were no problems in stopping opioids after long-term use.

63. A CME sponsored by Endo, entitled *Persistent Pain in the Older Adult*, claimed that withdrawal symptoms could be avoided by tapering a patient's opioid dose by up to 20% for a few days. Purdue sponsored APF's *A Policymaker's Guide to Understanding Pain & Its Management*, that claimed "[s]ymptoms of physical dependence can often be ameliorated by gradually decreasing the dose of medication during discontinuation," without mentioning any known or foreseeable issues.

64. Pharmaceutical Defendants deceptively minimized the significant symptoms of opioid withdrawal – which, as explained in the 2016 CDC Guideline, include drug cravings, anxiety, insomnia, abdominal pain, vomiting, sweating, tremor, tachycardia (rapid heartbeat), spontaneous abortion and premature labor in pregnant women, and the unmasking of anxiety, depression, and addiction – and grossly understated the difficulty of tapering, particularly after long-term opioid use. The 2016 CDC Guideline recognizes that the duration of opioid use and the dosage of opioids prescribed should be "limit[ed]" to "minimize the need to taper opioids to prevent

distressing or unpleasant withdrawal symptoms," because "physical dependence on opioids is an expected physiologic response in patients exposed to opioids for more than a few days." The Guideline further states that "tapering opioids can be especially challenging after years on high dosages because of physical and psychological dependence" and highlights the difficulties, including the need to carefully identify "a taper slow enough to minimize symptoms and signs of opioid withdrawal" and to "pause[] and restart[]" tapers depending on the patient's response. The CDC also acknowledges the lack of any "high-quality studies comparing the effectiveness of different tapering protocols for use when opioid dosage is reduced or opioids are discontinued."

65. The Pharmaceutical Defendants falsely claimed that doctors and patients could increase opioid dosages indefinitely without added risk of addiction and other health consequences and failed to disclose the greater risks to patients at higher dosages. The ability to escalate dosages was critical to Defendants' efforts to market opioids for long-term use to treat chronic pain because, absent this misrepresentation, doctors would have abandoned treatment when patients built up tolerance and lower dosages did not provide pain relief. For example: (a) an Actavis patient brochure stated - "Over time, your body may become tolerant of your current dose. You may require a dose adjustment to get the right amount of pain relief. This is not addiction;" (b) Cephalon and Purdue sponsored *APF's Treatment Options: A Guide for People Living with Pain*, claiming that some patients need larger doses of opioids, with "no ceiling dose" for appropriate treatment of severe, chronic pain; (c) an Endo website, painknowledge.com, claimed that opioid dosages may be increased until "you are on the right dose of medication for your pain;" (d) an Endo pamphlet *Understanding Your Pain: Taking Oral Opioid Analgesics*, stated "The dose can be increased. . . . You won't 'run out' of pain relief;" (e) a Janssen patient education guide *Finding Relief: Pain Management for Older Adults* listed dosage limitations as "disadvantages" of other pain medicines yet omitted any discussion of risks of increased opioid dosages; (f) Purdue's In the Face of Pain website promotes the notion that if a patient's doctor does not prescribe what, in the patient's view,

is a sufficient dosage of opioids, he or she should find another doctor who will; (g) Purdue's *A Policymaker's Guide to Understanding Pain & Its Management* stated that dosage escalations are "sometimes necessary," even unlimited ones, but did not disclose the risks from high opioid dosages; (h) a Purdue CME entitled *Overview of Management Options* taught that NSAIDs and other drugs, but not opioids, were unsafe at high dosages; (i) Purdue presented a 2015 paper at the College on the Problems of Drug Dependence challenging the correlation between opioid dosage and overdose.

66. These and other representations conflict with the scientific evidence, as confirmed by the FDA and CDC. As the CDC explains in its 2016 Guideline, the "[b]enefits of high-dose opioids for chronic pain are not established" while the "risks for serious harms related to opioid therapy increase at higher opioid dosage." More specifically, the CDC explains that "there is now an established body of scientific evidence showing that overdose risk is increased at higher opioid dosages." The CDC states that "there is an increased risk for opioid use disorder, respiratory depression, and death at higher dosages." That is why the CDC advises doctors to "avoid increasing dosages" above 90 morphine milligram equivalents per day.

67. The 2016 CDC Guideline reinforces earlier findings announced by the FDA. In 2013, the FDA acknowledged "that the available data do suggest a relationship between increasing opioid dose and risk of certain adverse events." For example, the FDA noted that studies "appear to credibly suggest a positive association between high-dose opioid use and the risk of overdose and/or overdose mortality."

68. Pharmaceutical Defendants' deceptive marketing of the so-called abuse-deterrent properties of some of their opioids created false impressions that these opioids can curb addiction and abuse. Indeed, in a 2014 survey of 1,000 primary care physicians, nearly half reported that they believed abuse-deterrent formulations are inherently less addictive.

69. Pharmaceutical Defendants have made misleading claims about the ability of their

so-called abuse-deterrent opioid formulations to deter abuse. For example, Endo's advertisements for the 2012 reformulation of Opana ER falsely claimed that it was designed to be crush resistant, in a way that suggested it was more difficult to abuse. The FDA warned in a 2013 letter that there was no evidence Endo's design "would provide a reduction in oral, intranasal or intravenous abuse." Moreover, Endo's own studies, which it failed to disclose, showed that Opana ER could still be ground and chewed.

70. In a 2016 settlement with the State of New York, Endo agreed not to make statements in New York that Opana ER was "designed to be, or is crush resistant." The State found those statements false and deceptive because there was no difference in the ability to extract the narcotic from Opana ER. Similarly, the 2016 CDC Guideline states that "[n]o studies" support the notion that "abuse-deterrent technologies [are] a risk mitigation strategy for deterring or preventing abuse," noting that the technologies – even when they work – "do not prevent opioid abuse through oral intake, the most common route of opioid abuse, and can still be abused by non-oral routes."

71. These numerous, longstanding misrepresentations minimizing the risks of long-term opioid use persuaded doctors and patients to discount or ignore the true risks. Pharmaceutical Defendants also had to persuade them that there was a significant upside to long-term opioid use. But as the 2016 CDC Guideline makes clear, there is "insufficient evidence to determine the long-term benefits of opioid therapy for chronic pain." In fact, the CDC found that "[n]o evidence shows a long-term benefit of opioids in pain and function versus no opioids for chronic pain with outcomes examined at least 1 year later (with most placebo-controlled randomized trials ≤ 6 weeks in duration)" and that other treatments were more or equally beneficial and less harmful than long-term opioid use. The FDA, too, has recognized the lack of evidence to support long-term opioid use. In 2013, the FDA stated that it was "not aware of adequate and well-controlled studies of opioids use longer than 12 weeks." Despite this, Defendants falsely and misleadingly touted the benefits of long-term opioid use and falsely and misleadingly suggested that these benefits were

supported by scientific evidence. Not only have Defendants failed to correct these false and deceptive claims, they continue to make them today.

72. For example, the Pharmaceutical Defendants falsely claimed that long-term opioid use improved patients' function and quality of life, including the following misrepresentations: (a) an Actavis advertisement claimed that the use of Kadian to treat chronic pain would allow patients to return to work, relieve "stress on your body and your mental health," and help patients enjoy their lives; (b) an Endo advertisement that claimed that the use of Opana ER for chronic pain would allow patients to perform demanding tasks, portraying seemingly healthy, unimpaired persons; (c) a Janssen patient education guide *Finding Relief: Pain Management for Older Adults* stated as "a fact" that "opioids may make it easier for people to live normally" such as sleeping peacefully, working, recreation, sex, walking, and climbing stairs; (d) Purdue advertisements of OxyContin entitled "Pain vignettes" implied that OxyContin improves patients' function; (e) *Responsible Opioid Prescribing,* by Cephalon, Endo and Purdue, taught that relief of pain by opioids, by itself, improved patients' function; (f) Cephalon and Purdue sponsored APF's *Treatment Options: A Guide for People Living with Pain* counseling patients that opioids "give [pain patients] a quality of life we deserve;" (g) Endo's NIPC website *painknowledge.com* claimed that with opioids, "your level of function should improve; you may find you are now able to participate in activities of daily living, such as work and hobbies, that you were not able to enjoy when your pain was worse;" (h) Endo CMEs titled *Persistent Pain in the Older Patient* claimed that chronic opioid therapy had been "shown to reduce pain and improve depressive symptoms and cognitive functioning;" (i) Janssen sponsored, funded, and edited a website, *Let's Talk Pain*, in 2009, which featured an interview edited by Janssen claiming that opioids allowed a patient to "continue to function;" (j) Purdue's *A Policymaker's Guide to Understanding Pain & Its Management* claimed that "multiple clinical studies" had shown opioids as effective in improving daily function, psychological health, and health-related quality of life for chronic pain patients; (k) Purdue's, Cephalon's, Endo's, and

Janssen's sales representatives have conveyed and continue to convey the message that opioids will improve patient function.

73. These claims find no support in the scientific literature. The 2016 CDC Guideline concluded that "there is no good evidence that opioids improve pain or function with long-term use, and . . . complete relief of pain is unlikely." (Emphasis added.) The CDC reinforced this conclusion throughout its 2016 Guideline:

a. "No evidence shows a long-term benefit of opioids in pain and function versus no opioids for chronic pain with outcomes examined at least 1 year later . . ."

b. "Although opioids can reduce pain during short-term use, the clinical evidence review found insufficient evidence to determine whether pain relief is sustained and whether function or quality of life improves with long-term opioid therapy."

c. "[E]vidence is limited or insufficient for improved pain or function with long-term use of opioids for several chronic pain conditions for which opioids are commonly prescribed, such as low back pain, headache, and fibromyalgia."

74. The CDC also noted that the risks of addiction and death "can cause distress and inability to fulfill major role obligations." As a matter of common sense (and medical evidence), drugs that can kill patients or commit them to a life of addiction or recovery do not improve their function and quality of life.

75. The 2016 CDC Guideline was not the first time a federal agency repudiated the Pharmaceutical Defendants' claim that opioids improved function and quality of life. In 2010, the FDA warned Actavis that "[w]e are not aware of substantial evidence or substantial clinical experience demonstrating that the magnitude of the effect of the drug [Kadian] has in alleviating pain, taken together with any drug-related side effects patients may experience . . . results in any overall positive impact on a patient's work, physical and mental functioning, daily activities, or enjoyment of life." In 2008, the FDA sent a warning letter to an opioid manufacturer, making it clear "that [the claim that] patients who are treated with the drug experience an improvement in their overall function, social function, and ability to perform daily activities . . . has not been

demonstrated by substantial evidence or substantial clinical experience."

76. The Pharmaceutical Defendants also falsely and misleadingly emphasized or exaggerated the risks of competing products like NSAIDs, so that doctors and patients would look to opioids first for the treatment of chronic pain. Once again, these misrepresentations by Defendants contravene pronouncements by and guidance from the FDA and CDC based on the scientific evidence. Indeed, the FDA changed the labels for ER/LA opioids in 2013 and IR opioids in 2016 to state that opioids should only be used as a last resort "in patients for which alternative treatment options" like non-opioid drugs "are inadequate." The 2016 CDC Guideline states that NSAIDs, not opioids, should be the first-line treatment for chronic pain, particularly arthritis and lower back pain.

77. In addition, Purdue misleadingly promoted OxyContin as being unique among opioids in providing 12 continuous hours of pain relief with one dose. In fact, OxyContin does not last for 12 hours – a fact that Purdue has known at all relevant times. According to Purdue's own research, OxyContin wears off in under six hours in one quarter of patients and in under 10 hours in more than half. This is because OxyContin tablets release approximately 40% of their active medicine immediately, after which release tapers. This triggers a powerful initial response, but provides little or no pain relief at the end of the dosing period, when less medicine is released. This phenomenon is known as "end of dose" failure, and the FDA found in 2008 that a "substantial number" of chronic pain patients taking OxyContin experience it. This not only renders Purdue's promise of 12 hours of relief false and deceptive, it also makes OxyContin more dangerous because the declining pain relief patients experience toward the end of each dosing period drives them to take more OxyContin before the next dosing period begins, quickly increasing the amount of drug they are taking and spurring growing dependence.

78. Purdue's competitors were aware of this problem. For example, Endo ran advertisements for Opana ER referring to "real" 12-hour dosing. Nevertheless, Purdue falsely

promoted OxyContin as if it were effective for a full 12 hours. Indeed, Purdue's sales representatives continue to tell doctors that OxyContin lasts a full 12 hours.

79. Cephalon deceptively marketed its opioids Actiq and Fentora for chronic pain even though the FDA has expressly limited their use to the treatment of cancer pain in opioid- tolerant individuals. Both Actiq and Fentora are extremely powerful fentanyl-based IR opioids. Neither is approved for or has been shown to be safe or effective for chronic pain. Indeed, the FDA expressly prohibited Cephalon from marketing Actiq for anything but cancer pain, and refused to approve Fentora for the treatment of chronic pain because of the potential harm, including the high risk of "serious and life-threatening adverse events" and abuse – which are greatest in non-cancer patients. The FDA also issued a Public Health Advisory in 2007 emphasizing that Fentora should only be used for cancer patients who are opioid-tolerant and should not be used for any other conditions, such as migraines, post-operative pain, or pain due to injury.

80. Despite this, Cephalon conducted and continues to conduct a well-funded campaign to promote Actiq and Fentora for chronic pain and other non-cancer conditions for which it was not approved, appropriate, or safe. As part of this campaign, Cephalon used CMEs, speaker programs, KOLs, journal supplements, and detailing by its sales representatives to give doctors the false impression that Actiq and Fentora are safe and effective for treating non-cancer pain. For example: (a) Cephalon paid to have a CME it sponsored, *Opioid-Based Management of Persistent and Breakthrough Pain*, published in a supplement of *Pain Medicine News* in 2009. The CME instructed doctors that "clinically, broad classification of pain syndromes as either cancer- or noncancer-related has limited utility" and recommended Actiq and Fentora for patients with chronic pain; (b) Cephalon's sales representatives set up hundreds of speaker programs for doctors, including many non-oncologists, which promoted Actiq and Fentora for the treatment of non-cancer pain; and (c) in December 2011, Cephalon widely disseminated a journal supplement entitled "*Special Report: An Integrated Risk Evaluation and Mitigation Strategy for Fentanyl Buccal Tablet*

*(FENTORA) and Oral Transmucosal Fentanyl Citrate (ACTIQ)*" to *Anesthesiology News*, *Clinical Oncology News*, and *Pain Medicine News* – three publications that are sent to thousands of anesthesiologists and other medical professionals. The Special Report openly promotes Fentora for "multiple causes of pain" – and not just cancer pain.

81. Cephalon's deceptive marketing gave doctors and patients the false impression that Actiq and Fentora were not only safe and effective for treating chronic pain, but were also approved by the FDA for such uses.

82. Purdue unlawfully and unfairly failed to report or address illicit and unlawful prescribing of its drugs, despite knowing about it for years. Purdue's sales representatives have maintained a database since 2002 of doctors suspected of inappropriately prescribing its drugs. Rather than report these doctors to state medical boards or law enforcement authorities (as Purdue is legally obligated to do) or cease marketing to them, Purdue used the list to demonstrate the high rate of diversion of OxyContin – the same OxyContin that Purdue had promoted as less addictive – in order to persuade the FDA to bar the manufacture and sale of generic copies of the drug because the drug was too likely to be abused. In an interview with the *Los Angeles Times*, Purdue's senior compliance officer acknowledged that in five years of investigating suspicious pharmacies, Purdue failed to take action – even where Purdue employees personally witnessed the diversion of its drugs. The same was true of prescribers; despite its knowledge of illegal prescribing, Purdue did not report until years after law enforcement shut down a Los Angeles clinic that prescribed more than 1.1 million OxyContin tablets and that Purdue's district manager described internally as "an organized drug ring." In doing so, Purdue protected its own profits at the expense of public health and safety.

83. The State of New York's settlement with Purdue specifically cited the company for failing to adequately address suspicious prescribing. Yet, on information and belief, Purdue continues to profit from the prescriptions of such prolific prescribers.

84. Like Purdue, Endo has been cited for its failure to set up an effective system for

identifying and reporting suspicious prescribing. In its settlement agreement with Endo, the State of New York found that Endo failed to require sales representatives to report signs of abuse, diversion, and inappropriate prescribing; paid bonuses to sales representatives for detailing prescribers who were subsequently arrested or convicted for illegal prescribing; and failed to prevent sales representatives from visiting prescribers whose suspicious conduct had caused them to be placed on a no-call list.

85. Mallinckrodt, one of the largest manufacturers of the generic opioid oxycodone, recently agreed to pay a $35 million penalty to resolve allegations by the U.S. Department of Justice that it failed to report suspicious drug orders. This is a record settlement of claims that a pharmaceutical drug manufacturer failed to properly notify the U.S. Drug Enforcement Administration ("DEA") of suspicious orders for drugs such as oxycodone. U.S. Attorney General Jeff Sessions said "Mallinckrodt's actions and omissions formed a link in the chain of supply that resulted in millions of oxycodone pills being sold on the street." According to the Justice Department, from 2008 to 2011, Mallinckrodt supplied distributors increasingly excessive amounts of oxycodone pills without notifying the DEA of the suspicious orders. Those distributors in turn supplied the drugs to various U.S. pharmacies and pain clinics, the Justice Department said. Mallinckrodt, however, continues to deny culpability to the public and the medical community. Michael-Bryant Hicks, Mallinckrodt's general counsel, said the company chose to settle "to eliminate the uncertainty, distraction and expense of litigation and to allow the company to focus on meeting the important needs of its patients and customers."

86. As a part of their deceptive marketing scheme, the Pharmaceutical Defendants identified and targeted susceptible prescribers and vulnerable patient populations in the U.S. and the geographic areas served by Center Point. For example, these Defendants focused their deceptive marketing on primary care doctors, who were more likely to treat chronic pain patients and prescribe them drugs, but were less likely to be educated about treating pain and the risks and

benefits of opioids and therefore more likely to accept Defendants' misrepresentations.

87. The Pharmaceutical Defendants also targeted vulnerable patient populations like the elderly and veterans, who tend to suffer from chronic pain. These Defendants targeted these vulnerable patients even though the risks of long-term opioid use were significantly greater for them. For example, the 2016 CDC Guideline observes that existing evidence shows that elderly patients taking opioids suffer from elevated fall and fracture risks, greater risk of hospitalization, and increased vulnerability to adverse drug effects and interactions. The Guideline therefore concludes that there are "special risks of long-term opioid use for elderly patients" and recommends that doctors use "additional caution and increased monitoring" to minimize the risks of opioid use in elderly patients. The same is true for veterans, who are more likely to use anti-anxiety drugs (benzodiazepines) for post-traumatic stress disorder, which interact dangerously with opioids.

88. The Pharmaceutical Defendants, both individually and collectively, made, promoted, and profited from their misrepresentations about the risks and benefits of opioids for chronic pain even though they knew that their misrepresentations were false and deceptive. The history of opioids, as well as research and clinical experience over the last 20 years, established that opioids were highly addictive and responsible for a long list of very serious adverse outcomes. The FDA and other regulators warned these Defendants of this, and these Defendants had access to scientific studies, detailed prescription data, and reports of adverse events, including reports of addiction, hospitalization, and deaths – all of which made clear the harms from long-term opioid use and that patients are suffering from addiction, overdoses, and death in alarming numbers. More recently, the FDA and CDC have issued pronouncements based on the medical evidence that conclusively expose the known falsity of Defendants' misrepresentations, and Endo and Purdue have recently entered agreements prohibiting them from making some of the same misrepresentations described in this Complaint in New York.

89. Moreover, at all times relevant to this Complaint, the Pharmaceutical Defendants

took steps to avoid detection of and to fraudulently conceal their deceptive marketing and unlawful, unfair, and fraudulent conduct. For example, the Pharmaceutical Defendants disguised their own role in the deceptive marketing of chronic opioid therapy by funding and working through third parties like Front Groups and KOLs. These Defendants purposefully hid behind the assumed credibility of these individuals and organizations and relied on them to vouch for the accuracy and integrity of Defendants' false and deceptive statements about the risks and benefits of long-term opioid use for chronic pain.

90. The Pharmaceutical Defendants also never disclosed their role in shaping, editing, and approving the content of information and materials disseminated by these third parties. These Defendants exerted considerable influence on these promotional and "educational" materials in emails, correspondence, and meetings with KOLs, fake independent groups, and public relations companies that were not, and have not yet become, public. For example, painknowledge.org, which is run by the NIPC, did not disclose Endo's involvement. Other Pharmaceutical Defendants, such as Purdue and Janssen, ran similar websites that masked their own direct role.

91. Finally, the Pharmaceutical Defendants manipulated their promotional materials and the scientific literature to make it appear that these items were accurate, truthful, and supported by objective evidence when they were not. These Defendants distorted the meaning or import of studies they cited and offered them as evidence for propositions the studies did not support. The lack of support for these Defendants' deceptive messages was not apparent to medical professionals who relied upon them in making treatment decisions.

92. Thus, the Pharmaceutical Defendants successfully concealed from the medical community, patients, and health care providers facts sufficient to arouse suspicion of the claims that Center Point now asserts. Center Point did not know of the existence or scope of Defendants' industry-wide fraud and could not have acquired such knowledge earlier through the exercise of reasonable diligence.

93. The Pharmaceutical Defendants' misrepresentations deceived doctors and patients about the risks and benefits of long-term opioid use. Studies also reveal that many doctors and patients are not aware of or do not understand these risks and benefits. Indeed, patients often report that they were not warned they might become addicted to opioids prescribed to them. As reported in January 2016, a 2015 survey of more than 1,000 opioid patients found that 4 out of 10 were not told opioids were potentially addictive.

94. The Pharmaceutical Defendants' deceptive marketing scheme caused and continues to cause doctors in California, and specifically in the geographic areas served by Center Point to prescribe opioids for chronic pain conditions such as back pain, headaches, arthritis, and fibromyalgia. Absent these Defendants' deceptive marketing scheme, these doctors would not have prescribed as many opioids. These Defendants' deceptive marketing scheme also caused and continues to cause patients to purchase and use opioids for their chronic pain believing they are safe and effective. Absent these Defendants' deceptive marketing scheme, fewer patients would be using opioids long-term to treat chronic pain, and those patients using opioids would be using less of them.

95. The Pharmaceutical Defendants' deceptive marketing has caused and continues to cause the prescribing and use of opioids to explode. Indeed, this dramatic increase in opioid prescriptions and use corresponds with the dramatic increase in Defendants' spending on their deceptive marketing scheme. Defendants' spending on opioid marketing totaled approximately $91 million in 2000. By 2011, that spending had tripled to $288 million.

96. The escalating number of opioid prescriptions written by doctors who were deceived by the Pharmaceutical Defendants' deceptive marketing scheme is the cause of a correspondingly dramatic increase in opioid addiction, overdose, and death throughout the U.S., California, and in the geographic areas served by Center Point. In August 2016, the U.S. Surgeon General published an open letter to be sent to physicians nationwide, enlisting their help in combating this "urgent

health crisis" and linking that crisis to deceptive marketing. He wrote that the push to aggressively treat pain, and the "devastating" results that followed, had "coincided with heavy marketing to doctors . . . [m]any of [whom] were even taught – incorrectly – that opioids are not addictive when prescribed for legitimate pain."

97. Scientific evidence demonstrates a strong correlation between opioid prescriptions and opioid abuse. In a 2016 report, the CDC explained that "[o]pioid pain reliever prescribing has quadrupled since 1999 and has increased in parallel with [opioid] overdoses." Patients receiving prescription opioids for chronic pain account for the majority of overdoses. For these reasons, the CDC concluded that efforts to rein in the prescribing of opioids for chronic pain are critical "to reverse the epidemic of opioid drug overdose deaths and prevent opioid-related morbidity."

98. Contrary to the Pharmaceutical Defendants' misrepresentations, most opioid addiction begins with legitimately *prescribed* opioids, and therefore could have been prevented had Defendants' representations to prescribers been truthful. In 2011, 71% of people who abused prescription opioids got them through friends or relatives, not from pill mills, drug dealers or the internet. Numerous doctors and substance abuse counselors note that many of their patients, who misuse or abuse opioids started with legitimate prescriptions, confirming the important role that doctors' prescribing habits have played in the opioid epidemic.

99. Opioid-related death tolls are rising at such a rapid pace that cities and counties are unable to keep up logistically.

## DISTRIBUTOR DEFENDANTS' WRONGFUL CONDUCT

100. The supply chain for prescription opioids begins with the manufacture and packaging of the pills. The manufacturers then transfer the pills to distribution companies, including Defendants Cardinal, McKesson, and AmerisourceBergen, which together account for 85-90 % of all revenues from drug distribution in the United States, an estimated $378.4 billion in 2015. The distributors then supply opioids to pharmacies, doctors, and other healthcare providers, which then

dispense the drugs to patients.

101. Manufacturer Defendants and Distributor Defendants share the responsibility for controlling the availability of prescription opioids. Opioid "diversion" occurs whenever the supply chain of prescription opioids is broken, and the drugs are transferred from a legitimate channel of distribution or use, to an illegitimate channel of distribution or use. Diversion can occur at any point in the opioid supply chain, including at the pharmacy level when prescriptions are filled for any reason other than a legitimate medical purpose.

102. For example, at the wholesale level of distribution, diversion occurs whenever distributors allow opioids to be lost or stolen in transit, or when distributors fill suspicious orders of opioids from buyers, retailers, or prescribers. Suspicious orders include orders of unusually large size, orders that are disproportionately large in comparison to the population of a community served by the pharmacy, orders that deviate from a normal pattern, and/or orders of unusual frequency and duration.

103. Diversion occurs at the pharmacies, including whenever a pharmacist fills a prescription despite having reason to believe it was not issued for a legitimate medical purpose or not in the usual course of practice. Some of the signs that a prescription may have been issued for an illegitimate medical purpose include when the patient seeks to fill multiple prescriptions from different doctors (a/k/a doctor shopping), when they travel great distances between the doctor or their residence and the pharmacy to get the prescription filled, when they present multiple prescriptions for the largest dose of more than one controlled substance, or when there are other "red flags" surrounding the transaction. These signs or "red flags" should trigger closer scrutiny of the prescriptions by the pharmacy and lead to a decision that the patient is not seeking the medication for purposes to treat a legitimate medical condition. In addition to diversion via prescription, opioids are also diverted from retail outlets when stolen by employees or others.

104. Diversion occurs through the use of stolen or forged prescriptions at pharmacies, or

the sale of opioids without prescriptions, including patients seeking prescription opioids under false pretenses.

105. Opioid diversion occurs in the United States at an alarming rate. In recent years, the number of people who take prescription opioids for non-medical purposes is greater than the number of people who use cocaine, heroin, hallucinogens, and inhalants combined.

106. Every year, millions of people in the United States misuse and abuse opioid pain relievers that can lead to addiction, overdose and death. The overdose rate among Native Americans is significantly higher than the rest of the population.

107. Within the last 20 years, the abuse of prescription narcotic pain relievers has emerged as a public health crisis in the United States. Overdose deaths involving prescription opioids are at epidemic proportions, quadrupling since 1999, concomitant with sales of these prescriptions.

108. In 2011 overdose deaths from prescription opioids reached 16,917 people. In 2014 18,893 people died from a prescription opioid related overdose. In 2015, the number of deaths increased to 22,598, even despite increased public health announcements.

109. The dramatic rise in heroin use in recent years is a direct result of prescription opioid diversion. The strongest risk factor for a heroin use disorder is prescription opioid use. In one national study covering the period 2008 to 2010, 77.4% of the participants reported using prescription opioids before initiating heroin use. Another study revealed that 75% of those who began their opioid abuse in the 2000s started with prescription opioid. The CDC has reported that people who are dependent on prescription opioid painkillers are 40 times more likely to become dependent on heroin. Heroin deaths are on a tragic upswing: In 2015, over 12,989 people died from heroin overdose-up more than 20% from approximately 10,574 overdose deaths in 2014.

110. Center Point has taken proactive measures in its own community to fight against prescription opioid abuse.

111. Defendants' opioid diversion diminishes Center Point's ability to combat other addiction issues, decreases productivity, increases poverty, and consequently requires greater expenditures by Center Point in treating opioid-addicted patients.

112. Distributor Defendants have a duty to exercise reasonable care under the circumstances. This involves a duty not to create a foreseeable risk of harm to others. Additionally, one who engages in affirmative conduct, and thereafter realizes or should realize that such conduct has created an unreasonable risk of harm to another, is under a duty to exercise reasonable care to prevent the threatened harm.

113. In addition to having common law duties, the Distributor Defendants are governed by the statutory requirements of the California Controlled Substances Act ("CCSA") and its implementing regulations. These requirements were enacted to protect society from the harms of drug diversion.

114. The CCSA creates a legal framework for the distribution and dispensing of controlled substances, which includes requirements for registration with and reporting to the California Department of Justice ("CDOJ") in order to establish a system of checks and balances from the manufacturing level through delivery of the pharmaceutical drug to the patient or ultimate user.

115. For years the Distributor Defendants have known of the problems and consequences of opioid diversion in the supply chain.

116. The Distributor Defendants' own industry group, the Healthcare Distribution Management Association, published Industry Compliance Guidelines titled "Reporting Suspicious Orders and Preventing Diversion of Controlled Substances," emphasizing the critical role of each member of the supply chain in distributing controlled substances.

117. These industry guidelines stated: "At the center of a sophisticated supply chain, distributors are uniquely situated to perform due diligence in order to help support the security of

controlled substances they deliver to their customers."

118. Opioid distributors have admitted to the magnitude of the problem and, at least superficially, their legal responsibilities to prevent diversion. They have made statements assuring the public they are supposedly undertaking a duty to curb the opioid epidemic.

119. For example, a Cardinal executive claimed that Cardinal uses “advanced analytics" to monitor its supply chain. He further extolled that Cardinal was being "as effective and efficient as possible in constantly monitoring, identifying, and eliminating any *outside* criminal activity." (emphasis added).

120. McKesson has publicly stated that it has a "best-in-class controlled substance monitoring program to help identify suspicious orders" and claimed it is "deeply passionate about curbing the opioid epidemic in our Country."

121. These assurances, on their face, of identifying and eliminating criminal activity and curbing the opioid epidemic create a duty for the Distributor Defendants to take reasonable measures to do just that.

122. In addition to the obligations imposed by law, through their own words, representations, and actions, the Distributor Defendants have voluntarily undertaken a duty to protect the public at large against diversion from their supply chains, and to curb the opioid epidemic. In this voluntary undertaking, the Distributor Defendants have miserably and negligently failed.

123. The Distributors Defendants have knowingly or negligently allowed diversion. Their wrongful conduct and inaction have resulted in numerous civil fines and other penalties recovered by state and federal agencies- including actions by the DEA related to violations of the federal Controlled Substances Act.

124. In 2008, Cardinal paid a $34 million penalty to settle allegations about opioid diversion taking place at seven of its warehouses in the United States. In 2012, Cardinal reached an

administrative settlement with the DEA relating to opioid diversion between 2009 and 2012 in multiple states. In December 2016, a Department of Justice press release announced a multi-million-dollar settlement with Cardinal for violations of the Controlled Substances Act. In connection with the investigations of Cardinal, the DEA uncovered evidence that Cardinal's own investigator warned Cardinal against selling opioids to certain pharmacies.

125. In May 2008, McKesson entered into a settlement with the DEA on claims that McKesson failed to maintain effective controls against diversion of controlled substances. McKesson allegedly failed to report suspicious orders from rogue Internet pharmacies around the Country, resulting in millions of doses of controlled substances being diverted. McKesson agreed to pay a $13.25 million civil fine. McKesson also was supposed to implement tougher controls regarding opioid diversion. McKesson utterly failed. McKesson's system for detecting "suspicious orders" from pharmacies was so ineffective and dysfunctional that at one of its facilities in Colorado between 2008 and 2013, it filled more than 1.6 million orders, for tens of millions of controlled substances, but it reported just 16 orders as suspicious, all from a single consumer. In 2015, McKesson was in the middle of allegations concerning its "suspicious order reporting practices for controlled substances." In early 2017, it was reported that McKesson agreed to pay $150 million to the government to settle certain opioid diversion claims that it allowed drug diversion at 12 distribution centers in 11 states.

126. In 2007, AmerisourceBergen lost its license to send controlled substances from a distribution center amid allegations that it was not controlling shipments of prescription opioids to Internet pharmacies. Again in 2012, AmerisourceBergen was implicated for failing to protect against diversion of controlled substances into non-medically necessary channels. It has been reported that the U.S. Department of Justice has subpoenaed AmerisourceBergen for documents in connection with a grand jury proceeding seeking information on the company's “program for controlling and monitoring diversion of controlled substances into channels other than for legitimate

medical, scientific and industrial purposes."

127. Relying upon state laws and regulation, various State Boards of Pharmacy have directly disciplined the wholesale distributors of prescription opioids for failure to prevent diversion, a duty recognized under state laws and regulations.

128. Although distributors have been penalized by law enforcement authorities, these penalties have not changed their conduct. They pay fines as a cost of doing business in an industry that generates billions of dollars in revenue and profit.

129. The Distributor Defendants have the ability and owe the duty to prevent opioid diversion, which presented a known or foreseeable risk of damage to Center Point.

130. The Distributor Defendants have supplied massive quantities of prescription opioids in and around the geographic areas served by Center Point with the actual or constructive knowledge that the opioids were ultimately being consumed by citizens for non-medical purposes. Many of these shipments should have been stopped or investigated as suspicious orders, but the Distributor Defendants negligently or intentionally failed to do so.

131. Each Distributor Defendant knew or should have known that the amount of the opioids that it allowed to flow into the geographic areas served by Center Point was far in excess of what could be consumed for medically-necessary purposes in the relevant communities (especially given that each Distributor Defendant knew it was not the only opioid distributor servicing those communities).

132. The Distributor Defendants negligently or intentionally failed to adequately control their supply lines to prevent diversion. A reasonably-prudent distributor of Schedule II controlled substances would have anticipated the danger of opioid diversion and protected against it by, for example, taking greater care in hiring, training, and supervising employees; providing greater oversight, security, and control of supply channels; looking more closely at the pharmacists and doctors who were purchasing large quantities of commonly-abused opioids in amounts greater than

the populations in those areas would warrant; investigating demographic or epidemiological facts concerning the increasing demand for narcotic painkillers in and around the geographic areas served by Center Point; providing information to pharmacies and retailers about opioid diversion; and in general, simply following applicable statutes, regulations, professional standards, and guidance from government agencies and using a little bit of common sense.

133. On information and belief, the Distributor Defendants made little to no effort to visit the pharmacies servicing patients of Center Point and in the geographic areas it serves to perform due diligence inspections to ensure that the controlled substances the Distributors Defendants had furnished were not being diverted to illegal uses.

134. On information and belief, the compensation the Distributor Defendants provided to a certain number of their employees was affected, in part, by the volume of their sales of opioids to pharmacies and other facilities servicing the patients of Center Point and in the geographic areas it serves, thus improperly creating incentives that contributed to and exacerbated opioid diversion and the resulting epidemic of opioid abuse.

135. It was reasonably foreseeable to the Distributor Defendants that their conduct in flooding the geographic areas served by Center Point with highly-addictive opioids would allow opioids to fall into the hands of children, addicts, criminals, and other unintended users.

136. It is reasonably foreseeable to the Distributor Defendants that, when unintended users gain access to opioids, tragic preventable injuries will result, including addiction, overdoses, and death. It is also reasonably foreseeable that the costs of these injuries will be shouldered by Center Point.

137. The Distributor Defendants knew or should have known that the opioids being diverted from their supply chains would contribute to the opioid costs of Center Point, and would create access to opioids by unauthorized users, which, in turn, perpetuates the cycle of addiction, demand, illegal transactions, economic ruin, and human tragedy.

138. The Distributor Defendants knew or should have known that a substantial amount of the opioids dispensed to patients of Center Point were being dispensed based on invalid or suspicious prescriptions. It is foreseeable that filling suspicious orders for opioids will cause harm to individual pharmacy customers, third-parties, and Center Point.

139. The Distributor Defendants were aware of widespread prescription opioid abuse of persons who would become patients of Center Point, but they nevertheless persisted in a pattern of distributing commonly abused and diverted opioids in the geographic areas served by Center Point- and in such quantities, and with such frequency- that they knew or should have known these commonly abused controlled substances were not being prescribed and consumed for legitimate medical purposes.

140. If any of the Distributor Defendants adhered to effective controls to guard against diversion, Center Point would have avoided significant damages.

141. The Distributor Defendants made substantial profits over the years based on the diversion of opioids affecting Center Point. Their participation and cooperation in a common enterprise has foreseeably caused damages to Center Point. The Distributor Defendants knew full well that Center Point would be unjustly forced to bear the costs of these injuries and damages.

142. The Distributor Defendants' intentional distribution of excessive amounts of prescription opioids to communities showed an intentional or reckless disregard for Center Point. Their conduct poses a continuing economic threat to Center Point.

143. The Pharmaceutical Defendants, including Mallinckrodt, have engaged in similar wrongful conduct as alleged hereinabove as the Distributor Defendants.

**PHARMACY DEFENDANTS' WRONGFUL CONDUCT**

144. Pharmacies must exercise reasonable care under the circumstances. This involves a duty not to create a foreseeable risk of harm to others. Additionally, one who engages in affirmative conduct, and thereafter realizes or should realize that such conduct has created an unreasonable risk

of harm to another, is under a duty to exercise reasonable care to prevent the threatened harm.

145. Pharmacies are the "last line of defense" in keeping drugs from entering the illicit market. They are meant to be the drug experts in the healthcare delivery system and as such have considerable duties and responsibility in the oversight of patient care. They cannot blindly fill prescriptions written by a doctor, even one registered in the CDOJ's Controlled Substances Utilization Review and Evaluation System ("CURES") database, if the prescription is not for a legitimate medical purpose.

146. The CCSA imposes duties and requirements on the conduct of the Pharmacy Defendants. These requirements set a standard of care for pharmacy conduct. Under the CCSA, the Pharmacy Defendants are required to maintain records and report information on Schedule II controlled substance prescriptions to the CDOJ on a weekly basis pursuant to the California Health and Safety Code §§11164.1, 11164.5, 11165(d), 11190, and Business and Professions Code §4068.

147. Pharmacists are required to ensure that prescriptions for controlled substances are valid and must not fill prescriptions that are not written on the required tamper-resistant forms that are available to practitioners only from secure state-approved printers, pursuant to California Health and Safety Code §11161.5. Pharmacists are the last check in the opioid distribution industry. Pharmacists are to ensure that prescriptions are issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his or her professional practice.

148. Pharmacy boards, national industry associations, and continuing educational programs have provided extensive guidance to pharmacists concerning their duties to the public. The guidance teaches pharmacists how to identify red flags, which indicate to the pharmacist that there may be a problem with the legitimacy of a prescription presented by a patient. The guidance also tells pharmacists how to resolve the red flags and what to do if the red flags are unresolvable.

149. The industry guidance tells pharmacists how to recognize stolen prescription pads; prescription pads printed using a legitimate doctor' s name, but with a different call back number

that is answered by an accomplice of the drug-seeker; prescriptions written using fictitious patient names and addresses, and so on.

150. Questionable or suspicious prescriptions include: prescriptions written by a doctor who writes significantly more prescriptions (or in larger quantities) for controlled substances compared to other practitioners in the area; prescriptions which should last for a month in legitimate use, but are being refilled on a shorter basis; prescriptions for antagonistic drugs, such as depressants and stimulants, at the same time; prescriptions that look "too good" or where the prescriber's handwriting is too legible; prescriptions with quantities or dosages that differ from usual medical usage; prescriptions that do not comply with standard abbreviations and/or contain no abbreviations; photocopied prescriptions; or prescriptions containing different handwritings. Most of the time, these attributes are not difficult to detect or recognize; they should be apparent to an adequately trained pharmacist.

151. Signs that a customer is seeking opioids for the purpose of diversion include customers who: appear to be returning too frequently; are seeking to fill a prescription written for a different person; appear at the pharmacy counter simultaneously, or within a short time, all bearing similar prescriptions from the same physician; are not regular patrons or residents of the community, and show up with prescriptions from the same physician; drive long distances to have prescriptions filled; seek large volumes of controlled substances in the highest strength in each prescription; seek a combination of other drugs with opioids such as tranquilizers and muscle relaxers that can be used to create an "opioid cocktail"; and pay large amounts of cash for their prescriptions rather than using insurance.

152. Other "red flags" include when prescriptions that lack the technical requirements of a valid prescription, such as a verifiable DEA number and signature; prescriptions written in excess of the amount needed for proper therapeutic purposes; prescriptions obtained through disreputable or illegal web-based pharmacies; and patients receiving multiple types of narcotic pain killers on the

same day.

153. All of these issues have been presented by the DEA in pharmacist training programs throughout the United States and have been used as examples by individual State Boards of Pharmacy and the National Association of Boards of Pharmacy.

154. Industry standards require pharmacists to contact the prescriber for verification or clarification whenever there is a question about any aspect of a prescription order. If a pharmacist is ever in doubt, he or she must ask for proper identification. If a pharmacist believes the prescription is forged or altered, he or she should not dispense it and call the local police. If a pharmacist believes he or she has discovered a pattern of prescription diversion, the local Board of Pharmacy and DEA must be contacted.

155. A standard of care for the Pharmacy Defendants is also set by applicable professional regulations in California. It is a violation of professional standards not to attempt to address the suspected addiction of a patient to a drug dispensed by the pharmacist, if there is reason to believe the patient may be addicted.

156. On information and belief, the Pharmacy Defendants regularly filled prescriptions in circumstances where red flags were present (and sometimes many red flags).

157. On information and belief, the Pharmacy Defendants regularly filled opioid prescriptions that would have been deemed questionable or suspicious by a reasonably prudent pharmacy.

158. On information and belief, the Pharmacy Defendants have not adequately trained or supervised their employees at the point of sale to investigate or report suspicious or invalid prescriptions or protect against corruption or theft by employees or others.

159. On information and belief, the Pharmacy Defendants utilize monetary compensation programs for certain employees that are based, in part, on the number of prescriptions filled and dispensed. This type of compensation creates economic disincentives within the companies to

change their practices. For example, there have been reports of chain store supervisory personnel directing pharmacists to fill prescriptions regardless of the red flags presented.

160. The Pharmacy Defendants have violated a voluntarily undertaken duty to the public. In news reports and other public documents, it has been reported that the Pharmacy Defendants, through their words or actions, have assured the public that issues affecting public health and safety are the highest priority for the defendants.

161. For example, in 2015, CVS publicly stated that, "the abuse of controlled substance pain medication is a nationwide epidemic that is exacting a devastating toll upon individuals, families and communities. Pharmacists have a legal obligation to determine whether a controlled substance was issued for a legitimate purpose and to decline to fill prescriptions they have reason to believe were issued for a non-legitimate purpose."

162. In failing to take adequate measures to prevent substantial opioid-related injuries that have affected Center Point, the Pharmacy Defendants have breached their duties under the "reasonable care" standard and professional duties under the relevant standards of professional practice.

163. It is foreseeable to the Pharmacy Defendants that filling invalid or suspicious prescriptions for opioids would cause harm to individual pharmacy customers, Center Point's patients who may use the wrongfully-dispensed opioids and Center Point's treatment services.

164. It is reasonably foreseeable to the Pharmacy Defendants that, when unintended users gain access to opioids, tragic yet preventable injuries and damages will result, including overdoses and death.

165. At all relevant times, the Pharmacy Defendants have engaged in improper dispensing practices, and continue to do so, despite knowing full well they could take measures to substantially eliminate their complicity in opioid diversion.

166. At all relevant times, the Pharmacy Defendants engaged in these activities, and

continue to do so, knowing full well that Center Point, in its role of providing treatment and services, would provide or pay for additional medical services, emergency services, and other necessary services, and would suffer the loss of substantial economic productivity.

167. It is reasonably foreseeable to the Pharmacy Defendants that Center Point would be forced to bear substantial expenses as a result of the Pharmacy Defendants' acts.

168. The Pharmacy Defendants were on notice of their ongoing negligence or intentional misconduct in part because of their history of being penalized for violating their duties and legal requirements in other jurisdictions.

169. In 2013, Defendant CVS agreed to pay $11 million to avoid civil charges for violating federal laws relating to the sales of prescription opioids at pharmacies in the State of Oklahoma. Specifically, CVS allegedly violated the recordkeeping requirements for tracking and dispensing prescription drugs including oxycodone and hydrocodone.

170. Nationally, Walgreens has settled investigations with the DEA related to controlled substances in at least two states involving millions of dollars in fines and penalties.

171. Defendants, CVS, Walgreens, and Wal-Mart each have one or more pharmacies that fill prescriptions for opioids which are operating within or in close proximity to the geographic areas served by Center Point.

172. Various State Boards of Pharmacy have also prosecuted and disciplined numerous pharmacists and pharmacy technicians employed by the Pharmacy Defendants for diversion of prescription opioids.

173. The Pharmacy Defendants were also aware of the magnitude of the opioid diversion crisis based on investigations into their practices elsewhere. For example, in 2013, Walgreens settled with the DEA for $80 million, resolving allegations that it committed an unprecedented number of record-keeping and dispensing violations at various retail locations and a distribution center. As part of the settlement, Walgreens agreed to enhance its training and compliance

programs, and to no longer compensate its pharmacists based on the volume of prescriptions filled.

174. Similarly, in 2015, CVS agreed to pay a $22 million penalty following a DEA investigation that found that employees at two pharmacies had dispensed prescription opioids, "based on prescriptions that had not been issued for legitimate medical purposes by a health care provider acting in the usual course of professional practice. CVS also acknowledged that its retail pharmacies had a responsibility to dispense only those prescriptions that were issued based on legitimate medical need."

175. CVS also agreed to pay $450,000 to resolve allegations that pharmacists were filling opioid prescriptions written by unauthorized medical personnel. More recently, in 2016, CVS settled a case in Massachusetts, by agreeing to pay $3.5 million to resolve allegations that 50 CVS stores violated the federal CSA by filling forged oxycodone prescriptions more than 500 times between 2011 and 2014.

**COUNT I: NUISANCE**

176. The Plaintiff reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

177. The nuisance is the over-saturation of opioids in the patient population of Center Point and in the geographic areas served by Center Point for non-medical purposes, as well as the adverse social, economic, and human health outcomes associated with widespread illegal opioid use.

178. All Defendants substantially participated in nuisance-causing activities.

179. Defendants' nuisance-causing activities include selling or facilitating the sale of prescription opioids to the patients of Center Point, as well as to unintended users, including children, people at risk of overdose or suicide, and criminals.

180. Defendants' nuisance-causing activities also include failing to implement effective controls and procedures in their supply chains to guard against theft, diversion and misuse of

controlled substances, and their failure to adequately design and operate a system to detect, halt and report suspicious orders of controlled substances.

181. Defendants' activities unreasonably interfere with the economic rights of Center Point.

182. The Defendants' interference with these rights of Center Point is unreasonable because it:

a. Has harmed and will continue to harm the public health services of and public peace of Center Point;

b. Has harmed and will continue to harm the communities and neighborhoods which Center Point services;

c. Is proscribed by statutes and regulation, including the CCSA, pharmacy regulations, and the consumer protection statute;

d. Is of a continuing nature and it has produced long-lasting effects; and

e. Defendants have reason to know their conduct has a significant effect upon Center Point.

183. The nuisance undermines public health, quality of life, and safety. It has resulted in increased crime and property damage. It has resulted in high rates of addiction, overdoses, dysfunction, and despair within families and entire communities.

184. The resources of treatment centers such as Center Point are being unreasonably consumed in efforts to address the prescription drug abuse epidemic, thereby eliminating available resources needed in other health care areas.

185. Defendants' nuisance-causing activities are not outweighed by the utility of Defendants' behavior. In fact, their behavior is illegal and has no social utility whatsoever. There is no legitimately recognized societal interest in failing to identify, halt, and report suspicious opioid transactions.

186. At all times, all Defendants possessed the right and ability to control the nuisance-causing outflow of opioids from pharmacy locations or other points of sale. Pharmaceutical

Defendants flooded the distribution channels and the geographic and demographic areas of Center Point with opioid pills. Distributor Defendants had the power to shut off the supply of illicit opioids to patients and consumers in the geographic areas served by Center Point, yet did the opposite by flooding the U.S. with opioid pills. The Pharmacy Defendants aided and abetted this nuisance by failing to heed their own internal data on the extent of opioid prescriptions.

187. As a direct and proximate result of the nuisance, Center Point has sustained economic harm by spending a substantial amount of money trying to remedy and abate the harms caused by Defendants' nuisance-causing activity, including, but not limited to, costs of treatment services.

188. Center Point has also suffered unique harms different from individual opioid users and governmental entities at large, namely, that Center Point has been harmed in its proprietary interests.

189. The effects of the nuisance can be abated, and the further occurrence of such harm and inconvenience can be prevented.

190. Defendants should be required to pay the expenses Center Point has incurred or will incur in the future to fully abate the nuisance.

**COUNT II: NEGLIGENCE AND GROSS NEGLIGENCE**

191. The Plaintiff reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

192. Defendants owe a non-delegable duty to Center Point to conform their behavior to the legal standard of reasonable conduct under the circumstances, in the light of the apparent risks.

193. There is no social value to Defendants' challenged behavior. In fact, Defendants' entire conduct, behavior, actions, misrepresentations, conspiracies, and omissions are against the law.

194. On the other hand, there is immense social value to the interests threatened by Defendants' behavior, namely the health, safety, and welfare of Center Point and its patients.

195. Defendants' behavior caused a substantial injury and damage to Center Point.

196. Defendants' conduct fell below the reasonable standard of care and was negligent. Their negligent acts include:

a. Consciously oversupplying the market in and around the geographic areas served by Center Point with highly-addictive prescription opioids;

b. Using unsafe distribution and dispensing practices;

c. Affirmatively enhancing the risk of harm from prescription opioids by failing to act as a last line of defense against diversion;

d. Disregarding precautionary measures built into the CCSA, pharmacy board regulations, and applicable law;

e. Failing to properly train or investigate their employees;

f. Failing to properly review prescription orders for red flags;

g. Failing to report suspicious orders or refuse to fill them;

h. Failing to provide effective controls and procedures to guard against theft and diversion of controlled substances; and

i. Failing to police the integrity of their supply chains; and

j. Creating misleading information with the intention of having prescribers rely upon it.

197. Each Defendant had an ability to control the opioids at a time when it knew or should have known it was passing control of the opioids to an actor further down in the supply chain that was incompetent or acting illegally and should not be entrusted with the opioids.

198. Each Defendant sold prescription opioids in the supply chain knowing (a) there was a substantial likelihood many of the sales were for non-medical purposes and, (b) opioids are an inherently dangerous product when used for non-medical purposes, and (c) that every patient,

before being prescribed even one opioid pill, needed to have a complete family history of addiction to alcohol and drugs, with any such history as a contraindication of any opioid use.

199. Defendants were negligent or reckless in not acquiring and utilizing special knowledge and special skills that relate to the dangerous activity in order to prevent or ameliorate such distinctive and significant dangers.

200. Controlled substances are dangerous commodities. Defendants breached their duty to exercise the degree of care, prudence, watchfulness, and vigilance commensurate to the dangers involved in the transaction of their business.

201. Defendants were also negligent or reckless in failing to guard against foreseeable third-party misconduct, e.g., the foreseeable conduct of: corrupt prescribers, corrupt pharmacists and staff, and/or criminals who buy and sell opioids for non-medical purposes.

202. Defendants are in a limited class of registrants authorized to legally distribute controlled substances. This places Defendants in a position of great trust and responsibility vis-a-vis Center Point and its patient communities. Defendants owe a special duty to Center Point. That duty cannot be delegated to another party.

203. Center Point is without fault, and the injuries to Center Point would not have happened in the ordinary course of events if the Defendants used due care commensurate to the dangers involved in the distribution and dispensing of controlled substances.

204. The aforementioned conduct of Defendants proximately caused damage to Center Point.

## COUNT III: UNJUST ENRICHMENT

205. Plaintiff reasserts the allegations in the foregoing paragraphs as if set forth fully herein.

206. Center Point has expended substantial amounts of money to address, remedy and/or mitigate the societal harms caused by Defendants' conduct.

207. The expenditures by Center Point in providing treatment services to people who use opioids have added to Defendants' wealth. The expenditures by Center Point have helped sustain Defendants' businesses.

208. Center Point has conferred a benefit upon Defendants, by paying for what may be called Defendants' externalities - the costs of the harm caused by Defendants' negligent distribution and sales practices.

209. Defendants are aware of this obvious benefit, and that retention of this benefit is unjust.

210. Defendants made substantial profits while fueling the prescription drug epidemic in the geographic area served by Center Point.

211. Defendants continue to receive considerable profits from the distribution of controlled substances in the geographic area serviced by Center Point.

212. Defendants have been unjustly enriched by their negligent, intentional, malicious, oppressive, illegal and unethical acts, omissions, and wrongdoing.

213. It would be inequitable to allow Defendants to retain the benefit or financial advantage of their wrongdoing.

214. Center Point demands judgment against each Defendant for restitution, disgorgement, and any other relief allowed in law or equity.

## COUNT IV: COMMON LAW FRAUD

## (AS TO PHARMACEUTICAL DEFENDANTS ONLY

215. Plaintiff reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

216. Pharmaceutical Defendants engaged in false representations and concealments of material fact regarding the use of opioids to treat chronic non-cancer pain.

217. Defendant Purdue made and/or disseminated deceptive statements, including, but not limited to, the following: (a) advertising that opioids improved long-term functioning long-term and were suitable for the treatment of chronic non-cancer pain; (b) promoting the concept of pseudo-addiction; (c) brochures concerning indicators of possible opioid abuse; (d) suitability of opioids for high-risk patients; (e) publications presenting an unbalanced treatment of the long-term and dose-dependent risks of opioids versus NSAIDs; (f) concealment of funding of pro-opioid KOL doctors regarding treatment for chronic non-cancer pain; (g) downplaying of the risks of opioid addiction; (h) CMEs promoting the use of opioids to treat chronic non-cancer pain; (i) promotion of misleading scientific studies regarding the safety and efficacy of opioids for long-term treatment of chronic non-cancer pain; (j) misuse and promotion of data to mask the true safety and efficacy of opioids for the long-term treatment of chronic non-cancer pain, including rates of abuse and addiction and the lack of validation for long-term efficacy; (k) misleading statements in education materials for California hospital doctors and staff under guise of educating them on new pain standards; (l) in-person detailing; and (m) withholding from California law enforcement the names of prescribers Purdue believed to be facilitating the diversion of its products, while simultaneously marketing opioids to these doctors by disseminating patient and prescriber education materials and advertisements and CMEs.

218. Defendant Endo made and/or disseminated deceptive statements, including, but not limited to, the following: (a) false patient education materials; (b) advertising the ability of opioids to improve function long-term and the efficacy of opioids long-term for the treatment of chronic non-cancer pain; (c) promoting chronic opioid therapy as safe and effective for long term use for high- risk patients; (d) Creating and disseminating advertisements that falsely and inaccurately conveyed the impression that Endo's opioids would provide a reduction in oral, intranasal, or

intravenous abuse; (e) concealing the true risk of addiction and promoting the misleading concept of pseudo-addiction; (f) promoting an unbalanced treatment of the long-term and dose-dependent risks of opioids versus NSAIDs; (g) secretly funding pro-opioid KOLs, who made deceptive statements concerning the use of opioids to treat chronic non-cancer pain; (h) funding pro-opioid pain organizations responsible for egregious misrepresentations concerning the use of opioids to treat chronic non-cancer pain; (i) downplaying the risks of opioid addiction in the elderly; (j) CMEs containing deceptive statements concerning the use of opioids to treat chronic non-cancer pain; (k) misleading scientific studies concluding opioids are safe and effective for the long-term treatment of chronic non-cancer pain and quality of life, while concealing contrary data; (l) funding and promoting pro-opioid KOLs concerning the use of opioids to treat chronic non-cancer pain, including the concept of pseudo-addiction; (m) manipulation of data regarding safety and efficacy of opioids for the long-term treatment of chronic non-cancer pain, including known rates of abuse and addiction and the lack of validation for long-term efficacy; and (n) in-person detailing.

219. Defendant Janssen made and/or disseminated deceptive statements, including, but not limited to, the following: (a) patient education materials containing deceptive statements regarding the suitability, benefits, and efficacy of opioids; (b) stating that opioids were safe and effective for the long-term treatment of chronic non-cancer pain; (c) stating that opioids improve quality of life, while concealing contrary data; (d) concealing the true risk of addiction; (e) promoting the deceptive concept of pseudo-addiction; (f) promoting opioids for the treatment of conditions for which Janssen knew, due to the scientific studies it conducted, that opioids were not efficacious, and concealing this information; (g) presenting to the public and doctors an unbalanced treatment of the long-term and dose-dependent risks of opioids versus NSAIDs; (h) funding pro-opioid KOLs, who made deceptive statements concerning the use of opioids to treat chronic non-cancer pain; (i) funding pro-opioid pain organizations that made deceptive statements, including in patient education materials, concerning the use of opioids to treat chronic non-cancer pain; (j) using

CMEs to promote false statements concerning the use of opioids to treat chronic non-cancer pain and; (k) in-person detailing.

220. Defendant Cephalon made and/or disseminated untrue, false, and deceptive statements minimizing the risk of addiction of opioids, promoting the concept of pseudo-addiction, advocating the use of opioids for chronic non-cancer pain, funding misleading CMEs, KOL doctors, and pain organizations, minimizing the addictiveness of Cephalon's potent rapid-onset opioids, and promoting the suitability of Cephalon's rapid-onset opioids to general practitioners, neurologists, sports medicine specialists, and workers' compensation programs.

221. Defendant Actavis and Mallinckrodt made and/or disseminated deceptive statements, including, but not limited to, the following: (a) promotion of use of opioids to treat chronic non-cancer pain to California prescribers through in-person detailing; (b) advertising that opioids were safe and effective for the long-term treatment of chronic non-cancer pain and that opioids improved quality of life; and (c) advertising that concealed the risk of addiction in the long-term treatment of chronic, non-cancer pain.

222. These false representations and concealments were reasonably calculated to deceive prescribing physicians in the geographic areas served by Center Point, were made with the intent to deceive, and did in fact deceive physicians who prescribed opioids for chronic pain.

223. But for these false representations and concealments of material fact, Center Point would not have incurred substantial costs and economic loss.

224. As a direct and proximate cause of the Pharmaceutical Defendants' fraudulent conduct, Center Point has suffered damages.

## COUNT V: CIVIL CONSPIRACY

225. Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set out herein.

226. The Pharmaceutical Defendants continuously supplied prescription opioids to the Distributor Defendants despite having actual or constructive knowledge that said Distributors were habitually breaching their duties under the law.

227. Without the Distributor Defendants' supply of prescription opioids, the Pharmacy Defendants would not be able to fill and dispense the increasing number of prescription opioids throughout the geographic areas served by Center Point.

228. The Pharmacy Defendants continuously paid the Distributor Defendants to supply large quantities of prescription opioids in order to satisfy the demand for the drugs.

229. No Defendant in this opioid network would have succeeded in profiting so significantly from the opioid epidemic without the concerted conduct of the other party, and none would have succeeded so significantly without engaging in the wrongful conduct as herein alleged.

230. The Pharmaceutical Defendants likewise benefitted from this distribution conspiracy in that the more pervasive opioid diversion became, the more the Pharmaceutical Defendants profited. Despite access to the same information in the hands of the Distributor Defendants, the Pharmaceutical Defendants ignored the warning signs of opioid diversion.

231. As a result of the concerted actions between and among the Defendants, Center Point has suffered damages.

232. Center Point demands judgment against each Defendant for compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Center Point, Inc. prays that the Court grant the following relief:

(a) Injunctive Relief as against the Defendants for their wrongful, tortious, and illegal activities as alleged hereinabove;

(b) Compensatory, consequential, and incidental damages;

(c) All available equitable remedies, including restitution and disgorgement of revenue and profits;

(d) Punitive damages;

(e) Attorneys' fees and all costs and expenses related to this civil action; and

(f) All such other relief this Court and/or jury deems just and fair;

(g) Trial by jury for all counts so triable.

Dated this 6th day of March 2018.

Respectfully Submitted,

CENTER POINT, INC.

PLAINTIFF

By Its Attorneys:

Little Fawn Boland (SBN 240181)
Ceiba Legal
35 Madrone Park Circle
Mill Valley, CA 94941
(415) 684-7670 x101
littlefawn@ceibalegal.com

Additional Counsel for the Plaintiff,
to be admitted *pro hac vice*:

J. Nixon Daniel, III
Mary Jane Bass
John R. Zoesch, III
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
jnd@beggslane.com
mjb@beggslane.com
jrz@beggslane.com

T. Roe Frazer II
Patrick D. McMurtray
Thomas Roe Frazer III
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215
(615) 647-6464
roe@frazer.law
Patrick@frazer.law
trey@frazer.law

Frederick T. Kuykendall, III
THE KUYKENDALL GROUP
2013 1st Avenue North, Ste 450
Birmingham, Alabama 35203
(205) 252-6127
ftk@thekuykendallgroup.com

Grant D. Amey
Law Office of Grant D. Amey, LLC
P.O. Box 67
Fairhope, Alabama 36533
(251) 716-0317
grantamey@grantamey.com

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **AUG-08-2018**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

LITTLE FAWN BOLAND (SBN 240181)
CEIBA LEGAL, LLP
35 Madrone Park Circle
Mill Valley, CA 94941
Telephone: (415) 684-7670
Facsimile: (415) 684-7273

Attorneys for Plaintiff,
CENTER POINT, INC.

ELECTRONICALLY
FILED
Superior Court of California,
County of San Francisco
03/20/2018
Clerk of the Court
BY: DAVID YUEN
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

CENTER POINT, INC.

Plaintiff,

vs.

MCKESSON CORPORATION;
CARDINAL HEALTH, INC.;
AMERISOURCEBERGEN CORPORATION;
CVS HEALTH CORPORATION;
WALGREENS BOOTS ALLIANCE, INC.;
WAL-MART STORES, INC.,
PURDUE PHARMA L.P.;
PURDUE PHARMA, INC.;
THE PURDUE FREDERICK COMPANY, INC.;
TEVA PHARMACEUTICAL INDUSTRIES, LTD.;
TEVA PHARMACEUTICALS USA, INC.;
CEPHALON, INC.;
JOHNSON & JOHNSON;
JANSSEN PHARMACEUTICALS, INC.;
ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.;
JANSSEN PHARMACEUTICA INC. n/k/a

Case No.: CGC-18-564833

**NOTICE OF RELATED CASES**

JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.;
ENDO PHARMACEUTICALS, INC.;
ALLERGAN PLC f/k/a ACTAVIS PLC;
WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.;
WATSON LABORATORIES, INC.;
ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.;
MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS,
DOES 1 THROUGH 100, INCLUSIVE,

Defendants.

---

Center Point, Inc. hereby gives notice, pursuant to Rule 3.300 of the California Rules of Court, of the following related cases, which involve some of the same parties, are based on the same or similar claims, and arise from the same or substantially identical questions of law or fact:

**1.** *Coyote Valley Band of Pomo Indians v. McKesson Corp., et al*

Civil Case No. CGC-18-563933

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: January 29, 2018
Amended Complaint Filed: February 15, 2018

Status: Pending

**2.** *Guidiville Rancheria of California v. McKesson Corp., et al*

Civil Case No. CGC-18-564281

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: February 13, 2018

Status: Pending

**3.** *Big Valley Band of Pomo Indians v. McKesson Corp., et al.*

Civil Case No. CGC-18-564282

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: February 13, 2018

Status: Pending

*4. Redwood Valley or Little River Band of Pomo Indians of the Redwood Valley Rancheria v. McKesson Corp., et al*

Civil Case No. CGC-18-564489

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: February 21, 2018

Status: Pending

**5.** *Scotts Valley Band of Pomo Indians v. McKesson Corp., et al*

Civil Case No. CGC-18-564490

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: February 21, 2018

Status: Pending

**6.** *Hopland Band of Pomo Indians v. McKesson Corp., et al*

Civil Case No. CGC-18-564491

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: February 21, 2018

Status: Pending

**7.** *Big Sandy Rancheria of Western Mono Indians v. McKesson Corp., et al*

Civil Case No. CGC-18-564736

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: March 2, 2018

Status: Pending

**8.** *Robinson Rancheria v. McKesson Corp., et al.*

Civil Case No. CGC-18-564739

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: March 2, 2018

Status: Pending

*9. Consolidated Tribal Health Project, Inc. v. McKesson Corp., et al*

Civil Case No. CGC-18-564743

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: March 2, 2018

Status: Pending

**10.** *Round Valley Indian Tribes and Round Valley Indian Health Center, Inc. v. McKesson Corp., et al*

Civil Case No. CGC-18-564741

Superior Court of California, County of San Francisco
400 McAlister Street
San Francisco, CA 94102

Filed: March 2, 2018

Status: Pending

DATED: March 20, 2018

Respectfully Submitted,

CENTER POINT, INC.

PLAINTIFF

By Its Attorneys:

[signature]

Little Fawn Boland (SBN 240181)
Ceiba Legal
35 Madrone Park Circle
Mill Valley, CA 94941
(415) 684-7670 x101
littlefawn@ceibalegal.com

Additional Counsel for the Plaintiff, to be admitted *pro hac vice*:

J. Nixon Daniel, III
Mary Jane Bass
John R. Zoesch, III
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
jnd@beggslane.com
mjb@beggslane.com
jrz@beggslane.com

T. Roe Frazer II
Patrick D. McMurtray
Thomas Roe Frazer III
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215
(615) 647-6464
roe@frazer.law
Patrick@frazer.law
trey@frazer.law

Frederick T. Kuykendall, III
THE KUYKENDALL GROUP
2013 1st Avenue North, Ste 450
Birmingham, Alabama 35203
(205) 252-6127
ftk@thekuykendallgroup.com

Grant D. Amey
Law Office of Grant D. Amey, LLC
P.O. Box 67
Fairhope, Alabama 36533
(251) 716-0317
grantamey@grantamey.com

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): LITTLE FAWN BOLAND, CEIBA LEGAL, LLP, 35 MADRONE PARK CIRCLE, MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br>ELECTRONICALLY FILED<br>Superior Court of California, County of San Francisco<br>04/12/2018<br>Clerk of the Court<br>BY: ANNA TORRES<br>Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER: CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Actavis LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Corporate Creations Network, Inc., Agent for Service
4. Address where the party was served:
   1430 Truxtun Avenue, 5th Floor Bakersfield, CA 93301
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: CGC18-564833 |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Actavis LLC
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation) [ ] 415.95 (business organization, form unknown)
   [ ] 416.20 (defunct corporation) [ ] 416.60 (minor)
   [ ] 416.30 (joint stock company/association) [ ] 416.70 (ward or conservatee)
   [✔] 416.40 (association or partnership) [ ] 416.90 (authorized person)
   [ ] 416.50 (public entity) [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**ER: COMPLETE THIS SECTION**

mplete items 1, 2, and 3.
it your name and address on the reverse that we can return the card to you.
ach this card to the back of the mailpiece, on the front if space permits.

Actavis LLC
Corporate Creations Network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, CA 93301

9590 9402 3284 7196 4716 82

Number (Transfer from service label)

7015 0640 0003 9812 3469

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Ciliana Gomez
C. Date of Delivery 3/15/18

ddress different from item 1? ☐ Yes
r delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

rm 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**DER: COMPLETE THIS SECTION**

omplete items 1, 2, and 3.
rint your name and address on the reverse that we can return the card to you.
ttach this card to the back of the mailpiece, on the front if space permits.

Actavis LLC
Corporate Creations Network, Inc.
11380 Prosperity Farms Road, #221E
Palm Beach Gardens, Florida 33410

9590 9402 3284 7196 4721 77

cle Number (Transfer from service label)

7015 0640 0003 9812 7702

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) K.R
C. Date of Delivery 3-16-18

ddress different from item 1? ☐ Yes
r delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
ricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

rm 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>BY: ANNA TORRES<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Actavis LLC

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Corporate Creations Network, Inc., Agent for Service
4. Address where the party was served:
   11380 Prosperity Farms Road, #221E Palm Beach Gardens, Florida 33410
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Actavis LLC
   under the following Code of Civil Procedure section:
   - [ ] 416.10 (corporation)
   - [ ] 416.20 (defunct corporation)
   - [ ] 416.30 (joint stock company/association)
   - [✔] 416.40 (association or partnership)
   - [ ] 416.50 (public entity)
   - [ ] 415.95 (business organization, form unknown)
   - [ ] 416.60 (minor)
   - [ ] 416.70 (ward or conservatee)
   - [ ] 416.90 (authorized person)
   - [ ] 415.46 (occupant)
   - [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**)ER: COMPLETE THIS SECTION**

mplete items 1, 2, and 3.
1t your name and address on the reverse that we can return the card to you.
ach this card to the back of the mailpiece, on the front if space permits

Actavis LLC
Corporate Creations Network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, CA 93301

)590 9402 3284 7196 4716 82

. Number (Transfer from service label)

7015 0640 0003 9812 3469

rm 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name) Ciliana Gomez
C. Date of Delivery 3/15/18

ddress different from item 1? ☐ Yes
r delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**IDER: COMPLETE THIS SECTION**

;omplete items 1, 2, and 3.
rint your name and address on the reverse o that we can return the card to you.
ttach this card to the back of the mailpiece, on the front if space permits

Actavis LLC
Corporate Creations Network, Inc.
11380 Prosperity Farms Road, #221E
Palm Beach Gardens, Florida 33410

9590 9402 3284 7196 4721 77

cle Number (Transfer from service label)

7015 0640 0003 9812 7702

rm 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name) K.R
C. Date of Delivery 3-16-18

ddress different from item 1? ☐ Yes
r delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
ricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br>ELECTRONICALLY FILED<br>Superior Court of California, County of San Francisco<br>04/12/2018<br>Clerk of the Court<br>BY: ANNA TORRES<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Actavis Pharma Inc. f/k/a Watson Pharma, Inc.

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Corporate Creations Network, Inc., Agent for Service
4. Address where the party was served:
   1430 Truxtun Avenue, 5th Floor Bakersfield, CA 93301
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
|---|---|

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA

   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Actavis Pharma Inc. f/k/a Watson Pharma, Inc.
   under the following Code of Civil Procedure section:

| | |
|---|---|
| [✔] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
      (1) [ ] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [✔] a registered California process server:
         (i) [ ] owner [✔] employee [ ] independent contractor.
         (ii) Registration No.: 641
         (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Actavis Pharma Inc. f/k/a/
Watson Pharma, Inc
Corporate Creations Network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, CA 93301

9590 9402 3284 7196 4776 39

2. Article Number (Transfer from service label)
7015 0640 0003 9812 3483

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Liliana Gomez

C. Date of Delivery
3/15/18

...ddress different from item 1? ☐ Yes
...r delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...stricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br>ELECTRONICALLY<br>FILED<br>Superior Court of California, County of San Francisco<br>04/12/2018<br>Clerk of the Court<br>BY: ANNA TORRES<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Allergan PLC f/k/a Actavis PLC

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CT Corporation System, Agent for Service
4. Address where the party was served:
   818 W. Seventh St., Ste. 930 Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA

(3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Allergan PLC f/k/a Actavis PLC
   under the following Code of Civil Procedure section:

[ ] 416.10 (corporation)
[ ] 416.20 (defunct corporation)
[ ] 416.30 (joint stock company/association)
[ ] 416.40 (association or partnership)
[ ] 416.50 (public entity)
[ ] 415.95 (business organization, form unknown)
[ ] 416.60 (minor)
[ ] 416.70 (ward or conservatee)
[ ] 416.90 (authorized person)
[ ] 415.46 (occupant)
[✔] other: Public Limited Company

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:

(1) [ ] not a registered California process server.
(2) [ ] exempt from registration under Business and Professions Code section 22350(b).
(3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Allergan PLC f/k/a Actavis PLC
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 2371 6249 8566 34

2. Article Number (Transfer from service label)

7015 0640 0003 9812 6163

PS Form 3811, July 2015 PSN 7530-02-000-9053

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X CT CORPORATION SYSTEM
818 West Seventh Street
Suite 930
Los Angeles, CA 90017

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

MAR 15 2018

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>BY: ANNA TORRES<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Amerisourcebergen Corporation

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CT Corporation System, Agent for Service
4. Address where the party was served:
   818 W. Seventh St., Ste. 930 Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5\. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA

(3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6\. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ ] as an individual defendant.

b. [ ] as the person sued under the fictitious name of *(specify):*

c. [ ] as occupant.

d. [✔] On behalf of *(specify):* Amerisourcebergen Corporation

under the following Code of Civil Procedure section:

[✔] 416.10 (corporation)
[ ] 416.20 (defunct corporation)
[ ] 416.30 (joint stock company/association)
[ ] 416.40 (association or partnership)
[ ] 416.50 (public entity)
[ ] 415.95 (business organization, form unknown)
[ ] 416.60 (minor)
[ ] 416.70 (ward or conservatee)
[ ] 416.90 (authorized person)
[ ] 415.46 (occupant)
[ ] other:

7\. **Person who served papers**

a. Name: ROBERT RONALD

b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597

c. Telephone number: 925 947-1100

d. **The fee** for service was: $ 43.00

e. I am:

(1) [ ] not a registered California process server.

(2) [ ] exempt from registration under Business and Professions Code section 22350(b).

(3) [✔] a registered California process server:

(i) [ ] owner [✔] employee [ ] independent contractor.

(ii) Registration No.: 641

(iii) County: CONTRA COSTA

8\. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9\. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amerisourcebergen Corporation
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 3284 7196 4708 07

2. Article Number *(Transfer from service label)*

7015 0640 0003 9812 5586

PS Form 3811, July 2015 PSN 7530-02-000-9053

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X CT CORPORATION SYSTEM
818 West Seventh Street
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
Suite 930
Los Angeles, CA 90017

C. Date of Delivery
MAR 15 2018

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): LITTLE FAWN BOLAND, CEIBA LEGAL, LLP, 35 MADRONE PARK CIRCLE, MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br>ELECTRONICALLY FILED<br>Superior Court of California, County of San Francisco<br>04/12/2018<br>Clerk of the Court<br>BY: ANNA TORRES<br>Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Cephalon, Inc.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   The Corporation Trust Company, Agent for Service
4. Address where the party was served:
   Corporation Trust Center 1209 Orange Street Wilmington, DE 19801
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
|---|---|

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA

(3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✓] On behalf of *(specify):* Cephalon, Inc.
   under the following Code of Civil Procedure section:

| | |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
      (1) [ ] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [✓] a registered California process server:
         (i) [ ] owner [✓] employee [ ] independent contractor.
         (ii) Registration No.: 641
         (iii) County: CONTRA COSTA

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE )

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cephalon, Inc. c/o
Corporate Creations Network, Inc.
3411 Silverside Road Tatnall, Bldg. Suite 104
Wilmington, DE 19810

104

9590 9402 3284 7196 4713 78

2. Article Number *(Transfer from service label)*

15 0640 0003 9812 0642

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X [signature]

☐ Agent
☐ Addressee

B. Received by *(Printed Name)* alexa Siemienski

C. Date of Delivery 3-17-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

EDGEMOOR BRANCH WILMINGTON DE 19809 MAR 19 2018 USPS

Center

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☒ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
LITTLE FAWN BOLAND
CEIBA LEGAL, LLP
35 MADRONE PARK CIRCLE
MILL VALLEY, CA 94941
TELEPHONE NO.: 415 684-7670 FAX NO. *(Optional)*: 415 684-7273
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**04/12/2018**
**Clerk of the Court**
BY: ANNA TORRES
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: CENTER POINT, INC.
DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL

CASE NUMBER: CGC18-564833

Ref. No. or File No.:

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents)*: Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Cardinal Health, Inc.

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System, Agent for Service
4. Address where the party was served:
   4400 Easton commons Way, Ste. 125, Columbus, OH 43219
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.



Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]



Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/22/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Cardinal Health, Inc.
   under the following Code of Civil Procedure section:
   [✔] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: JOEL BASBAS
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/30/2018

JOEL BASBAS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cardinal Health, Inc.
CT Corporation System
4400 Easton Commons Way suite 125
Columbus, OH 43219 CHI

9590 9402 3284 7196 4720 85

2. Article Number *(Transfer from service label)*

7017 0530 0000 3968 9356

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X Daniel D. Kelley ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Daniel D. Kelley

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center Point

MAR 06 20..

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package +

**Tracking Number:** 70170530000039689356

Remove ×

**On Time**

**Expected Delivery on**

**MONDAY**

**26** MARCH 2018 ⓘ

by **8:00pm** ⓘ

## Delivered

March 26, 2018 at 11:57 am
Delivered
COLUMBUS, OH 43219

**Get Updates**

**Text & Email Updates**

**Tracking History**

**Product Information**

**See Less**

## Can't find what you're looking for?

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LITTLE FAWN BOLAND
CEIBA LEGAL, LLP
35 MADRONE PARK CIRCLE
MILL VALLEY, CA 94941
TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**04/12/2018**
**Clerk of the Court**
**BY:ANNA TORRES**
**Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: CENTER POINT, INC.
DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL

CASE NUMBER: CGC18-564833

Ref. No. or File No.:

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   CVS Health Corporation

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   The Corporation Trust Company, Agent for Service
4. Address where the party was served:
   Corporation Trust Center 1209 Orange Street Wilmington, DE 19801
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA

(3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* CVS Health Corporation
   under the following Code of Civil Procedure section:
   - [✔] 416.10 (corporation)
   - [ ] 416.20 (defunct corporation)
   - [ ] 416.30 (joint stock company/association)
   - [ ] 416.40 (association or partnership)
   - [ ] 416.50 (public entity)
   - [ ] 415.95 (business organization, form unknown)
   - [ ] 416.60 (minor)
   - [ ] 416.70 (ward or conservatee)
   - [ ] 416.90 (authorized person)
   - [ ] 415.46 (occupant)
   - [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

CVS HEALTH CORPORATION
THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

9590 9402 3284 7196 4724 29

7015 0640 0003 9812 6910

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X Amy McLaren
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* RECEIVED

C. Date of Delivery MAR 19 2018

ddress different from item 1? ☐ Yes
r delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>**BY:ANNA TORRES**<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Endo Health Solutions, Inc.

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   The Corporation Trust Company, Agent for Service
4. Address where the party was served:
   Corporation Trust Center 1209 Orange Street Wilmington, DE 19801
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Endo Health Solutions, Inc.
   under the following Code of Civil Procedure section:
   - [✔] 416.10 (corporation)
   - [ ] 416.20 (defunct corporation)
   - [ ] 416.30 (joint stock company/association)
   - [ ] 416.40 (association or partnership)
   - [ ] 416.50 (public entity)
   - [ ] 415.95 (business organization, form unknown)
   - [ ] 416.60 (minor)
   - [ ] 416.70 (ward or conservatee)
   - [ ] 416.90 (authorized person)
   - [ ] 415.46 (occupant)
   - [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Endo Health Solutions, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington DE 19801

9590 9402 3284 7196 4709 44

2. Article Number (Transfer from servi...

7015 0640 0003 9812 0833

...orm 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Amy McLaren ...ent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
RECEIVED MAR 1 9 2018

...dress different from item 1? ☐ Yes
...delivery address below: ☐ No

Center Point

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Co... ...ct on Delivery
...t on Delivery Restricted Delivery
...d Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>BY: ANNA TORRES<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Endo Pharmaceuticals, Inc.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   The Corporation Trust Company, Agent for Service
4. Address where the party was served:
   Corporation Trust Center 1209 Orange Street Wilmington, DE 19801
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: CGC18-564833 |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Endo Pharmaceuticals, Inc.
   under the following Code of Civil Procedure section:

   [✔] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Endo Pharmaceuticals, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington DE 19801

9590 9402 3284 7196 4709 51

(Transfer from service label)

7015 0640 0003 9812 7641

PS Form 3811, July 2015 PSN 7530-02-000-9053

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X Amy McLaren ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

RECEIVED MAR 19 2018

...dress different from item 1? ☐ Yes
...delivery address below: ☐ No

Center

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>BY: ANNA TORRES<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Janssen Pharmaceuticals, Inc

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System, Agent for Service
4. Address where the party was served:
   818 W. Seventh St., Ste. 930 Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*: 03/13/2018 (2) from *(city)*: Walnut Creek, CA

   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Janssen Pharmaceuticals, Inc
   under the following Code of Civil Procedure section:

   [✔] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
      (1) [ ] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [✔] a registered California process server:
         (i) [ ] owner [✔] employee [ ] independent contractor.
         (ii) Registration No.: 641
         (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Janssen Pharmaceutica Inc. n/k/a
Janssen Pharmaceuticals
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 3284 7196 4709 75

7015 0640 0003 9812 7627

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X CT CORPORATION SYSTEM ☐ Agent ☐ Addressee
818 West Seventh Street
Suite 930
Los Angeles, CA 90017
B. Received by (Printed Name) C. Date of Delivery MAR 15 2018
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Janssen Pharmaceuticals Inc.
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 3284 7196 4710 02

2. Article Number (Transfer from service label)
7015 0640 0003 9812 7597

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
CT CORPORATION SYSTEM
X 818 West Seventh Street ☐ Agent ☐ Addressee
Suite 930
Los Angeles, CA 90017
B. Received by (Printed Name) C. Date of Delivery MAR 15 2018
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Ortho-Mcneil-Jensen Pharmaceuticals Inc.
n/k/a Janssen Pharmaceuticals Inc.
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 3284 7196 4709 99

2. Article Number
7015 0640 0003 9812 7603

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X CT CORPORATION SYSTEM ☐ Agent ☐ Addressee
818 West Seventh Street
Suite 930
Los Angeles, CA 90017
B. Received by (Printed Name) C. Date of Delivery MAR 15 2018
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LITTLE FAWN BOLAND
CEIBA LEGAL, LLP
35 MADRONE PARK CIRCLE
MILL VALLEY, CA 94941
TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**04/12/2018**
**Clerk of the Court**
BY: ANNA TORRES
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: CENTER POINT, INC.

DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL

CASE NUMBER: CGC18-564833

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Johnson & Johnson

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   One Johnson & Johnson Plaza New Brunswick, NJ 08933
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA

(3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ ] as an individual defendant.

b. [ ] as the person sued under the fictitious name of *(specify):*

c. [ ] as occupant.

d. [✔] On behalf of *(specify):* Johnson & Johnson

under the following Code of Civil Procedure section:

[✔] 416.10 (corporation)
[ ] 416.20 (defunct corporation)
[ ] 416.30 (joint stock company/association)
[ ] 416.40 (association or partnership)
[ ] 416.50 (public entity)
[ ] 415.95 (business organization, form unknown)
[ ] 416.60 (minor)
[ ] 416.70 (ward or conservatee)
[ ] 416.90 (authorized person)
[ ] 415.46 (occupant)
[ ] other:

7. **Person who served papers**

a. Name: ROBERT RONALD

b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597

c. Telephone number: 925 947-1100

d. **The fee** for service was: $ 43.00

e. I am:

(1) [ ] not a registered California process server.

(2) [ ] exempt from registration under Business and Professions Code section 22350(b).

(3) [✔] a registered California process server:

(i) [ ] owner [✔] employee [ ] independent contractor.

(ii) Registration No.: 641

(iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOHNSON AND JOHNSON
ONE JOHNSON & JOHNSON PLAZA
NEW BRUNSWICK, NJ 08933

9590 9402 3284 7196 4710 19

2. Article Number (Transfer from service label)

7015 0640 0003 9812 7580

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

KILMER LOBBY 08899
MAR 19 2018
Center
USPS

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☒ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. *(Optional):* 415 684-7273<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | *FOR COURT USE ONLY*<br>ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>**BY: ANNA TORRES**<br>**Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Mallinckrodt, PLC d/b/a Mallinckrodt Pharmaceuticals

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CT Corporation System, Agent for Service
4. Address where the party was served:
   818 W. Seventh St., Ste. 930 Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5\. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA

(3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6\. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ ] as an individual defendant.

b. [ ] as the person sued under the fictitious name of *(specify):*

c. [ ] as occupant.

d. [✔] On behalf of *(specify):* Mallinckrodt, PLC d/b/a Mallinckrodt Pharmaceuticals

under the following Code of Civil Procedure section:

[ ] 416.10 (corporation)
[ ] 416.20 (defunct corporation)
[ ] 416.30 (joint stock company/association)
[ ] 416.40 (association or partnership)
[ ] 416.50 (public entity)
[ ] 415.95 (business organization, form unknown)
[ ] 416.60 (minor)
[ ] 416.70 (ward or conservatee)
[ ] 416.90 (authorized person)
[ ] 415.46 (occupant)
[✔] other: Alien Entity

7\. **Person who served papers**

a. Name: ROBERT RONALD

b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597

c. Telephone number: 925 947-1100

d. **The fee** for service was: $ 43.00

e. I am:

(1) [ ] not a registered California process server.

(2) [ ] exempt from registration under Business and Professions Code section 22350(b).

(3) [✔] a registered California process server:

(i) [ ] owner [✔] employee [ ] independent contractor.

(ii) Registration No.: 641

(iii) County: CONTRA COSTA

8\. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9\. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mallinckrodt, PLCd/b/a Mallinckrodt Pharmaceuticals
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 2371 6249 8565 73

2. Article Number (Transfer from service label)

7015 0640 0003 9812 6378

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X
CT CORPORATION SYSTEM
818 West Seventh Street
Suite 930
Los Angeles, CA 90017

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
MAR 15 2018

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LITTLE FAWN BOLAND
CEIBA LEGAL, LLP
35 MADRONE PARK CIRCLE
MILL VALLEY, CA 94941
TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**04/12/2018**
**Clerk of the Court**
**BY:ANNA TORRES**
**Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McALISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: CENTER POINT, INC.

DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL

CASE NUMBER: CGC18-564833

Ref. No. or File No.:

## PROOF OF SERVICE OF SUMMONS

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   McKesson Corporation

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CSC Lawyers Incorporation Service, Agent for Service
4. Address where the party was served:
   2710 Gateway Oaks Drive, Ste. 150 N Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: CGC18-564833 |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: 03/13/2018 (2) from *(city)*: Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* McKesson Corporation
   under the following Code of Civil Procedure section:
   [✔] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

McKesson Corporation
Corporation Service Company, Which Will Do Business in CA
as CSC Lawyers Incorporating Service
2710 GATEWAY OAKS DRIVE SUITE 150 N
SACRAMENTO, CA 95833

9590 9402 3284 7196 4724 67

7015 0640 0003 9812 3537

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X William [signature] ☑ Agent
☐ Addressee

B. Received by (Printed Name) William Jacobs

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAR 15 2018

Center

GATEWAY OAKS

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LITTLE FAWN BOLAND<br>CEIBA LAW GROUP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941 (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>BY: ANNA TORRES<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System, Agent for Service
4. Address where the party was served:
   818 W. Seventh St., Ste. 930 Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564491 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✓] On behalf of *(specify):* Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc
   under the following Code of Civil Procedure section:
   [✓] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✓] a registered California process server:
   (i) [ ] owner [✓] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ (SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Janssen Pharmaceutica Inc. n/k/a
Janssen Pharmaceuticals
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 3284 7196 4709 75

7015 0640 0003 9812 7627

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X CT CORPORATION SYSTEM ☐ Agent ☐ Addressee
818 West Seventh Street
Suite 930
Los Angeles, CA 90017
B. Received by (Printed Name) C. Date of Delivery MAR 15 2018
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Janssen Pharmaceuticals Inc.
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 3284 7196 4710 02

2. Article Number (Transfer from service label)
7015 0640 0003 9812 7597

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
CT CORPORATION SYSTEM
X 818 West Seventh Street ☐ Agent ☐ Addressee
Suite 930
Los Angeles, CA 90017
B. Received by (Printed Name) C. Date of Delivery MAR 15 2018
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Ortho-Mcneil-Jensen Pharmaceuticals Inc.
n/k/a Janssen Pharmaceuticals Inc.
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 3284 7196 4709 99

2. Article Number (Transfer from service label)
7015 0640 0003 9812 7603

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X CT CORPORATION SYSTEM ☐ Agent ☐ Addressee
818 West Seventh Street
Suite 930
Los Angeles, CA 90017
B. Received by (Printed Name) C. Date of Delivery MAR 15 2018
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LITTLE FAWN BOLAND
CEIBA LEGAL, LLP
35 MADRONE PARK CIRCLE
MILL VALLEY, CA 94941
TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**04/12/2018**
**Clerk of the Court**
BY: ANNA TORRES
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: CENTER POINT, INC.
DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL

CASE NUMBER: CGC18-564833

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents)*: Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served)*:
   The Purdue Frederick Company, Inc

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CSC Lawyers Incorporation Service, Agent for Service
4. Address where the party was served:
   2710 Gateway Oaks Drive, Ste. 150 N Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* The Purdue Frederick Company, Inc
   under the following Code of Civil Procedure section:

   [✔] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Center

The Purdue Frederick Company, Inc.
Corporation Service Company, Which Will Do Business in CA
as CSC Lawyers Incorporating Service
2710 GATEWAY OAKS DRIVE SUITE 150 N
SACRAMENTO, CA 95833

9590 9402 2371 6249 8564 81

2. Article Number (Transfer from service label)
7015 0640 0003 9812 5999

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X Steve Cassidy ☒ Agent ☐ Addressee

B. Received by (Printed Name) Steve Cassidy C. Date of Delivery

D. Is delivery address different from item 1? ☒ Yes
If YES, enter delivery address below: ☐ No

USPS SACRAMENTO CA MAR 20 2018 ROYAL OAKS

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☒ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. *(Optional):* 415 684-7273<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>**BY:ANNA TORRES**<br>**Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   The Purdue Frederick Company, Inc

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CSC Lawyers Incorporation Service, Agent for Service
4. Address where the party was served:
   2710 Gateway Oaks Drive, Ste. 150 N Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5\. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*: 03/13/2018 (2) from *(city)*: Walnut Creek, CA

(3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6\. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ ] as an individual defendant.
b. [ ] as the person sued under the fictitious name of *(specify)*:
c. [ ] as occupant.
d. [✔] On behalf of *(specify)*: The Purdue Frederick Company, Inc
under the following Code of Civil Procedure section:

| | |
|---|---|
| [✔] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7\. **Person who served papers**

a. Name: ROBERT RONALD
b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
c. Telephone number: 925 947-1100
d. **The fee** for service was: $ 43.00
e. I am:

(1) [ ] not a registered California process server.
(2) [ ] exempt from registration under Business and Professions Code section 22350(b).
(3) [✔] a registered California process server:
(i) [ ] owner [✔] employee [ ] independent contractor.
(ii) Registration No.: 641
(iii) County: CONTRA COSTA

8\. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9\. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Center

The Purdue Frederick Company, Inc.
Corporation Service Company, Which Will Do Business in CA
as CSC Lawyers Incorporating Service
2710 GATEWAY OAKS DRIVE SUITE 150 N
SACRAMENTO, CA 95833

9590 9402 2371 6249 8564 81

2. Article Number (Transfer from service label)

7015 0640 0003 9812 5999

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Steve Cassidy ☑ Agent ☐ Addressee

B. Received by (Printed Name) Steve Cassidy C. Date of Delivery

D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below: ☐ No

USPS SACRAMENTO CA
MAR 20 2018
ROYAL OAKS

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. *(Optional):* 415 684-7273<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>BY: ANNA TORRES<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Purdue Pharma, Inc.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CSC Lawyers Incorporation Service, Agent for Service
4. Address where the party was served:
   2710 Gateway Oaks Drive, Ste. 150 N Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Purdue Pharma, Inc.
   under the following Code of Civil Procedure section:

| | |
|---|---|
| [✔] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
      (1) [ ] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [✔] a registered California process server:
         (i) [ ] owner [✔] employee [ ] independent contractor.
         (ii) Registration No.: 641
         (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Center

Purdue Pharma, INC
Corporation Service Company, Which Will Do Business in CA
as CSC Lawyers Incorporating Service
2710 GATEWAY OAKS DRIVE SUITE 150 N
SACRAMENTO, CA 95833

9590 9402 3284 7196 4709 37

7015 0640 0003 9812 5777

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X William [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) William Jacobs

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAR 15 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>**BY: ANNA TORRES**<br>**Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Purdue Pharma, L.P.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CSC Lawyers Incorporation Service, Agent for Service
4. Address where the party was served:
   2710 Gateway Oaks Drive, Ste. 150 N Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: CGC18-564833 |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Purdue Pharma, L.P.
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [✔] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Center

Purdue Pharma, L.P.
Corporation Service Company, Which Will Do Business in CA
as CSC Lawyers Incorporating Service
2710 GATEWAY OAKS DRIVE SUITE 150 N
SACRAMENTO, CA 95833

9590 9402 3284 7196 4710 40

7015 0640 0003 9812 5784

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X William [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name) William Jacobs

C. Date of Delivery

...ddress different from item 1? ☐ Yes
...delivery address below: ☐ No

MAR 15 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...d Mail
...d Mail Restricted Delivery
...$500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): LITTLE FAWN BOLAND, CEIBA LEGAL, LLP, 35 MADRONE PARK CIRCLE, MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br>ELECTRONICALLY FILED<br>Superior Court of California, County of San Francisco<br>04/12/2018<br>Clerk of the Court<br>BY: ANNA TORRES<br>Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER: CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served):*
   Teva Pharmaceutical Industries, Ltd.

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
4. Address where the party was served:
   1090 Horsham Road North Wales, PA 19454
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA

   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Teva Pharmaceutical Industries, Ltd.
   under the following Code of Civil Procedure section:

   [✔] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
      (1) [ ] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [✔] a registered California process server:
         (i) [ ] owner [✔] employee [ ] independent contractor.
         (ii) Registration No.: 641
         (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ (SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TEVA PHARMACEUTICAL INDUSTRIES, LTD
1090 HORSHAM ROAD
NORTH WALES, PA 19454

9590 9402 3284 7196 4717 43

2. Article Number (Transfer from service label)

7015 0640 0003 9812 7696

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

# USPS Tracking®

FAQs › (http://faq.usps.com/?articleId=220900)

**Track Another Package +**

**Tracking Number:** 70150640000398127696

Remove ✕

Your item was delivered at 11:49 am on March 22, 2018 in CRUM LYNNE, PA 19022.

## Delivered

March 22, 2018 at 11:49 am
Delivered
CRUM LYNNE, PA 19022

**Get Updates**

**Text & Email Updates**

**Tracking History**

**Product Information**

**See Less**

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LITTLE FAWN BOLAND
CEIBA LEGAL, LLP
35 MADRONE PARK CIRCLE
MILL VALLEY, CA 94941
TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**04/12/2018**
**Clerk of the Court**
BY: ANNA TORRES
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: CENTER POINT, INC.
DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL

CASE NUMBER: CGC18-564833

Ref. No. or File No.:

## PROOF OF SERVICE OF SUMMONS

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents)*: Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Teva Pharmaceuticals USA, Inc.

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Corporate Creations Network, Inc., Agent for Service
4. Address where the party was served:
   1430 Truxtun Avenue, 5th Floor Bakersfield, CA 93301
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5\. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*: 03/13/2018 (2) from *(city)*: Walnut Creek, CA

(3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section)*:

[ ] Additional page describing service is attached.

6\. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ ] as an individual defendant.

b. [ ] as the person sued under the fictitious name of *(specify)*:

c. [ ] as occupant.

d. [✔] On behalf of *(specify)*: Teva Pharmaceuticals USA, Inc.

under the following Code of Civil Procedure section:

[✔] 416.10 (corporation)
[ ] 416.20 (defunct corporation)
[ ] 416.30 (joint stock company/association)
[ ] 416.40 (association or partnership)
[ ] 416.50 (public entity)
[ ] 415.95 (business organization, form unknown)
[ ] 416.60 (minor)
[ ] 416.70 (ward or conservatee)
[ ] 416.90 (authorized person)
[ ] 415.46 (occupant)
[ ] other:

7\. **Person who served papers**

a. Name: ROBERT RONALD

b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597

c. Telephone number: 925 947-1100

d. **The fee** for service was: $ 43.00

e. I am:

(1) [ ] not a registered California process server.

(2) [ ] exempt from registration under Business and Professions Code section 22350(b).

(3) [✔] a registered California process server:

(i) [ ] owner [✔] employee [ ] independent contractor.

(ii) Registration No.: 641

(iii) County: CONTRA COSTA

8\. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9\. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Teva Pharmaceuticals USA, Inc. c/o
Corporate Creations Network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, CA 93301

INC
R

9590 9402 3284 7196 4716 06

2. Article Number: 7015 0640 0003 9812 7672

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]

☐ Agent
☐ Addressee

B. Received by (Printed Name): Keith Stoller

C. Date of Delivery: 3/15/18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LITTLE FAWN BOLAND
CEIBA LEGAL, LLP
35 MADRONE PARK CIRCLE
MILL VALLEY, CA 94941
TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**04/12/2018**
**Clerk of the Court**
BY: ANNA TORRES
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: CENTER POINT, INC.

DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL

CASE NUMBER: CGC18-564833

Ref. No. or File No.:

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Walgreens Boots Alliance, Inc.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Corporation Service Company, Agent for Service
4. Address where the party was served:
   251 Little Falls Drive Wilmington, DE 19808
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Walgreens Boots Alliance, Inc.
   under the following Code of Civil Procedure section:
   - [✔] 416.10 (corporation)
   - [ ] 416.20 (defunct corporation)
   - [ ] 416.30 (joint stock company/association)
   - [ ] 416.40 (association or partnership)
   - [ ] 416.50 (public entity)
   - [ ] 415.95 (business organization, form unknown)
   - [ ] 416.60 (minor)
   - [ ] 416.70 (ward or conservatee)
   - [ ] 416.90 (authorized person)
   - [ ] 415.46 (occupant)
   - [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walgreens Boots Alliance, INC
CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

9590 9403 0737 5196 4950 92

2. Article Number *(Transfer from service label)*

7015 0640 0003 9812 9164

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

William Lolley

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 Domestic Return Receipt

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package +

**Tracking Number:** 70150640000398129164

Remove ×

**Expected Delivery on**

**TUESDAY**

**20** MARCH 2018 ⓘ

by
**8:00pm** ⓘ

## Delivered

March 20, 2018 at 4:52 pm
Delivered
WILMINGTON, DE 19808

**Get Updates**

**Text & Email Updates**

**Tracking History**

**Product Information**

**See Less**

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): LITTLE FAWN BOLAND<br>CEIBA LEGAL, LLP<br>35 MADRONE PARK CIRCLE<br>MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**04/12/2018**<br>**Clerk of the Court**<br>BY:ANNA TORRES<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Wal-Mart Stores, Inc.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System, Agent for Service
4. Address where the party was served:
   818 W. Seventh St., Ste. 930 Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CGC18-564833 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Wal-Mart Stores, Inc.
   under the following Code of Civil Procedure section:

| | |
|---|---|
| [✔] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

[signature]
(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Wal-Mart Stores, Inc.
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9402 3284 7196 4719 10

2. Article Number (Transfer fr...

7015 0640 0003 9812 5852

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature CT CORPORATION SYSTEM
X 818 West Seventh Street ☐ Agent
Suite 930 ☐ Addressee
B. Received by (Printed Name) Los Angeles, CA 90017 C. Date of Delivery MAR 15 2018

...ddress different from item 1? ☐ Yes
...r delivery address below: ☐ No

Center

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
...n Delivery Restricted Delivery
...Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): LITTLE FAWN BOLAND, CEIBA LEGAL, LLP, 35 MADRONE PARK CIRCLE, MILL VALLEY, CA 94941<br>TELEPHONE NO.: 415 684-7670 FAX NO. (Optional): 415 684-7273<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br>ELECTRONICALLY FILED<br>Superior Court of California, County of San Francisco<br>04/12/2018<br>Clerk of the Court<br>BY:ANNA TORRES<br>Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McALISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CENTER POINT, INC.<br>DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER:<br>CGC18-564833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents)*: Notice of case management conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Watson Pharmaceuticals, Inc. n/k/a Actavis Inc.

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System, Agent for Service
4. Address where the party was served:
   818 W. Seventh St., Ste. 930 Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CENTER POINT, INC. <br> DEFENDANT/RESPONDENT: McKESSON CORPORATION, ET AL | CASE NUMBER: CGC18-564833 |
|---|---|

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* 03/13/2018 (2) from *(city):* Walnut Creek, CA
   (3) [✔] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* Watson Pharmaceuticals, Inc. n/k/a Actavis Inc.
   under the following Code of Civil Procedure section:
   - [✔] 416.10 (corporation)
   - [ ] 416.20 (defunct corporation)
   - [ ] 416.30 (joint stock company/association)
   - [ ] 416.40 (association or partnership)
   - [ ] 416.50 (public entity)
   - [ ] 415.95 (business organization, form unknown)
   - [ ] 416.60 (minor)
   - [ ] 416.70 (ward or conservatee)
   - [ ] 416.90 (authorized person)
   - [ ] 415.46 (occupant)
   - [ ] other:

7. **Person who served papers**
   a. Name: ROBERT RONALD
   b. Address: 2920 CAMINO DIABLO #100, WALNUT CREEK, CA 94597
   c. Telephone number: 925 947-1100
   d. **The fee** for service was: $ 43.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✔] a registered California process server:
   (i) [ ] owner [✔] employee [ ] independent contractor.
   (ii) Registration No.: 641
   (iii) County: CONTRA COSTA

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03/29/2018

ROBERT RONALD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Watson Pharmaceuticals, Inc n/k/a Actavis Inc.
CT Corporation System
Vivian Imperial
818 W. Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9403 0737 5196 4951 84

2. Article Number *(Transfer from service label)*

7015 0640 0003 9812 3520

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X CT CORPORATION SYSTEM
818 West Seventh Street
Suite 930
Los Angeles, CA 90017

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery MAR 15 2018

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Center

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 Domestic Return Receipt

Edward W. Swanson, SBN 159859
ed@smllp.law
Britt Evangelist, SBN 260457
britt@smllp.law
SWANSON & MCNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

ELECTRONICALLY
FILED
*Superior Court of California, County of San Francisco*
04/17/2018
Clerk of the Court
BY:VANESSA WU
Deputy Clerk

Attorneys for Defendant CVS HEALTH CORPORATION

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| CENTER POINT, INC, Plaintiff, vs. McKESSON CORPORATION, *et al.*, Defendants. | No. CGC 18-564833<br>**NOTICE OF APPEARANCE**<br>Date action filed: March 6, 2018<br>Trial Date: None set |

/ / /

/ / /

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Edward W. Swanson and Britt Evangelist of the law firm Swanson & McNamara LLP hereby appear in this action as counsel for defendant CVS Health Corporation. The above-named defendant respectfully requests that all pleadings and other documents be provided to its counsel at the address listed in the caption.

Dated: April 17, 2018

Respectfully submitted,

*/s/ Edward W. Swanson*
Edward W. Swanson
Britt Evangelist
SWANSON & McNAMARA LLP

Attorneys for Defendants CVS HEALTH CORPORATION

I, the undersigned, certify that I am a citizen of the United States, over the age of eighteen years, and not a party to the within cause; my business address is 300 Montgomery Street, Suite 1100, San Francisco, CA. On this date I caused to be served on the interested parties hereto, a copy of:

**NOTICE OF APPEARANCE**

(X) By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California addressed as set forth below.

Little Fawn Boland
Ceiba Legal, LLP
35 Madrone Park Cir.
Mill Valley, CA 94941

(X) By transmitting a true copy to addresses to the recipients indicated below via electronic mail, and no error was appointed.

littlefawn@ceibalegal.com

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this certificate has been executed on April 17, 2018 at San Francisco, California.

Adrian Mixon

Clara Shin (Bar No. 214809)
cshin@cov.com
Nathan Shafroth (Bar No. 232505)
nshafroth@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Neema T. Sahni (Bar No. 274240)
nsashni@cov.com
Rebecca G. Van Tassell (Bar No. 310909)
rvantassell@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

Attorneys for Defendant
MCKESSON CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CENTER POINT, INC.<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>Defendants. | Civil Case No.: CGC-18-564833<br><br>**NOTICE OF APPEARANCE** |

**TO THE CLERK OF THE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that the undersigned hereby enter appearances as counsel of record for defendant McKesson Corporation ("McKesson") in the above-referenced action. Defendant McKesson hereby advises the Court and all parties that all pleadings and other documents should be addressed to and served upon its counsel as follows:

CLARA SHIN
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091
cshin@cov.com

NATHAN SHAFROTH
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091
nshafroth@cov.com

NEEMA T. SAHNI
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: 424-332-4800
Facsimile: 424-332-4749
nsahni@cov.com

REBECCA G. VAN TASSELL
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: 424-332-4800
Facsimile: 424-332-4749
RVanTassell@cov.com

Respectfully submitted,

DATED: April 18, 2018

COVINGTON & BURLING LLP

By: /s/ Clara Shin
Clara Shin

Attorneys for Defendant
MCKESSON CORPORATION

Clara Shin (Bar No. 214809)
cshin@cov.com
Nathan Shafroth (Bar No. 232505)
nshafroth@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Neema T. Sahni (Bar No. 274240)
nsashni@cov.com
Rebecca G. Van Tassell (Bar No. 310909)
rvantassell@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

Attorneys for Defendant
MCKESSON CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CENTER POINT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>Defendants. | Civil Case No.: CGC-18-564833<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

*Center Point, Inc. v. McKesson Corp., et al.,*
*San Francisco Superior Court, Case No. CGC-18-564833*

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within entitled action. I am employee of Covington & Burling, LLP, and my business address is One Front Street, San Francisco, CA 94111.

On April 18, 2018, I served the following document(s):

**NOTICE OF APPEARANCE FOR DEFENDANT MCKESSON CORPORATION**

on the following persons in this action, by email, a copy of which is attached, as required via L.R. 2.11(P).

Little Fawn Boland (Bar No. 240181)
CEIBA LEGAL, LLP
35 Madrone Park Circle
Mill Valley, CA 94941
T: 415.684.7670
F: 415.684.7273
littlefawn@ceibalegal.com

T. Roe Frazer II
Patrick D. McMurtray
Thomas Roe Frazer III
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215
T: 615.647.6464
roe@frazer.law
patrick@frazer.law
trey@frazer.law

J. Nixon Daniel, III
Mary Jane Bass
John R. Zoesch, III
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
T: 850.432.2451
jnd@beggslane.com
mjb@beggslane.com
jrz@beggslane.com

Frederick T. Kuykendall, III
THE KUYKENDALL GROUP
2013 1st Avenue North, Suite 450
Birmingham, AL 35203
T: 205.252.6127
ftk@thekuykendallgroup.com

Grant D. Amey
Law Office of Grant D. Amey, LLC
P.O. Box 67
Fairhope, AL 36533
T: 251.716.0317
grantamey@grantamey.com

***Attorneys For Plaintiff***
***Center Point, Inc***

Neelum Wadhwani (Bar No. 247948)
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
T: 202.434.5000
F: 202.434.5029
nwadhwani@wc.com
***Attorneys for Defendant***
***CARDINAL HEALTH, INC.***

Steven J. Boranian (Bar No. 174183)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
T: 415.543.8700
F: 415.391.8269
sboranian@reedsmith.com
***Attorney for Defendant AMERISOURCEBERGEN CORPORATION***

Edward W. Swanson (Bar No. 159859)
Britt Evangelist (Bar No. 260457)
SWANSON & McNAMARA, LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
T: 415.477.3800
F: 415.477.9010
ed@smllp.law
britt@smllp.law
***Attorneys for Defendant CVS HEALTH CORPORATION***

Charles J. Stevens (Bar No. 10698)
Joshua D. Dick (Bar No. 268853)
GIBSON DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
T: 415.393.8200
F: 415.374.8469
CStevens@gibsondunn.com
JDick@gibsondunn.com
***Attorneys for Defendant WALGREENS BOOTS ALLIANCE, INC.***

Christopher Lovrien (Bar No. 230546)
Claire E. Castles (Bar No. 233001)
Sarah G. Conway (Bar No. 261414)
JONES DAY
555 S. Flower St., Fiftieth Floor
Los Angeles, CA 90071-2452
T: 213.489.3939
F: 213.243.2539
cjlovrien@jonesday.com
ccastles@jonesday.com
sgconway@jonesday.com
***Attorneys for Defendant WAL-MART STORES, INC.***

Jonathan S. Tam (Bar No. 304143)
QUINN EMANUEL URQUHART SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
T: 415.875.6600
F: 415.875.6700
jonathantam@quinnemanuel.com
***Attorney for Defendants PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, INC., PURDUE PHARMA, INC.***

Collie F. James, IV (Bar No. 192318)
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
T: 949.399.7000
F: 949.399.7001
collie.james@morganlewis.com
***Attorneys for Defendants TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.***

Charles C. Lifland (Bar No. 108950)
O'MELVENY & MYERS LLP
400 S Hope Street
Los Angeles, CA 90071
T: 213.430.6000
F: 213.430.6407
clifland@omm.com
***Attorneys for Defendants JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; and JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.***

John D. Lombardo (Bar No. 187142)
S. Albert Wang (Bar No. 250163)
Tiffany M. Ikeda (Bar No. 280083)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: 213.243.4000
F: 213.243.4199
John.Lombardo@arnoldporter.com
S.Albert.Wang@arnoldporter.com
Tiffany.Ikeda@arnoldporter.com
***Attorneys for Defendants ENDO PHARMACEUTICALS INC. AND ENDO HEALTH SOLUTIONS INC.***

Ashley Neglia (State Bar No. 298924)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
T: 213.680.8114
F: 213.680.8500
ashley.neglia@kirkland.com

Jennifer G. Levy, P.C. (admitted pro hac vice)
655 Fifteenth Street, N.W.
Washington, D.C. 20005
T: 202.879.5000
F: 202.879.5200
jennifer.levy@kirkland.com

Donna Welch, P.C. (admitted pro hac vice)
Martin L. Roth (admitted pro hac vice)
Timothy W. Knapp (admitted pro hac vice)
300 North LaSalle, Chicago, IL 60654
T: 312.862.2000
F: 312.862.2200
donna.welch@kirkland.com
rothm@kirkland.com
tknapp@kirkland.com

***Attorneys for Defendants ALLERGAN FINANCE, LLC f/k/a ACTAVIS, INC. f/k/a/ WATSON PHARMACEUTICALS, INC.***

Rocky C. Tsai (State Bar No. 221452)
Matthew Tolve (State Bar No. 267334)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
T: 415.315.6300
F: 415.315.6350
Rocky.Tsai@ropesgray.com
Matthew.Tolve@ropesgray.com
***Attorneys for Defendant MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS***

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 18, 2018, at San Francisco, California.

Katia Tsvetkova

## Tsvetkova, Katia

**From:** Tsvetkova, Katia
**Sent:** Wednesday, April 18, 2018 14:34
**To:** 'littlefawn@ceibalegal.com'; 'roe@frazer.law'; 'patrick@frazer.law'; 'trey@frazer.law'; 'jnd@beggslane.com'; 'mjb@beggslane.com'; 'jrz@beggslane.com'; 'ftk@thekuykendallgroup.com'; 'grantamey@grantamey.com'; 'nwadhwani@wc.com'; 'sboranian@reedsmith.com'; 'ed@smllp.law'; 'britt@smllp.law'; 'CStevens@gibsondunn.com'; 'JDick@gibsondunn.com'; 'jonathantam@quinnemanuel.com'; 'cjlovrien@jonesday.com'; 'ccastles@jonesday.com'; 'sgconway@jonesday.com'; 'collie.james@morganlewis.com'; 'clifland@omm.com'; 'John.Lombardo@arnoldporter.com'; 'S.Albert.Wang@arnoldporter.com'; 'Tiffany.Ikeda@arnoldporter.com'; 'ashley.neglia@kirkland.com'; 'jennifer.levy@kirkland.com'; 'donna.welch@kirkland.com'; 'rothm@kirkland.com'; 'tknapp@kirkland.com'; 'Rocky.Tsai@ropesgray.com'; 'Matthew.Tolve@ropesgray.com'
**Cc:** Van Tassell, Rebecca G; Shafroth, Nathan
**Subject:** Notice of Appearance of McKesson in the Below Matters
**Attachments:** Notices of Appearance - McKesson.zip

Dear Counsel,

As required per San Francisco Superior Local Rule 2.11, I am e-serving the attached NOTICE OF APPEARANCE for Defendant McKesson in the below matters.

CGC-18-564736
CGC-18-564282
CGC-18-564833
CGC-18-564743
CGC-18-563933
CGC-18-564281
CGC-18-564491
CGC-18-564489
CGC-18-564739
CGC-18-564741
CGC-18-564490

Please let me know if you have any questions. A hard copy of these stipulations will not follow.

Thank you,

**Katia Tsvetkova**
CA Litigation Paralegal

Covington & Burling LLP
One Front Street, San Francisco, CA 94111-5356
T +1 415 955 6897 | ktsvetkova@cov.com
www.cov.com

COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

CHARLES C. LIFLAND (S.B. #108950)
clifland@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

CENTER POINT, INC.,

Plaintiff,

v.

MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC., PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, DOES 1 THROUGH 100 INCLUSIVE,

Defendants.

Case No. CGC-18-564833

**NOTICE OF APPEARANCE**

Complaint Filed: March 6, 2018

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Charles C. Lifland of O'Melveny & Myers LLP hereby enters his appearance as counsel for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. in the above-captioned matter.

Pursuant to Section 1014 of the California Code of Civil Procedure, Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. respectfully request that Charles C. Lifland receive notice and service of all pleadings, papers, and proceedings as follows:

Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com

Dated: April 18, 2018

Respectfully submitted,

CHARLES C. LIFLAND
O'MELVENY & MYERS LLP

By: /s/Charles C. Lifland
Charles C. Lifland
Attorneys for Defendants
Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.

## PROOF OF SERVICE BY MAIL

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 400 South Hope Street, Los Angeles, California 90071-2899. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On April 18, 2018, I served the following:

**NOTICE OF APPEARANCE OF CHARLES C. LIFLAND**

by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid, and placing the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

***Please see attached Service List.***

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 18, 2018, at Los Angeles, California.

Ana Calderon

Ana Calderon

**SERVICE LIST**

| | |
|---|---|
| LITTLE FAWN BOLAND (SBN 240181)<br>CEIBA LEGAL, LLP<br>35 Madrone Park Circle<br>Mill Valley, CA 94941<br>Telephone: (415) 684-7670<br>Facsimile: (415) 684-7273<br><br>BEGGS & LANE, RLLP<br>J. Nixon Daniel, III<br>Mary Jane Bass<br>John R. Zoesch, III<br>501 Commendencia Street<br>Pensacola, FL 32502<br><br>FRAZER PLC<br>T. Roe Frazer II<br>Patrick D. McMurtray<br>Thomas Roe Frazer III<br>1 Burton Hills Blvd., Suite 215<br>Nashville, TN 37215<br><br>THE KUYKENDALL GROUP<br>Frederick T. Kuykendall, III<br>2013 1st Avenue North, Ste 450<br>Birmingham, Alabama 35203<br><br>LAW OFFICE OF GRANT D. AMEY, LLC<br>Grant D. Amey<br>P.O. Box 67<br>Fairhope, Alabama 36533 | ATTORNEY FOR PLAINTIFF |
| Ingo W. Sprie, Jr.<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, NY 10019-710<br>Tel: (212) 836-000<br>Ingo.Sprie@arnoldporter.com<br><br>Sean Morris<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>777 S. Figueroa Street 44th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 243-4000<br>Sean.Morris@arnoldporter.com | ENDO HEALTH SOLUTIONS INC. AND ENDO PHARMACEUTICALS INC. |

| | |
|---|---|
| Mark S. Cheffo<br>Hayden A. Coleman<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br>markcheffo@quinnemanuel.com<br>haydencoleman@quinnemanuel.com<br><br>Patrick J. Fitzgerald*<br>R. Ryan Stoll*<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>4 Times Square<br>New York, NY 10036<br>(212) 735-3000<br>patrick.fitzgerald@skadden.com<br>ryan.stoll@skadden.com | PURDUE PHARMA L.P.; PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC. |
| Tinos Diamantatos*<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive Chicago, IL 60601-5094<br>(312) 324-1145<br>tdiamantatos@morganlewis.com<br><br>Steven A. Reed*<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5000<br>steven.reed@morganlewis.com<br><br>Brian M. Ercole*<br>MORGAN, LEWIS & BOCKIUS LLP<br>200 S. Biscayne Blvd., Suite 5300<br>Miami, FL 33131-2339<br>brian.ercole@morganlewis.com | TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, and ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC |
| Donna Welch, P.C.*<br>Martin L. Roth*<br>Timothy Knapp*<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>(312) 862-2000<br>donna.welch@kirkland.com<br>martin.roth@kirkland.com<br>timothy.knapp@kirkland.com | ALLERGAN PLC (F/K/A ACTAVIS PLC) AND ACTAVIS, INC. (N/K/A ALLERGAN FINANCE, LLC F/K/A WATSON PHARMACEUTICALS, INC.) |

| | |
|---|---|
| Jennifer G. Levy, P.C.*<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, NW<br>Washington, DC 20005<br>(202) 879-5000<br>jennifer.levy@kirkland.com | |
| Neil K. Roman*<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>(212) 841-1000<br>nroman@cov.com<br><br>Megan L. Rodgers*<br>COVINGTON & BURLING LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065-1418<br>(650) 632-4734<br>mrodgers@cov.com | MCKESSON CORPORATION |
| Ashley W. Hardin*<br>Steven M. Pyser*<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>(202) 434-5960<br>ahardin@wc.com | CARDINAL HEALTH, INC.: |
| Robert A. Nicholas*<br>Shannon E. McClure*<br>REED SMITH LLP<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA 19103<br>(215) 851-8100<br>rnicholas@reedsmith.com<br>smcclure@reedsmith.com<br><br>Alvin L. Emch*<br>JACKSON KELLY PLLC<br>500 Lee Street, East, Suite 1600<br>P.O. Box 553<br>Charleston, WV 25322<br>(304) 340-1000<br>aemch@jacksonkelly.com | AMERISOURCEBERGEN CORPORATION |
| Brien T. O'Connor<br>ROPES & GRAY LLP<br>Prudential Tower, 800 Boylston Street<br>Boston MA 02199-3600 | MALLINCKRODT, INC. |
| | |

| | |
|---|---|
| The Corporation Trust Company<br>Corporation Trust Center 1209 Orange St<br>Wilmington, DE 19801<br>302-658-7581 | CVS HEALTH CORP |
| The Corporation Trust Company<br>Corporation Trust Center 1209 Orange St<br>Wilmington, DE 19801<br>302-658-7581 | WAL-MART STORES, INC. |
| Corporation Service Company<br>251 Little Falls Drive<br>Wilmington DE 19808<br>302-636-5401 | WALGREENS BOOTS ALLIANCE, INC. |

Christopher Lovrien (State Bar No. 230546)
Claire E. Castles (State Bar No. 233001)
Sarah G. Conway (State Bar No. 261414)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Attorneys for Defendant Wal-Mart Stores, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

CENTER POINT, INC.,

Plaintiff,

v.

MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS; DOES 1 THROUGH 100, INCLUSIVE,

Defendants.

**CASE NO. CGC-18-564833**

**NOTICE OF APPEARANCE OF WAL-MART STORES, INC.**

Complaint filed: March 6, 2018

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Wal-Mart Stores, Inc. hereby appears by and through its counsel of record:

| | |
|---|---|
| Christopher Lovrien (State Bar No. 230546)<br>JONES DAY<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071.2300<br>Telephone: +1.213.489.3939<br>Facsimile: +1.213.243.2539<br>Email: cjlovrien@jonesday.com | Claire E. Castles (State Bar No. 233001)<br>JONES DAY<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071.2300<br>Telephone: +1.213.243.2629<br>Facsimile: +1.213.243.2539<br>Email: ccastles@jonesday.com |
| Sarah G. Conway (State Bar No. 261414)<br>JONES DAY<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071.2300<br>Telephone: +1.213.243.2567<br>Facsimile: +1.213.243.2539<br>Email: sgconway@jonesday.com | |

Wal-Mart Stores, Inc. requests that all further papers, pleadings, filings, and electronic filings, except original process, be served upon these attorneys at the addresses and email addresses listed above.

Dated: April 18, 2018

JONES DAY

By: ______________________
Christopher Lovrien
Claire E. Castles
Sarah G. Conway

Attorneys for Defendant
WAL-MART STORES, INC.

## PROOF OF SERVICE

I, Fay Lum-Lee, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071.2300. On April 19, 2018, I served a copy of the within document(s):

**NOTICE OF APPEARANCE OF WAL-MART STORES, INC.**

☐ **BY ELECTRONIC FILING:** I electronically served the above referenced document(s) through File & ServeXpress. E-service in this action was completed on the parties listed below with File & ServeXpress. This service complies with the Court's Local Rule 2.10 for allowance of documents to be voluntarily filed and served upon interested parties via the File & ServeXpress E-Service System.

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Little Fawn Boland
**CEIBA LEGAL, LLP**
35 Madrone Park Circle
Mill Valley, CA 94941
Telephone: (415) 684-7670 ext. 101
Facsimile: (415) 684-7273
littlefawn@ceibalegal.com

Attorneys for Plaintiff

J. Nixon Daniel, III
Mary Jane Bass
John R. Zoesch, III
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-241
jnd@beggslane.com
mjb@beggslane.com
jrz@beggslane.com

Attorneys for Plaintiff

T. Roe Frazer II
Patrick D. McMurtray
Thomas Roe Frazer III
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215
Telephone: (615) 647-6464
roe@frazer.law
patrick@frazer.law
trey@frazer.law

Attorneys for Plaintiff

Frederick T. Kuykendall, III
THE KUYKENDALL GROUP
2013 First Avenue North, Suite 450
Birmingham, AL 35203
Telephone: (205) 252-6127
ftk@thekuykendallgroup.com

Attorneys for Plaintiff

Grant D. Amey
Law Office of Grant D. Amey, LLC
P.O. Box 67
Fairhope, AL 36533
Telephone: (251) 716-0317
grantamey@grantamey.com

Attorneys for Plaintiff

Neema T. Sahni (Bar No. 274240)
Rebecca G. Van Tassell (Bar No. 310909)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749
nsashni@cov.com
rvantassell@cov.com

Attorneys for Defendant
MCKESSON CORPORATION

Clara Shin (Bar No. 214809)
Nathan Shafroth (Bar No. 232505)
**COVINGTON & BURLING LLP**
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
cshin@cov.com
nshafroth@cov.com

Attorneys for Defendant
MCKESSON CORPORATION

Neelum Wadhwani (Bar No. 247948)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth St. NW
Washington, DC 20005
T: 202.434.5000
F: 202.434.5029
nwadhwani@wc.com

Attorneys for Defendant
CARDINAL HEALTH, INC.

Charles J. Stevens (Bar No. 10698)
Joshua D. Dick (Bar No. 268853)
**GIBSON DUNN & CRUTCHER LLP**
555 Mission Street
San Francisco, CA 94105-0921
T: 415.393.8200
F: 415.374.8469
CStevens@gibsondunn.com
JDick@gibsondunn.com

Attorneys for Defendant
WALGREENS BOOTS ALLIANCE, INC.

Jonathan S. Tam (Bar No. 304143)
**QUINN EMANUEL URQUHART SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
T: 415.875.6600
F: 415.875.6700
jonathantam@quinnemanuel.com

Attorney for Defendants PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, INC., PURDUE PHARMA, INC.

Collie F. James, IV (Bar No. 192318)
**MORGAN, LEWIS & BOCKIUS LLP**
600 Anton Blvd.
Suite 1800
Costa Mesa, CA 92626
T: 949.399.7000
F: 949.399.7001
collie.james@morganlewis.com

Attorneys for Defendants
TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.

Steven J. Boranian (Bar No. 174183)
**REED SMITH LLP**
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
T: 415.543.8700
F: 415.391.8269
sboranian@reedsmith.com

Attorney for Defendant
AMERISOURCEBERGEN CORPORATION

Edward W. Swanson (Bar No. 159859)
Britt Evangelist (Bar No. 260457)
**SWANSON & McNAMARA, LLP**
300 Montgomery Street
Suite 1100
San Francisco, CA 94104
T: 415.477.3800
F: 415.477.9010
ed@smllp.law
britt@smllp.law

Attorneys for Defendant
CVS HEALTH CORPORATION

Charles C. Lifland (Bar No. 108950)
**O'MELVENY & MYERS LLP**
400 S Hope Street
Los Angeles, CA 90071
T: 213.430.6000
F: 213.430.6407
clifland@omm.com

Attorneys for Defendants
JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; and JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.

John D. Lombardo (Bar No. 187142)
S. Albert Wang (Bar No. 250163)
Tiffany M. Ikeda (Bar No. 280083)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: 213.243.4000
F: 213.243.4199
John.Lombardo@arnoldporter.com
S.Albert.Wang@arnoldporter.com
Tiffany.Ikeda@arnoldporter.com

Attorneys for Defendants
ENDO PHARMACEUTICALS INC. AND
ENDO HEALTH SOLUTIONS INC.

Rocky C. Tsai (State Bar No. 221452)
Matthew Tolve (State Bar No. 267334)
**ROPES & GRAY LLP**
Three Embarcadero Center
San Francisco, CA 94111-4006
T: 415.315.6300
F: 415.315.6350
Rocky.Tsai@ropesgray.com
Matthew.Tolve@ropesgray.com

Attorneys for Defendant
MALLINCKRODT, PLC d/b/a
MALLINCKRODT PHARMACEUTICALS

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 19, 2018, at Los Angeles, California.

Fay Lum-Lee

Fay Lum-Lee

Steven J. Boranian (SBN 174183)
Email: sboranian@reedsmith.com
Sarah B. Johansen (SBN 313023)
Email: sjohansen@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant AmerisourceBergen Corp.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

CENTER POINT, INC.,

Plaintiff,

vs.

MCKESSON CORPORATION, CARDINAL HEALTH, INC., AMERISOURCEBERGEN CORPORATION, CVS HEALTH CORPORATION, WALGREENS BOOTS ALLIANCE, INC., WAL-MART STORES, INC., PURDUE PHARMA L.P., PURDUE PHARMA, INC., THE PURDUE FREDERICK COMPANY, INC., TEVA PHARMACEUTICALS INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., n/k/a JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA INC n/k/a JANSSEN PHARMACEUTICALS, INC., ENDO HEALTH SOLUTIONS, INC., ENDO PHARMACEUTICALS, INC., ALLERGAN PLC f/k/a ACTAVIS PLC, WATSON PHARMACEUTICALS, INC., n/k/a ACTAVIS, INC., WATSON LABORATORIES. INC., ACTAVIS LLC, ACTAVIS PHARMA, INC., f/k/a WATSON PHARMA, INC., MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, DOES 1 THROUGH 100, INCLUSIVE,

Defendants.

Case No. CGC-18-564833

**NOTICE OF APPEARANCE**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE CLERK OF COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that the law firm of Reed Smith LLP has been retained by AmerisourceBergen Corp. ("ABC") to represent it in this action.

This Notice of Appearance is for purposes of identification of counsel and preparation of a service list only, and is without prejudice to any challenge by ABC to the jurisdiction of the Court, substantive or procedural challenges to the Complaint brought by ABC, or affirmative defenses raised by ABC in its responsive pleading(s).

DATED: April 19, 2018

REED SMITH LLP

By: ______________________
Steven J. Boranian
Sarah B. Johansen
Attorneys for Defendant AmerisourceBergen Corp.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 S. Grand Ave., Suite 2900, Los Angeles, CA 90071-1514. On April 19, 2018, I served the following document(s) by the method indicated below:

**NOTICE OF APPEARANCE**

☒ By submitting the document(s) listed above to File & Serve*Xpress*™, an electronic filing service provider, at https://secure.fileandservexpress.com (the "FSX website") pursuant to the Court's Order mandating electronic service for service on the recipients designated on the Transaction Receipt located on the FSX website with respect to the above-entitled case.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 19, 2018, at Los Angeles, California.

Arleen A. Swenson

GIBSON, DUNN & CRUTCHER LLP
CHARLES J. STEVENS (SBN 106981)
cstevens@gibsondunn.com
JOSHUA D. DICK (SBN 268853)
jdick@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
WALGREENS BOOTS ALLIANCE, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CENTER POINT, INC.,<br>Plaintiff,<br>v.<br>MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a/ ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a/ ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a/ WATSON PHARMA, INC.; MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS; DOES 1 THROUGH 100, INCLUSIVE,<br>Defendants. | Case No. CGC-18-564833<br><br>**NOTICE OF APPEARANCE OF WALGREENS BOOTS ALLIANCE, INC.**<br><br>Complaint filed: March 6, 2018 |

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Charles J. Stevens and Joshua D. Dick of Gibson, Dunn & Crutcher LLP, admitted to practice before this Court, hereby enter their appearance as counsel of record for and on behalf of Defendant WALGREENS BOOTS ALLIANCE, INC., in the above-captioned matter. It is respectfully requested that they be added to the service list of this action and that copies of all pleadings and notices pertaining to the above-entitled matter be forwarded to counsel at the following addresses:

CHARLES J. STEVENS
JOSHUA D. DICK
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
cstevens@gibsondunn.com
jdick@gibsondunn.com
Telephone: 415.393.8200
Facsimile: 415.393.8306

DATED: April 19, 2018

GIBSON DUNN & CRUTCHER LLP

By: */s/ Charles J. Stevens*
Charles J. Stevens

Charles J. Stevens, SBN 106981
cstevens@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

By: */s/ Joshua D. Dick*
Joshua D. Dick

Joshua D. Dick, SBN 268853
jdick@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
WALGREENS BOOTS ALLIANCE, INC.

# PROOF OF SERVICE

I, Kelsey Hensley, declare as follows:

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, CA 94105-0921, in said County and State. On April 19, 2018, I served the following document(s):

**NOTICE OF APPEARANCE OF WALGREENS BOOTS ALLIANCE, INC.**

on the parties stated below, by the following means of service:

Little Fawn Boland
Ceiba Legal, LLP
35 Madrone Park Circle
Mill Valley, CA 94941
Telephone: (415) 684-7670 ext. 101
Facsimile: (415) 684-7273
Email: littlefawn@ceibalegal.com
Attorney for Plaintiff

☑ **BY FILE & SERVE (FILE & SERVEXPRESS):** I e-filed and e-served the above-detailed documents utilizing File & Serve on April 19, 2018. Counsel of record are required by the Court to be registered e-filers and/or e-servers for this case and are designated accordingly on the Transaction Receipt located on the File & Serve/File & ServeXpress website.

☑ I am employed in the office of Charles J. Stevens, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 19, 2018.

Kelsey Hensley
Kelsey Hensley

John D. Lombardo (Bar No. 187142)
S. Albert Wang (Bar No. 250163)
Tiffany M. Ikeda (Bar No. 280083)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: +1 213.243.4000 / Fax: +1 213.243.4199
E-mail:john.lombardo@arnoldporter.com
E-mail:s.albert.wang@arnoldporter.com
E-mail:tiffany.ikeda@arnoldporter.com

Attorneys for Endo Pharmaceuticals Inc. and Endo Health Solutions Inc.

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**04/19/2018**
**Clerk of the Court**
BY:JUDITH NUNEZ
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CENTER POINT, INC ,

Plaintiff,

**v.**

MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC., n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC f/ka ACTAVIS PLC.; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS,

DOES 1 THROUGH 100 INCLUSIVE,
Defendant.

Case No.: CGC-18-564833

**NOTICE OF APPEARANCE OF ENDO PHARMACEUTICALS INC AND ENDO HEALTH SOLUTIONS INC.**

US:162544992

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that John D. Lombardo, S. Albert Wang, and Tiffany M. Ikeda of ARNOLD & PORTER KAYE SCHOLER LLP are hereby entering their appearance as counsel for defendants Endo Pharmaceuticals Inc. and Endo Health Solutions Inc. in the above-captioned matter.

Pursuant to Section 1014 of the California Code of Civil Procedure, defendants Endo Pharmaceuticals Inc. and Endo Health Solutions Inc. respectfully request that John D. Lombardo, S. Albert Wang, and Tiffany M. Ikeda receive notice and service of all pleadings, papers, and proceedings as follows:

John D. Lombardo (Bar No. 187142)
S. Albert Wang (Bar No. 250163)
Tiffany M. Ikeda (Bar No. 280083)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213.243.4000
Fax: 213.243.4199
Email: John.Lombardo@arnoldporter.com
Email: S.Albert.Wang@arnoldporter.com
Email: Tiffany.Ikeda@arnoldporter.com

Dated: April 19, 2018

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/John D. Lombardo
John D. Lombardo, SBN 187142
S. Albert Wang, SBN 250163
Tiffany M. Ikeda, SNB 280083
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Tel: 213.243.4000 / Fax: 213.243.4199
E-mail: john.lombardo@arnoldporter.com
E-mail: s.albert.wang@arnoldporter.com
E-mail: tiffany.ikeda@arnoldporter.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC.;
ENDO PHARMACEUTICALS INC.

# PROOF OF SERVICE

1. I am over eighteen years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 777 S. Figueroa Street, 44th Floor, Los Angeles, California 90017.

2. On April 19, 2018, I served the following document(s):

☑ **NOTICE OF APPEARANCE OF ENDO PHARMACEUTICALS INC AND ENDO HEALTH SOLUTIONS INC.**

3. ☑ I served the document(s) on the following person(s):

☑ The names, addresses, and other applicable information about the persons served are included in the attached Service List.

4. The documents were served by the following means:

☑ **By Electronic Filing Service (E-mail)**. Based on a court order or an agreement of the parties to accept service by electronic transmission, I transmitted the document(s) and an unsigned copy of this declaration to the person(s) at the electronic notification address(es) listed in Item 3 on **April 19, 2018** before 5:00 p.m. PST.

☐ The transmission of the document was reported as complete and without error by electronic receipt of a delivery confirmation, a true and correct copy of which is attached hereto.

☐ I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑ **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: ____________________ Signature: Kathryn Jensen

Type or Print Name: Kathryn Jensen

| | |
|---|---|
| Little Fawn Boland<br>**CEIBA LEGA, LLP**<br>35 Madrone Park Circle<br>Mill Valley, CA 94941<br>**Attorneys for Plaintiff**<br>littlefawn@ceibalegal.com | J. Nixon Daniel, III<br>Mary Jane Bass<br>John R. Zoesch, III<br>**BEGGS & LANE, LLP**<br>501 Commendencia Street<br>Pensacola, FL 32502<br>**Attorneys for Plaintiff**<br>jnd@beggslane.com<br>mjb@beggslane.com<br>jrz@beggslane.com |
| T. Roe Frazer II<br>Patrick D. McMurtray<br>Thomas Roe Frazer III<br>FRAZER PLC<br>1 burton Hills Blvd., Suite 215<br>Nashville, TN 37215<br>**Attorneys for Plaintiff**<br>roe@frazer.law<br>patrick@frazer.law<br>trey@frazer.law | Frederick T. Kuykendall, III<br>THE KUYKENDALL GROUP<br>2013 First Avenue North, Suite 450<br>Birmingham, AL 35203<br>**Attorneys for Plaintiff**<br>ftk@thekuykendallgroup.com |
| Grant D. Amey<br>Law Office of Grant D. Amey, LLC<br>P.O. Box 67<br>Fairhope, AL 36533<br>**Attorneys for Plaintiff**<br>grantamey@grantamey.com | |
| Clara Shin<br>Nathan Shafroth<br>**COVINGTON & BURLING LLP**<br>One Front Street, 35th Floor<br>San Francisco, CA 94111<br>Attorneys for Defendant<br>**MCKESSON CORPORATION**<br>cshin@cov.com<br>nshafroth@cov.com | Neema T. Sahni<br>Rebecca G. Van Tassell<br>**COVINGTON & BURLING LLP**<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067<br>Attorneys for Defendant<br>**MCKESSON CORPORATION**<br>nsahni@cov.com<br>rvantassell@cov.com |
| Neelum Wadhwani<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth St. NW<br>Washington, DC 20005<br>Attorneys for Defendant<br>**CARDINAL HEALTH, INC.**<br>nwadhwani@wc.com | StevenJ. Boranian<br>**REED SMITH LLP**<br>101 Second Street<br>Suite 1800<br>San Francisco, Ca 94105<br>Attorney for Defendant<br>**AMERISOURCEBERGEN CORPORATION**<br>sboranian@reedsmith.com |
| Edward W. Swanson<br>Britt Evangelist<br>**SWANSON & MCNAMARA, LLP**<br>300 Montgomery Street<br>Suite 1100 | Charles J. Stevens<br>Joshua D.Dick<br>**GIBSON DUNN & CRUTCHER LLP**<br>555 Mission Street<br>San Francisco, CA 94105 |

| | |
|---|---|
| San Francisco, Ca 94104<br>Attorneys for Defendant<br>**CVS HEALTH CORPORATION**<br>ed@smllp.law<br>britt@smllp.law | Attorneys for Defendant<br>**WALGREENS BOOTS ALLIANCE, INC,.**<br>CStevens@gibsondunn.com<br>JDick@gibsondunn.com |
| Christopher Lovrien<br>Claire E. Castles<br>Sarah G. Conway<br>**JONES DAY**<br>555 S. Flower St., Fiftieth Floor<br>Los Angeles, CA 90071<br>Attorneys for Defendant<br>**WAL-MART STORES, INC**<br>cjlovrien@jonesday.com<br>ccastles@jonesday.com<br>sgconway@jonesday.com | Jonathan S. Tam<br>**QUINN EMANUEL URQUHART SULLIVAN, LLP**<br>50 California Steet, 22nd Floor<br>San Francisco, CA 94111<br>Attorney for Defendants **PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, INC., PURDUE PHARMA, INC.**<br>jonathantam@quinnemanuel.com |
| Collie F. James, IV<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>600 Anton Blvd.<br>Suite 1800<br>Costa Mesa, CA 92626<br>Attorneys for Defendants<br>**TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC ; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.**<br>collie.james@morganlewis.com | Charles C. Lifland<br>**O'MELVENY & MYERS LLP**<br>400 S. Hope Street<br>Los Angeles, Ca 90071<br>Attorneys for Defendants<br>**JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC., n/k/a JANSSEN PHARMACEUTICALS, INC.**<br>clifland@omm.com |
| Rocky C. Tsai<br>Matthew Tolve<br>**ROPES & GRAY LLP**<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>Attorneys for Defendant<br>**MALLINCKRODT, PLC d/b/a/ MALLINCKRODT PHARMACEUTICALS**<br>Rocky.Tsai@ropesgray.com<br>Matthew.Tolve@ropsegray.com | |
| | |

John D. Lombardo (Bar No. 187142)
S. Albert Wang (Bar No. 250163)
Tiffany M. Ikeda (Bar No. 280083)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: +1 213.243.4000 / Fax: +1 213.243.4199
E-mail:john.lombardo@arnoldporter.com
E-mail:s.albert.wang@arnoldporter.com
E-mail:tiffany.ikeda@arnoldporter.com

Attorneys for Endo Pharmaceuticals Inc. and Endo Health Solutions Inc.

ELECTRONICALLY
FILED
Superior Court of California, County of San Francisco
04/20/2018
Clerk of the Court
BY:JUDITH NUNEZ
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CENTER POINT, INC ,

Plaintiff,

v.

MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC., n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC f/ka ACTAVIS PLC.; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS,

DOES 1 THROUGH 100 INCLUSIVE,
Defendant.

Case No.: CGC-18-564833

**AMENDED PROOF OF SERVICE**

US:162550478

# PROOF OF SERVICE

1. I am over eighteen years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 777 S. Figueroa Street, 44th Floor, Los Angeles, California 90017.

2. On April 19, 2018, I served the following document(s):

☑ **NOTICE OF APPEARANCE OF ENDO PHARMACEUTICALS INC AND ENDO HEALTH SOLUTIONS INC.**

3. ☑ I served the document(s) on the following person(s):

☑ The names, addresses, and other applicable information about the persons served are included in the attached Service List.

4. The documents were served by the following means:

☑ **By Electronic Filing Service (E-mail)**. Based on a court order or an agreement of the parties to accept service by electronic transmission, I transmitted the document(s) and an unsigned copy of this declaration to the person(s) at the electronic notification address(es) listed in Item 3 on **April 19, 2018** before 5:00 p.m. PST.

☐ The transmission of the document was reported as complete and without error by electronic receipt of a delivery confirmation, a true and correct copy of which is attached hereto.

☐ I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 19, 2018 Signature: Kathryn Jensen

Type or Print Name: Kathryn Jensen

US:162501494

| | |
|---|---|
| Little Fawn Boland<br>**CEIBA LEGA, LLP**<br>35 Madrone Park Circle<br>Mill Valley, CA 94941<br>**Attorneys for Plaintiff**<br>littlefawn@ceibalegal.com | J. Nixon Daniel, III<br>Mary Jane Bass<br>John R. Zoesch, III<br>**BEGGS & LANE, LLP**<br>501 Commendencia Street<br>Pensacola, FL 32502<br>**Attorneys for Plaintiff**<br>jnd@beggslane.com<br>mjb@beggslane.com<br>jrz@beggslane.com |
| T. Roe Frazer II<br>Patrick D. McMurtray<br>Thomas Roe Frazer III<br>FRAZER PLC<br>1 burton Hills Blvd., Suite 215<br>Nashville, TN 37215<br>**Attorneys for Plaintiff**<br>roe@frazer.law<br>patrick@frazer.law<br>trey@frazer.law | Frederick T. Kuykendall, III<br>THE KUYKENDALL GROUP<br>2013 First Avenue North, Suite 450<br>Birmingham, AL 35203<br>**Attorneys for Plaintiff**<br>ftk@thekuykendallgroup.com |
| Grant D. Amey<br>Law Office of Grant D. Amey, LLC<br>P.O. Box 67<br>Fairhope, AL 36533<br>**Attorneys for Plaintiff**<br>grantamey@grantamey.com | |
| Clara Shin<br>Nathan Shafroth<br>**COVINGTON & BURLING LLP**<br>One Front Street, 35th Floor<br>San Francisco, CA 94111<br>Attorneys for Defendant<br>**MCKESSON CORPORATION**<br>cshin@cov.com<br>nshafroth@cov.com | Neema T. Sahni<br>Rebecca G. Van Tassell<br>**COVINGTON & BURLING LLP**<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067<br>Attorneys for Defendant<br>**MCKESSON CORPORATION**<br>nsahni@cov.com<br>rvantassell@cov.com |
| Neelum Wadhwani<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth St. NW<br>Washington, DC 20005<br>Attorneys for Defendant<br>**CARDINAL HEALTH, INC.**<br>nwadhwani@wc.com | StevenJ. Boranian<br>**REED SMITH LLP**<br>101 Second Street<br>Suite 1800<br>San Francisco, Ca 94105<br>Attorney for Defendant<br>**AMERISOURCEBERGEN CORPORATION**<br>sboranian@reedsmith.com |
| Edward W. Swanson<br>Britt Evangelist<br>**SWANSON & MCNAMARA, LLP**<br>300 Montgomery Street<br>Suite 1100 | Charles J. Stevens<br>Joshua D.Dick<br>**GIBSON DUNN & CRUTCHER LLP**<br>555 Mission Street<br>San Francisco, CA 94105 |

| | |
|---|---|
| San Francisco, Ca 94104<br>Attorneys for Defendant<br>**CVS HEALTH CORPORATION**<br>ed@smllp.law<br>britt@smllp.law | Attorneys for Defendant<br>**WALGREENS BOOTS ALLIANCE, INC,.**<br>CStevens@gibsondunn.com<br>JDick@gibsondunn.com |
| Christopher Lovrien<br>Claire E. Castles<br>Sarah G. Conway<br>**JONES DAY**<br>555 S. Flower St., Fiftieth Floor<br>Los Angeles, CA 90071<br>Attorneys for Defendant<br>**WAL-MART STORES, INC**<br>cjlovrien@jonesday.com<br>ccastles@jonesday.com<br>sgconway@jonesday.com | Jonathan S. Tam<br>**QUINN EMANUEL URQUHART SULLIVAN, LLP**<br>50 California Steet, 22nd Floor<br>San Francisco, CA 94111<br>Attorney for Defendants **PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, INC., PURDUE PHARMA, INC.**<br>jonathantam@quinnemanuel.com |
| Collie F. James, IV<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>600 Anton Blvd.<br>Suite 1800<br>Costa Mesa, CA 92626<br>Attorneys for Defendants<br>**TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC ; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.**<br>collie.james@morganlewis.com | Charles C. Lifland<br>**O'MELVENY & MYERS LLP**<br>400 S. Hope Street<br>Los Angeles, Ca 90071<br>Attorneys for Defendants<br>**JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC., n/k/a JANSSEN PHARMACEUTICALS, INC.**<br>clifland@omm.com |
| Rocky C. Tsai<br>Matthew Tolve<br>**ROPES & GRAY LLP**<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>Attorneys for Defendant<br>**MALLINCKRODT, PLC d/b/a/ MALLINCKRODT PHARMACEUTICALS**<br>Rocky.Tsai@ropesgray.com<br>Matthew.Tolve@ropsegray.com | |
| | |

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Jae H. Lee (Bar No. 242203)
jaelee@quinnemanuel.com
Jonathan S. Tam (Bar No. 304143)
jonathantam@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants Purdue Pharma L.P., The Purdue Frederick Company, Inc., and Purdue Pharma, Inc.*

ELECTRONICALLY
FILED
*Superior Court of California, County of San Francisco*
04/20/2018
Clerk of the Court
BY: JUDITH NUNEZ
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| CENTER POINT, INC,<br><br>Plaintiff,<br><br>vs.<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Defendants. | Case No. CGC-18-564833<br><br>**NOTICE OF APPEARANCE OF COUNSEL FOR AND ON BEHALF OF DEFENDANTS PURDUE PHARMA L.P., PURDUE PHARMA, INC., AND THE PURDUE FREDERICK COMPANY**<br><br>Action Filed: March 6, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Jae H. Lee and Jonathan S. Tam of Quinn Emanuel Urquhart & Sullivan, LLP, hereby notice their appearance as counsel for and on behalf of Defendants Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc. (collectively, "Purdue"), in the above-entitled matter and request that all papers, motions, and proceedings be forwarded to counsel at the following address:

Jae H. Lee (jaelee@quinnemanuel.com)
Jonathan S. Tam (jonathantam@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jae H. Lee and Jonathan S. Tam are licensed to practice law in the State of California and are members in good standing with the California State Bar. This Notice of Appearance is for purposes of identification of counsel and preparation of a service list only. Purdue does not waive any substantive or procedural challenges to Plaintiff's Complaint by filing this Notice of Appearance.

Dated: April 20, 2018

Respectfully submitted,

By: /s/ *Jae H. Lee*

Jae H. Lee (SBN 242203)
Jonathan S. Tam (SBN 304143)
QUINN EMANUEL URQUHART SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
jonathantam@quinnemanuel.com

*Attorneys for Defendants Purdue Pharma L.P., The Purdue Frederick Company, Inc., and Purdue Pharma, Inc.*

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, CA 94111-4788.

On April 20, 2018, I served the foregoing document described as:

**NOTICE OF APPEARANCE OF COUNSEL FOR AND ON BEHALF OF DEFENDANTS PURDUE PHARMA L.P., PURDUE PHARMA, INC., AND THE PURDUE FREDERICK COMPANY**

on counsel for the parties in this action as follows:

**SEE ATTACHED LIST**

[ ] **(BY ELECTRONIC FILING)** I electronically served the above referenced document(s) through File & ServeXpress. E-service in this action was completed on counsel for the parties listed below with File & ServiceXpress. This service complies with the Court's Local Rule 2.10 for allowance of documents to be voluntarily filed and served upon interested parties via the File & ServeXpress E-Service System.

[ ] **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the collection and processing of correspondence for delivery via Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at San Francisco, California and placed for collection and delivery following ordinary business practices.

[X] **(BY ELECTRONIC TRANSMISSION) TO REGISTERED PARTIES** I am readily familiar with the firm's practice of electronic transmission; on this date the list of the document(s) was transmitted by electronic transmission via the Firm's email system.

[ ] **(BY US MAIL)** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Quinn Emanuel Urquhart & Sullivan, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 20, 2018, in San Francisco, California.

Taheri

Sean Taheri

| | |
|---|---|
| Little Fawn Boland<br>**CEIBA LEGA, LLP**<br>35 Madrone Park Circle<br>Mill Valley, CA 94941<br>Attorneys for Plaintiff<br>littlefawn@ceibalegal.com | J. Nixon Daniel, III<br>Mary Jane Bass<br>John R. Zoesch, III<br>**BEGGS & LANE, LLP**<br>501 Commendencia Street<br>Pensacola, FL 32502<br>Attorneys for Plaintiff<br>jnd@beggslane.com<br>mjb@beggslane.com<br>jrz@beggslane.com |
| T. Roe Frazer II<br>Patrick D. McMurtray<br>Thomas Roe Frazer III<br>**FRAZER PLC**<br>1 Burton Hills Blvd., Suite 215<br>Nashville, TN 37215<br>Attorneys for Plaintiff<br>roe@frazer.law<br>patrick@frazer.law<br>trey@frazer.law | Frederick T. Kuykendall, III<br>**THE KUYKENDALL GROUP**<br>2013 First Avenue North, Suite 450<br>Birmingham, AL 35203<br>Attorneys for Plaintiff<br>ftk@thekuykendallgroup.com |
| Grant D. Amey<br>**Law Office of Grant D. Amey, LLC**<br>P.O. Box 67<br>Fairhope, AL 36533<br>Attorneys for Plaintiff<br>grantamey@grantamey.com | John D. Lombardo (Bar No. 187142)<br>S. Albert Wang (Bar No. 250163)<br>Tiffany M. Ikeda (Bar No. 280083)<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017<br>Attorneys for Defendants Endo Pharmaceuticals Inc. and Endo Health Solutions Inc.<br>John.Lombardo@arnoldporter.com<br>S.Albert.Wang@arnoldporter.com<br>Tiffany.Ikeda@arnoldporter.com |
| Clara Shin<br>Nathan Shafroth<br>**COVINGTON & BURLING LLP**<br>One Front Street, 35th Floor<br>San Francisco, CA 94111<br>Attorneys for Defendant<br>MCKESSON CORPORATION<br>cshin@cov.com<br>nshafroth@cov.com | Neema T. Sahni<br>Rebecca G. Van Tassell<br>**COVINGTON & BURLING LLP**<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067<br>Attorneys for Defendant<br>MCKESSON CORPORATION<br>nsahni@cov.com<br>rvantassell@cov.com |
| Neelum Wadhwani<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth St. NW<br>Washington, DC 20005<br>Attorneys for Defendant<br>CARDINAL HEALTH, INC.<br>nwadhwani@wc.com | Steven J. Boranian<br>**REED SMITH LLP**<br>101 Second Street<br>Suite 1800<br>San Francisco, Ca 94105<br>Attorney for Defendant<br>AMERISOURCEBERGEN CORPORATION<br>sboranian@reedsmith.com |

| | |
|---|---|
| Edward W. Swanson<br>Britt Evangelist<br>**SWANSON & MCNAMARA, LLP**<br>300 Montgomery Street<br>Suite 1100<br>San Francisco, Ca 94104<br>Attorneys for Defendant<br>CVS HEALTH CORPORATION<br>ed@smllp.law<br>britt@smllp.law | Charles J. Stevens<br>Joshua D. Dick<br>**GIBSON DUNN & CRUTCHER LLP**<br>555 Mission Street<br>San Francisco, CA 94105<br>Attorneys for Defendant<br>WALGREENS BOOTS ALLIANCE, INC.<br>CStevens@gibsondunn.com<br>JDick@gibsondunn.com |
| Christopher Lovrien<br>Claire E. Castles<br>Sarah G. Conway<br>**JONES DAY**<br>555 S. Flower St., Fiftieth Floor<br>Los Angeles, CA 90071<br>Attorneys for Defendant<br>WAL-MART STORES, INC.<br>cjlovrien@jonesday.com<br>ccastles@jonesday.com<br>sgconway@jonesday.com | Collie F. James, IV<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>600 Anton Blvd.<br>Suite 1800<br>Costa Mesa, CA 92626<br>Attorneys for Defendants<br>TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.<br>collie.james@morganlewis.com |
| Charles C. Lifland<br>**O'MELVENY & MYERS LLP**<br>400 S. Hope Street<br>Los Angeles, Ca 90071<br>Attorneys for Defendants<br>JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC., n/k/a JANSSEN PHARMACEUTICALS, INC.<br>clifland@omm.com | Rocky C. Tsai<br>Matthew Tolve<br>**ROPES & GRAY LLP**<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>Attorneys for Defendant<br>MALLINCKRODT, PLC d/b/a/ MALLINCKRODT PHARMACEUTICALS<br>Rocky.Tsai@ropesgray.com<br>Matthew.Tolve@ropsegray.com |

MORGAN, LEWIS & BOCKIUS LLP
COLLIE F. JAMES, IV, State Bar No. 192318
collie.james@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel: +1.714.830.0600
Fax: +1.714.830.0700

Attorneys for Defendants
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., WATSON LABORATORIES,
INC., ACTAVIS LLC, and ACTAVIS PHARMA, INC.

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*
**04/20/2018**
**Clerk of the Court**
BY: JUDITH NUNEZ
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CENTER POINT, INC.,
Plaintiff,

v.

MCKESSON CORPORATION; et al.,
Defendants.

Case No. CGC-18-564833

**NOTICE OF APPEARANCE OF TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, AND ACTAVIS PHARMA, INC.**

**TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that the undersigned hereby enters his appearance as counsel of record in the above-referenced action. Defendants Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. hereby advises the Court and all parties that all pleadings and other documents should be addressed to and served upon its counsel as follows:

Collie F. James, IV.
Morgan, Lewis & Bockius LLP
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Tel.: 714.830.0600
Fax: 714.830.0700
E-mail: collie.james@morganlewis.com

DATED: April 20, 2018

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Collie F. James, IV____________

Collie F. James, IV
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626
Tel.: 714.830.0600
Fax: 714.830.0700
collie.james@morganlewis.com

ATTORNEYS FOR DEFENDANTS TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, and ACTAVIS PHARMA, INC.

# PROOF OF SERVICE

*Center Point v. McKesson Corporation, et al.*
San Francisco Superior Court, Case No. CGC-18-564833

I am a resident of the State of California and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626.

On April 20, 2018, I served a copy of the within document(s):

**NOTICE OF APPEARANCE OF TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, AND ACTAVIS PHARMA, INC.**

☒ **BY ELECTRONIC FILING SERVICE (E-FILE)**: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

*See attached Service List*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on April 20, 2018, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KC Roselló

# SERVICE LIST

| | |
|---|---|
| Little Fawn Boland<br>CEIBA LEGAL, LLP<br>35 Madrone Park Circle<br>Mill Valley, CA 94941<br>Email: littlefawn@ceibalegal.com | *Attorneys for Plaintiff* |
| J. Nixon Daniel, III<br>Mary Jane Bass<br>John R. Zoesch, III<br>BEGGS & LANE, LLP<br>501 Commendencia Street<br>Pensacola, FL 32502<br>E-mail:jnd@beggslane.com<br>mjb@beggslane.com<br>jrz@bettslane.com | *Attorneys for Plaintiff* |
| T. Roe Frazer II<br>Patrick D. McMurtray<br>Thomas Roe Frazer III<br>FRAZER PLC<br>1 Burton Hills Blvd., Suite 215<br>Nashville, TN 37215<br>E-mail:roe@frazer.law<br>patrick@frazer.law<br>trey@frazer.law | *Attorneys for Plaintiff* |
| Frederick T. Kuykendall, III<br>THE KUYKENDALL GROUP<br>2013 Frist Avenue North, Suite 450<br>Birmingham, AL 35203<br>E-mail:ftk@thekuykendallgroup.com | *Attorneys for Plaintiff* |
| Grant D. Amey<br>LAW OFFICE OF GRANT D. AMEY, LLC<br>P.O. Box 67<br>Fairhope, AL 36533<br>E-mail:grantamey@grantamey.com | *Attorneys for Plaintiff* |
| Clara Shin<br>Nathan Shafroth<br>COVINGTON & BURLING LLP<br>One Front Street, 35th Floor<br>San Francisco, CA 94111<br>Email: cshin@cov.com<br>nshafroth@cov.com | *Attorneys for Defendant McKesson Corporation* |

| | |
|---|---|
| Neema T. Sahni<br>Rebecca G. Van Tassell<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Email: nsahni@cov.com<br>rvantassell@cov.com | *Attorneys for Defendant McKesson Corporation* |
| Christopher Lovrien<br>Claire E. Castles<br>Sarah G. Conway<br>JONES DAY<br>555 South Flower Street, 15th Floor<br>Los Angeles, CA 90071-2300<br>Email: cjlovrien@jonesday.com.<br>ccastles@jonesday.com<br>sgconway@jonesday.com | *Attorneys for Defendant Wal-Mart Stores, Inc.* |
| Edward W. Swanson<br>Britt Evangelist<br>SWANSON & McNAMARA, LLP<br>300 Montgomery Street, Suite 1100<br>San Francisco, CA 94104<br>E-mail:ed@smllp.law<br>britt@smllp.law | *Attorneys for Defendant CVS Health Corporation* |
| Charles J. Stevens<br>Joshua D. Dick<br>GIBSON DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105<br>E-mail:cstevens@gibsondunn.com<br>jdick@gibsondunn.com | *Attorneys for Defendant Walgreens Boots Alliance, Inc.* |
| Christopher Lovrein<br>Claire E. Castles<br>Sarah G. Conway<br>JONES DAY<br>555 S. Flower St., Fiftieth Floor<br>Los Angeles, CA 90071<br>E-mail:cjlovrien@jonesday.com<br>ccastles@jonesday.com<br>sgconway@jonesday.com | *Attorneys for Defendant Wal-Mart Stores, Inc.* |
| Jonathan S. Tam<br>QUINN EMANUEL URQUHART SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>E-mail:jonathantam@quinnemanuel.com | *Attorneys for Defendants Purdue Pharma L.P., The Purdue Frederick Company, Inc., Purdue Pharma, Inc.* |

Rocky C. Tsai
Matthey Tolve
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111
E-mail:rocky.tsai@ropesgray.com
matthew.tolve@ropesgray.com

*Attorneys for Defendant Mallinckrodt, PLC d/b/a Mallinckrodt Pharmaceuticals*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
E-mail:clifland@omm.com

*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica Inc., n/k/a Janssen Pharmaceuticals, Inc.*

John D. Lombardo
S. Albert Wang
Tiffany M. Ikeda
ARNOLD & PORTER KAY SHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: +1. 213.243.4000
Fax: +1.213.243.4199
Email: john.lombardo@arnoldporter.com
s.albert.wang@arnoldporter.com
tiffany.ikeda@arnoldporter.com

*Attorneys for Defendant Endo Pharmaceuticals Inc. and Endo Health Solutions Inc.*

Ashley Neglia (State Bar No. 298924)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8114
Facsimile: (213) 680-8500
Email: ashley.neglia@kirkland.com

Attorney for Defendant
Allergan Finance LLC (f/k/a
Actavis, Inc. f/k/a/ Watson Pharmaceuticals,
Inc.)

ELECTRONICALLY
FILED
Superior Court of California,
County of San Francisco
04/25/2018
Clerk of the Court
BY: DAVID YUEN
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CENTER POINT, INC.,<br>Plaintiff,<br>v.<br>MCKESSON CORPORATION, et al.,<br>Defendants. | Case No. CGC-18-564833<br>**NOTICE OF APPEARANCE OF ASHLEY NEGLIA**<br>Complaint filed: March 6, 2018 |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Allergan Finance LLC (f/k/a Actavis, Inc. f/k/a/ Watson Pharmaceuticals, Inc.) hereby submits this notice of appearance by and through the below-listed counsel:

Ashley Neglia (State Bar No. 298924)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8114
Facsimile: (213) 680-8500
Email: ashley.neglia@kirkland.com

In making this special appearance, Defendant expressly reserves all rights, defenses, affirmative defenses, and objections, including without limitation as to lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue.

Dated: April 25, 2018

KIRKLAND & ELLIS LLP

By: /s/ Ashley Neglia
Ashley Neglia

Attorney for Defendant Allergan Finance LLC (f/k/a Actavis, Inc. f/k/a/ Watson Pharmaceuticals, Inc.)

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is 333 Hope Street, Los Angeles, CA 90071. My email address is ashley.neglia@kirkland.com.

On April 25, 2018, I caused to be served the following document:

**NOTICE OF APPEARANCE OF ASHLEY NEGLIA**

by transmitting via e-mail or electronic transmission the document listed above to the persons at the email addresses set forth in the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 25, 2018 in Los Angeles, California.

Ashley Neglia

**SERVICE LIST**

| | |
|---|---|
| Little Fawn Boland<br>CEIBA LEGAL, LLP<br>35 Madrone Park Circle<br>Mill Valley, CA 94941<br>Telephone: (415) 684-7670 ext. 101<br>Facsimile: (415) 684-7273<br>littlefawn@ceibalegal.com<br><br>Attorney for Plaintiff | J. Nixon Daniel, III<br>Mary Jane Bass<br>John R. Zoesch, III<br>BEGGS & LANE, RLLP<br>501 Commendencia Street<br>Pensacola, FL 32502<br>Telephone: (850) 432-2451<br>jnd@beggslane.com<br>mjb@beggslane.com<br>jrz@beggslane.com<br><br>Attorneys for Plaintiff |
| T. Roe Frazer II<br>Patrick D. McMurtray<br>Thomas Roe Frazer III<br>FRAZER PLC<br>1 Burton Hills Blvd., Suite 215<br>Nashville, TV 37215<br>Telephone: (615) 647-6464<br>roe@frazer.law<br>patrick@frazer.law<br>trey@frazer.law<br><br>Attorneys for Plaintiff | Frederick T. Kuykendall, III<br>THE KUYKENDALL GROUP<br>2013 First Avenue North, Suite 450<br>Birmingham, AL 35203<br>Telephone: (205) 252-6127<br>ftk@thekuykendallgroup.com<br><br>Attorney for Plaintiff |
| Grant D. Amey<br>LAW OFFICE OF GRANT D. AMEY, LLC<br>P.O. Box 67<br>Fairhope, AL 36533<br>Telephone: (251) 716-0317<br>grantamey@grantamey.com<br><br>Attorneys for Plaintiff | Neema T. Sahni<br>Rebecca G. Van Tassell<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: + 1 424-332-4800<br>Facsimile: + 1 424-332-4749<br>nsahni@cov.com<br>rvantassell@cov.com<br><br>Attorneys for Defendant<br>MCKESSON CORPORATION |

| | |
|---|---|
| Clara Shin<br>Nathan Shafroth<br>COVINGTON & BURLING LLP<br>One Front Street, 35th Floor<br>San Francisco, California 94111-5356<br>Telephone: + 1 (415) 591-6000<br>Facsimile: + 1 (415) 591-6091<br>cshin@cov.com<br>nshafroth@cov.com<br><br>Attorneys for Defendant<br>MCKESSON CORPORATION | Steven J. Boranian<br>REED SMITH LLP<br>101 Second Street<br>Suite 1800<br>San Francisco, CA 94105-3659<br>T: 415.543.8700<br>F: 415.391.8269<br>sboranian@reedsmith.com<br><br>Attorney for Defendant<br>AMERISOURCEBERGEN CORPORATION |
| Edward W. Swanson<br>Britt Evangelist<br>SWANSON & McNAMARA, LLP<br>300 Montgomery Street<br>Suite 1100<br>San Francisco, CA 94104<br>T: 415.477.3800<br>F: 415.477.9010<br>ed@smllp.law<br>britt@smllp.law<br><br>Attorneys for Defendant<br>CVS HEALTH CORPORATION | Charles J. Stevens<br>Joshua D. Dick<br>GIBSON DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105-0921<br>T: 415.393.8200<br>F: 415.374.8469<br>CStevens@gibsondunn.com<br>JDick@gibsondunn.com<br><br>Attorneys for Defendant<br>WALGREENS BOOTS ALLIANCE, INC. |
| Christopher Lovrien<br>Claire E. Castles<br>Sarah G. Conway<br>JONES DAY<br>555 S. Flower St., Fiftieth Floor<br>Los Angeles, CA 90071-2452<br>T: 213.489.3939<br>F: 213.243.2539<br>cjlovrien@jonesday.com<br>ccastles@jonesday.com<br>sgconway@jonesday.com<br><br>Attorneys for Defendant<br>WAL-MART STORES, INC. | Jonathan S. Tam<br>QUINN EMANUEL URQUHART SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>T: 415.875.6600<br>F: 415.875.6700<br>jonathantam@quinnemanuel.com<br><br>Attorney for Defendants PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, INC., PURDUE PHARMA, INC. |

| | |
|---|---|
| Collie F. James, IV<br>MORGAN, LEWIS & BOCKIUS LLP<br>600 Anton Blvd.<br>Suite 1800<br>Costa Mesa, CA 92626<br>T: 949.399.7000<br>F: 949.399.7001<br>collie.james@morganlewis.com<br><br>Attorneys for Defendants<br>TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC. | Charles C. Lifland<br>O'MELVENY & MYERS LLP<br>400 S Hope Street<br>Los Angeles, CA 90071<br>T: 213.430.6000<br>F: 213.430.6407<br>clifland@omm.com<br><br>Attorneys for Defendants<br>JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; and JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC. |
| Neelum Wadhwani<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth St. NW<br>Washington, DC 20005<br>T: 202.434.5000<br>F: 202.434.5029<br>nwadhwani@wc.com<br><br>Attorney for Defendant<br>CARDINAL HEALTH, INC. | Rocky C. Tsai<br>Matthew Tolve<br>ROPES & GRAY LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4006<br>T: 415.315.6300<br>F: 415.315.6350<br>Rocky.Tsai@ropesgray.com<br>Matthew.Tolve@ropesgray.com<br><br>Attorneys for Defendant<br>MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS |
| John D. Lombardo<br>S. Albert Wang<br>Tiffany M. Ikeda<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017<br>T: 213.243.4000<br>F: 213.243.4199<br>John.Lombardo@arnoldporter.com<br>S.Albert.Wang@arnoldporter.com<br>Tiffany.Ikeda@arnoldporter.com<br><br>Attorneys for Defendants<br>ENDO PHARMACEUTICALS INC. AND ENDO HEALTH SOLUTIONS INC. | |

Neelum J. Wadhwani (Bar No. 247948)
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
T: 202.434.5000
F: 202.434.5029
nwadhwani@wc.com
Attorney for Defendant
CARDINAL HEALTH, INC.

ELECTRONICALLY
FILED
*Superior Court of California, County of San Francisco*
**04/26/2018**
Clerk of the Court
BY: JUDITH NUNEZ
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

CENTER POINT, INC.,

Plaintiff,

vs.

MCKESSON CORPORATION, et al.,

Defendants.

Case No.: CGC-18-564833

**NOTICE OF APPEARANCE OF NEELUM J. WADHWANI**

**TO THE CLERK OF THE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Neelum J. Wadhwani of Williams & Connolly LLP hereby appears in this action as counsel of record for Defendant Cardinal Health, Inc. Please serve all papers, pleadings, correspondence and other documents associated with this action on the undersigned attorney as follows:

Neelum J. Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
nwadhwani@wc.com

Respectfully submitted,

DATED: April 19, 2018

WILLIAMS & CONNOLLY LLP

By: */s/ Neelum J. Wadhwani*
Neelum J. Wadhwani (Bar No. 247948)
725 Twelfth St. NW
Washington, DC 20005
T: 202.434.5000
F: 202.434.5029
nwadhwani@wc.com
Attorney for Defendant
CARDINAL HEALTH, INC.

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is 725 Twelfth St. NW, Washington, DC 20005. My email address is nwadhwani@wc.com.

On April 19, 2018, I served the following document:

**NOTICE OF APPEARANCE OF NEELUM J. WADHWANI**

by transmitting via e-mail or electronic transmission the document listed above to the persons at the email addresses set forth in the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 26, 2018 in Washington, District of Columbia.

Neelum J. Wadhwani

# SERVICE LIST

| | |
|---|---|
| Little Fawn Boland<br>CEIBA LEGAL, LLP<br>35 Madrone Park Circle<br>Mill Valley, CA 94941<br>Telephone: (415) 684-7670 ext. 101<br>Facsimile: (415) 684-7273<br>littlefawn@ceibalegal.com<br><br>Attorney for Plaintiff | J. Nixon Daniel, III<br>Mary Jane Bass<br>John R. Zoesch, III<br>BEGGS & LANE, RLLP<br>501 Commendencia Street<br>Pensacola, FL 32502<br>Telephone: (850) 432-2451<br>jnd@beggslane.com<br>mjb@beggslane.com<br>jrz@beggslane.com<br><br>Attorneys for Plaintiff |
| T. Roe Frazer II<br>Patrick D. McMurtray<br>Thomas Roe Frazer III<br>FRAZER PLC<br>1 Burton Hills Blvd., Suite 215<br>Nashville, TV 37215<br>Telephone: (615) 647-6464<br>roe@frazer.law<br>patrick@frazer.law<br>trey@frazer.law<br><br>Attorneys for Plaintiff | Frederick T. Kuykendall, III<br>THE KUYKENDALL GROUP<br>2013 First Avenue North, Suite 450<br>Birmingham, AL 35203<br>Telephone: (205) 252-6127<br>ftk@thekuykendallgroup.com<br><br>Attorney for Plaintiff |
| Grant D. Amey<br>LAW OFFICE OF GRANT D. AMEY, LLC<br>P.O. Box 67<br>Fairhope, AL 36533<br>Telephone: (251) 716-0317<br>grantamey@grantamey.com<br><br>Attorneys for Plaintiff | Neema T. Sahni<br>Rebecca G. Van Tassell<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: + 1 424-332-4800<br>Facsimile: + 1 424-332-4749<br>nsashni@cov.com<br>rvantassell@cov.com<br><br>Attorneys for Defendant<br>MCKESSON CORPORATION |

| | |
|---|---|
| Clara Shin<br>Nathan Shafroth<br>COVINGTON & BURLING LLP<br>One Front Street, 35th Floor<br>San Francisco, California 94111-5356<br>Telephone: + 1 (415) 591-6000<br>Facsimile: + 1 (415) 591-6091<br>cshin@cov.com<br>nshafroth@cov.com<br><br>Attorneys for Defendant<br>MCKESSON CORPORATION | Steven J. Boranian<br>REED SMITH LLP<br>101 Second Street<br>Suite 1800<br>San Francisco, CA 94105-3659<br>T: 415.543.8700<br>F: 415.391.8269<br>sboranian@reedsmith.com<br><br>Attorney for Defendant<br>AMERISOURCEBERGEN CORPORATION |
| Edward W. Swanson<br>Britt Evangelist<br>SWANSON & McNAMARA, LLP<br>300 Montgomery Street<br>Suite 1100<br>San Francisco, CA 94104<br>T: 415.477.3800<br>F: 415.477.9010<br>ed@smllp.law<br>britt@smllp.law<br><br>Attorneys for Defendant<br>CVS HEALTH CORPORATION | Charles J. Stevens<br>Joshua D. Dick<br>GIBSON DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105-0921<br>T: 415.393.8200<br>F: 415.374.8469<br>CStevens@gibsondunn.com<br>JDick@gibsondunn.com<br><br>Attorneys for Defendant<br>WALGREENS BOOTS ALLIANCE, INC. |
| Christopher Lovrien<br>Claire E. Castles<br>Sarah G. Conway<br>JONES DAY<br>555 S. Flower St., Fiftieth Floor<br>Los Angeles, CA 90071-2452<br>T: 213.489.3939<br>F: 213.243.2539<br>cjlovrien@jonesday.com<br>ccastles@jonesday.com<br>sgconway@jonesday.com<br><br>Attorneys for Defendant<br>WAL-MART STORES, INC. | Jonathan S. Tam<br>QUINN EMANUEL URQUHART SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>T: 415.875.6600<br>F: 415.875.6700<br>jonathantam@quinnemanuel.com<br><br>Attorney for Defendants PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, INC., PURDUE PHARMA, INC. |

| | |
|---|---|
| Collie F. James, IV<br>MORGAN, LEWIS & BOCKIUS LLP<br>600 Anton Blvd.<br>Suite 1800<br>Costa Mesa, CA 92626<br>T: 949.399.7000<br>F: 949.399.7001<br>collie.james@morganlewis.com<br><br>Attorneys for Defendants<br>TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC. | Charles C. Lifland<br>O'MELVENY & MYERS LLP<br>400 S Hope Street<br>Los Angeles, CA 90071<br>T: 213.430.6000<br>F: 213.430.6407<br>clifland@omm.com<br><br>Attorneys for Defendants<br>JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; and JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC. |
| John D. Lombardo<br>S. Albert Wang<br>Tiffany M. Ikeda<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017<br>T: 213.243.4000<br>F: 213.243.4199<br>John.Lombardo@arnoldporter.com<br>S.Albert.Wang@arnoldporter.com<br>Tiffany.Ikeda@arnoldporter.com<br><br>Attorneys for Defendants<br>ENDO PHARMACEUTICALS INC. AND ENDO HEALTH SOLUTIONS INC. | Rocky C. Tsai<br>Matthew Tolve<br>ROPES & GRAY LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4006<br>T: 415.315.6300<br>F: 415.315.6350<br>Rocky.Tsai@ropesgray.com<br>Matthew.Tolve@ropesgray.com<br><br>Attorneys for Defendant<br>MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS |

Clara Shin (Bar No. 214809)
cshin@cov.com
Nathan Shafroth (Bar No. 232505)
nshafroth@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Neema T. Sahni (Bar No. 274240)
nsashni@cov.com
Rebecca G. Van Tassell (Bar No. 310909)
rvantassell@cov.com
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

Attorneys for Defendant
MCKESSON CORPORATION

*Additional counsel listed on signature page.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

CENTER POINT, INC.

Plaintiff,

vs.

MCKESSON CORPORATION;
CARDINAL HEALTH, INC.;
AMERISOURCEBERGEN CORPORATION;
CVS HEALTH CORPORATION;
WALGREENS BOOTS ALLIANCE, INC.;
WAL-MART STORES, INC.;
PURDUE PHARMA L.P.;
PURDUE PHARMA, INC.;
THE PURDUE FREDERICK COMPANY, INC.;
TEVA PHARMACEUTICAL INDUSTRIES, LTD.;

Case No.: CGC-18-564833

**JOINT STIPULATION AND REQUEST TO EXTEND TIME TO FILE RESPONSES TO PLAINTIFF'S COMPLAINT; [PROPOSED] ORDER**

TEVA PHARMACEUTICALS USA, INC.;

CEPHALON, INC.;

JOHNSON & JOHNSON;

JANSSEN PHARMACEUTICALS, INC.;

ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.;

JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.;

ENDO PHARMACEUTICALS, INC.;

ALLERGAN PLC f/k/a ACTAVIS PLC;

WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.;

WATSON LABORATORIES, INC.;

ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.;

MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS,

DOES 1 THROUGH 100, INCLUSIVE,

Defendants.

**JOINT STIPULATION AND REQUEST TO EXTEND TIME TO FILE RESPONSES TO PLAINTIFF'S COMPLAINT**

WHEREAS, the parties have conferred and agreed as to the below-signed Defendants' deadline to respond to Plaintiff's Complaint in the above-captioned action;

WHEREAS, the parties have agreed that the below-signed Defendants' deadline to respond to Plaintiff's Complaint, whether by pleading or motion, shall be extended to June 1, 2018;

WHEREAS, the parties have agreed that by this stipulation, the below-signed Defendants waive any arguments with regard to technical sufficiency of service of process.[1] However, this stipulation shall not operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any other right, defense, affirmative defense, or objection, including lack of subject matter jurisdiction, lack of personal jurisdiction, or improper venue. This agreement is applicable to the above-captioned cases only and shall not operate to waive any arguments regarding service of process in any other cases;

THEREFORE, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the following, and respectfully request that the Court enter this stipulation as an order:

The below-signed Defendants shall be granted an extension of time to respond to Plaintiff's Complaint until June 1, 2018. The below-signed Defendants shall file their responses to the Complaint on or before such date.

[1] PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, INC., and PURDUE PHARMA, INC. are accepting service of process effective the date of the signing of this stipulation by their representative; this acceptance of service does not constitute an admission, nor does it constitute a waiver of any other rights, defenses, affirmative defenses, or objections.

DATED: April 13, 2018

**CEIBA LEGAL**

By: */s/ Little Fawn Boland*__________
Little Fawn Boland (Bar No. 240181)
35 Madrone Park Circle
Mill Valley, CA 94941
T: 415.684.7670
littlefawn@ceibalegal.com
Attorneys for Plaintiff

DATED: April 13, 2018

**COVINGTON & BURLING, LLP**

By: */s/ Clara Shin*________________
Clara Shin
Attorneys for Defendant
MCKESSON CORPORATION

DATED: April 13, 2018

**WILLIAMS & CONNOLLY LLP**

By: */s/ Neelum Wadhwani*__________
Neelum Wadhwani (Bar No. 247948)
725 Twelfth St. NW
Washington, DC 20005
T: 202.434.5000
F: 202.434.5029
nwadhwani@wc.com
Attorneys for Defendant
CARDINAL HEALTH, INC.

DATED: April 13, 2018

**REED SMITH LLP**

By: */s/ Steven J. Boranian*_________
Steven J. Boranian (Bar No. 174183)
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
T: 415.543.8700
F: 415.391.8269
sboranian@reedsmith.com
Attorney for Defendant
AMERISOURCEBERGEN CORPORATION[2]

---

[2] By joining in this Stipulation, AmerisourceBergen Corporation does not concede that it is a proper party to this action, and it is not.

DATED: April 13, 2018

**SWANSON & McNAMARA, LLP**

By: _/s/ Edward W. Swanson_
Edward W. Swanson (Bar No. 159859)
Britt Evangelist (Bar No. 260457)
300 Montgomery Street
Suite 1100
San Francisco, CA 94104
T: 415.477.3800
F: 415.477.9010
ed@smllp.law
britt@smllp.law
Attorneys for Defendant
CVS HEALTH CORPORATION

DATED: April 13, 2018

**GIBSON DUNN & CRUTCHER LLP**

By: _/s/ Charles J. Stevens_
Charles J. Stevens (Bar No. 10698)
Joshua D. Dick (Bar No. 268853)
GIBSON DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
T: 415.393.8200
F: 415.374.8469
CStevens@gibsondunn.com
JDick@gibsondunn.com
Attorneys for Defendant
WALGREENS BOOTS ALLIANCE, INC.

DATED: April 13, 2018

**JONES DAY**

By: _/s/ Christopher Lovrien_
Christopher Lovrien (Bar No. 230546)
Claire E. Castles (Bar No. 233001)
Sarah G. Conway (Bar No. 261414)
555 S. Flower St., Fiftieth Floor
Los Angeles, CA 90071-2452
T: 213.489.3939
F: 213.243.2539
cjlovrien@jonesday.com
ccastles@jonesday.com
sgconway@jonesday.com
Attorneys for Defendant
WAL-MART STORES, INC.

DATED: April 13, 2018

**QUINN EMANUEL URQUHART SULLIVAN, LLP**

By: */s/ Jonathan S. Tam*___________
Jonathan S. Tam (Bar No. 304143)
50 California Street, 22nd Floor
San Francisco, CA 94111
T: 415.875.6600
F: 415.875.6700
jonathantam@quinnemanuel.com
Attorney for Defendants PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, INC., PURDUE PHARMA, INC.

DATED: April 13, 2018

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Collie F. James*___________
Collie F. James, IV (Bar No. 192318)
600 Anton Blvd.
Suite 1800
Costa Mesa, CA 92626
T: 949.399.7000
F: 949.399.7001
collie.james@morganlewis.com
Attorneys for Defendants
TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.

DATED: April 13, 2018

**O'MELVENY & MYERS LLP**

By: */s/ Charles C. Lifland*__________
Charles C. Lifland (Bar No. 108950)
400 S Hope Street
Los Angeles, CA 90071
T: 213.430.6000
F: 213.430.6407
clifland@omm.com
Attorneys for Defendants
JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; and JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.

DATED: April 13, 2018

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ John D. Lombardo*

John D. Lombardo (Bar No. 187142)
S. Albert Wang (Bar No. 250163)
Tiffany M. Ikeda (Bar No. 280083)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: 213.243.4000
F: 213.243.4199
John.Lombardo@arnoldporter.com
S.Albert.Wang@arnoldporter.com
Tiffany.Ikeda@arnoldporter.com
Attorneys for Defendants
ENDO PHARMACEUTICALS INC. AND
ENDO HEALTH SOLUTIONS INC.

DATED: April 24, 2018

**KIRKLAND & ELLIS LLP**

By: */s/ Timothy W. Knapp*__________
Ashley Neglia (State Bar No. 298924)
333 South Hope Street
Los Angeles, CA 90071
T: 213.680.8114
F: 213.680.8500
ashley.neglia@kirkland.com

Jennifer G. Levy, P.C. (admitted pro hac vice)
655 Fifteenth Street, N.W.
Washington, D.C. 20005
T: 202.879.5000
F: 202.879.5200
jennifer.levy@kirkland.com

Donna Welch, P.C. (admitted pro hac vice)
Martin L. Roth (admitted pro hac vice)
Timothy W. Knapp (admitted pro hac vice)
300 North LaSalle, Chicago, IL 60654
T: 312.862.2000
F: 312.862.2200
donna.welch@kirkland.com
rothm@kirkland.com
tknapp@kirkland.com

Attorneys for Defendants
ALLERGAN FINANCE, LLC f/k/a ACTAVIS, INC. f/k/a/ WATSON PHARMACEUTICALS, INC.

**[PROPOSED] ORDER**

Pursuant to the foregoing stipulation of the parties, and for good cause shown, the Court hereby grants the parties' request for an extension of time for the signatory Defendants to respond to Plaintiff's Complaint, whether by motion or pleading. The signatory Defendants shall file their responses to the Complaint no later than Friday, June 1, 2018.

**IT IS SO ORDERED.**

DATED: ____________________ ___________________________________

Hon. _______________________________

Clara Shin (Bar No. 214809)
cshin@cov.com
Nathan Shafroth (Bar No. 232505)
nshafroth@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Neema T. Sahni (Bar No. 274240)
nsashni@cov.com
Rebecca G. Van Tassell (Bar No. 310909)
rvantassell@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

Attorneys for Defendant
MCKESSON CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CENTER POINT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>Defendants. | Civil Case No.: CGC-18-564833<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

*Center Point, Inc. v. McKesson Corp., et al.,*
*San Francisco Superior Court, Case No. CGC-18-564833*

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within entitled action. I am employee of Covington & Burling, LLP, and my business address is One Front Street, San Francisco, CA 94111.

On April 24, 2018, I served the following document(s):

**JOINT STIPULATION AND REQUEST TO EXTEND TIME TO FILE RESPONSES TO PLAINTIFF'S COMPLAINT; [PROPOSED] ORDER**

on the following persons in this action, by email, a copy of which is attached, as required via L.R. 2.11(P).

Little Fawn Boland (Bar No. 240181)
CEIBA LEGAL, LLP
35 Madrone Park Circle
Mill Valley, CA 94941
T: 415.684.7670
F: 415.684.7273
littlefawn@ceibalegal.com

T. Roe Frazer II
Patrick D. McMurtray
Thomas Roe Frazer III
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215
T: 615.647.6464
roe@frazer.law
patrick@frazer.law
trey@frazer.law

J. Nixon Daniel, III
Mary Jane Bass
John R. Zoesch, III
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
T: 850.432.2451
jnd@beggslane.com
mjb@beggslane.com
jrz@beggslane.com

Frederick T. Kuykendall, III
THE KUYKENDALL GROUP
2013 1st Avenue North, Suite 450
Birmingham, AL 35203
T: 205.252.6127
ftk@thekuykendallgroup.com

Grant D. Amey
Law Office of Grant D. Amey, LLC
P.O. Box 67
Fairhope, AL 36533
T: 251.716.0317
grantamey@grantamey.com

***Attorneys For Plaintiff***
***Center Point, Inc***

Neelum Wadhwani (Bar No. 247948)
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
T: 202.434.5000
F: 202.434.5029
nwadhwani@wc.com
***Attorneys for Defendant***
***CARDINAL HEALTH, INC.***

Steven J. Boranian (Bar No. 174183)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
T: 415.543.8700
F: 415.391.8269
sboranian@reedsmith.com
***Attorney for Defendant AMERISOURCEBERGEN CORPORATION***

Edward W. Swanson (Bar No. 159859)
Britt Evangelist (Bar No. 260457)
SWANSON & McNAMARA, LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
T: 415.477.3800
F: 415.477.9010
ed@smllp.law
britt@smllp.law
***Attorneys for Defendant CVS HEALTH CORPORATION***

Charles J. Stevens (Bar No. 10698)
Joshua D. Dick (Bar No. 268853)
GIBSON DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
T: 415.393.8200
F: 415.374.8469
CStevens@gibsondunn.com
JDick@gibsondunn.com
***Attorneys for Defendant WALGREENS BOOTS ALLIANCE, INC.***

Christopher Lovrien (Bar No. 230546)
Claire E. Castles (Bar No. 233001)
Sarah G. Conway (Bar No. 261414)
JONES DAY
555 S. Flower St., Fiftieth Floor
Los Angeles, CA 90071-2452
T: 213.489.3939
F: 213.243.2539
cjlovrien@jonesday.com
ccastles@jonesday.com
sgconway@jonesday.com
***Attorneys for Defendant WAL-MART STORES, INC.***

Jonathan S. Tam (Bar No. 304143)
QUINN EMANUEL URQUHART SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
T: 415.875.6600
F: 415.875.6700
jonathantam@quinnemanuel.com
***Attorney for Defendants PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, INC., PURDUE PHARMA, INC.***

Collie F. James, IV (Bar No. 192318)
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
T: 949.399.7000
F: 949.399.7001
collie.james@morganlewis.com
***Attorneys for Defendants TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.***

Charles C. Lifland (Bar No. 108950)
O'MELVENY & MYERS LLP
400 S Hope Street
Los Angeles, CA 90071
T: 213.430.6000
F: 213.430.6407
clifland@omm.com
***Attorneys for Defendants***
***JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; and JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.***

John D. Lombardo (Bar No. 187142)
S. Albert Wang (Bar No. 250163)
Tiffany M. Ikeda (Bar No. 280083)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: 213.243.4000
F: 213.243.4199
John.Lombardo@arnoldporter.com
S.Albert.Wang@arnoldporter.com
Tiffany.Ikeda@arnoldporter.com
***Attorneys for Defendants***
***ENDO PHARMACEUTICALS INC. AND ENDO HEALTH SOLUTIONS INC.***

Ashley Neglia (State Bar No. 298924)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
T: 213.680.8114
F: 213.680.8500
ashley.neglia@kirkland.com

Jennifer G. Levy, P.C. (admitted pro hac vice)
655 Fifteenth Street, N.W.
Washington, D.C. 20005
T: 202.879.5000
F: 202.879.5200
jennifer.levy@kirkland.com

Donna Welch, P.C. (admitted pro hac vice)
Martin L. Roth (admitted pro hac vice)
Timothy W. Knapp (admitted pro hac vice)
300 North LaSalle, Chicago, IL 60654
T: 312.862.2000
F: 312.862.2200
donna.welch@kirkland.com
rothm@kirkland.com
tknapp@kirkland.com

***Attorneys for Defendants***
***ALLERGAN FINANCE, LLC f/k/a ACTAVIS, INC. f/k/a/ WATSON PHARMACEUTICALS, INC.***

Rocky C. Tsai (State Bar No. 221452)
Matthew Tolve (State Bar No. 267334)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
T: 415.315.6300
F: 415.315.6350
Rocky.Tsai@ropesgray.com
Matthew.Tolve@ropesgray.com
***Attorney for Defendant***
***MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS***

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 24, 2018, at San Francisco, California.

Katia Tsvetkova

## Tsvetkova, Katia

**From:** Tsvetkova, Katia
**Sent:** Tuesday, April 24, 2018 20:53
**To:** 'littlefawn@ceibalegal.com'; 'roe@frazer.law'; 'patrick@frazer.law'; 'trey@frazer.law'; 'jnd@beggslane.com'; 'mjb@beggslane.com'; 'jrz@beggslane.com'; 'ftk@thekuykendallgroup.com'; 'grantamey@grantamey.com'; 'nwadhwani@wc.com'; 'sboranian@reedsmith.com'; 'ed@smllp.law'; 'britt@smllp.law'; 'CStevens@gibsondunn.com'; 'JDick@gibsondunn.com'; 'jonathantam@quinnemanuel.com'; 'cjlovrien@jonesday.com'; 'ccastles@jonesday.com'; 'sgconway@jonesday.com'; 'collie.james@morganlewis.com'; 'clifland@omm.com'; 'John.Lombardo@arnoldporter.com'; 'S.Albert.Wang@arnoldporter.com'; 'Tiffany.Ikeda@arnoldporter.com'; 'ashley.neglia@kirkland.com'; 'jennifer.levy@kirkland.com'; 'donna.welch@kirkland.com'; 'rothm@kirkland.com'; 'tknapp@kirkland.com'; 'Rocky.Tsai@ropesgray.com'; 'Matthew.Tolve@ropesgray.com'
**Cc:** Van Tassell, Rebecca G; Shafroth, Nathan
**Subject:** Service of JOINT STIPULATION AND REQUEST TO EXTEND TIME TO FILE RESPONSES TO PLAINTIFF'S COMPLAINT; [PROPOSED] ORDER
**Attachments:** Stipulations with Proposed Orders and POS.zip

Dear Counsel,

As required per San Francisco Superior Local Rule 2.11, I am e-serving the attached JOINT STIPULATIONS AND REQUEST TO EXTEND TIME TO FILE RESPONSES TO PLAINTIFF'S COMPLAINT; [PROPOSED] ORDER in the below matters. Included in the zip file are the proofs of service to each Joint Stipulation.

CGC-18-564736
CGC-18-564282
CGC-18-564833
CGC-18-564743
CGC-18-563933
CGC-18-564281
CGC-18-564491
CGC-18-564489
CGC-18-564739
CGC-18-564741
CGC-18-564490

Please let me know if you have any questions. A hard copy of these stipulations will not follow.

Thank you,

**Katia Tsvetkova**
CA Litigation Paralegal

Covington & Burling LLP
One Front Street, San Francisco, CA 94111-5356
T +1 415 955 6897 | ktsvetkova@cov.com
www.cov.com

COVINGTON